No. 23-60069

# In the United States Court of Appeals for the Fifth Circuit

State of Texas; Texas Commission on Environmental Quality; Luminant Generation Company, L.L.C.; Coleto Creek Power, L.L.C.; Ennis Power Company, L.L.C.; Hays Energy, L.L.C.; Midlothian Energy, L.L.C.; Oak Grove Management Company, L.L.C.; Wise County Power Company, L.L.C.; Association of Electric Companies of Texas; BCCA Appeal Group; Texas Chemical Council; Texas Oil & Gas Association; Public Utility Commission of Texas; Railroad Commission of Texas; State of Mississippi; Mississippi Department of Environmental Quality; Mississippi Power Company; State of Louisiana; Louisiana Department of Environmental Quality,

*Petitioners*,

*v.*

United States Environmental Protection Agency; Michael S. Regan, Administrator, United States Environmental Protection Agency,

*Respondents.*

**TEXAS PETITIONERS' JOINT RESPONSE IN OPPOSITION TO RESPONDENTS' MOTION TO STAY THE FILING OF THE CERTIFIED RECORD INDEX**

In a case before the Court on a petition for review of an agency order, Federal Rule of Appellate Procedure 17(a) requires the agency to file the record 40 days after being served with a petition for review. Here, that means respondents ("EPA," collectively) must file the record on March 27, 2023. *See* Doc. No. 1-2. EPA seeks an

extension of that deadline until 30 days after the Court decides the agency's pending motion to transfer venue or dismiss the petitions for review. EPA Mot. 1. But it provides almost no support for that request. Because EPA has failed to meet its burden, the Texas petitioners (the State of Texas, Texas Commission on Environmental Quality, Public Utility Commission of Texas, Railroad Commission of Texas, Luminant Generation Company LLC, Coleto Creek Power, LLC, Ennis Power Company, LLC, Hays Energy, LLC, Midlothian Energy, LLC, Oak Grove Management Company LLC, Wise County Power Company, LLC, Association of Electric Companies of Texas, BCCA Appeals Group, Texas Chemical Council, and Texas Oil & Gas Association) respectfully request that EPA's motion be denied.

## Argument

**A.** In large part, EPA's motion just recites procedural history. *See id.* at 1-3. Its request for relief is based entirely on an expressed desire to "conserve judicial resources and the resources of all the parties." *Id.* at 3. But EPA offers no credible support for either of those points.

On the first point, EPA does not explain how granting its motion would conserve this or any other court's resources. If anything, having an index of the administrative record on file would facilitate judicial review of the pending motions, giving the Court access to the official list of all parts of the administrative record that it might wish to consult in connection with those motions.

On the second point, EPA does not identify any party resources, other than its own, that would be conserved if its motion were granted. And as to its own resources, EPA does not explain why timely filing an index of the contents of its own record—

a document that presumably already exists or could be assembled in short order, and that in all events will have to be prepared and filed at some point—would require any meaningful expenditure of agency resources.

Although Rule 17(b)(1)(A) alternatively allows EPA to file "the original or a certified copy of the entire record or parts designated by the parties," rather than just an index, EPA does not suggest that it would do so here, in departure from its standard practice of filing only an index. And to the extent EPA may feel burdened by having to file two documents on a single day, *see* Mot. 3 (noting that March 27 is the deadline for both "the filing of the certified index . . . and EPA's response to the stay motions"), that is a problem of its own creation, as EPA requested and obtained an extension to March 27 for its consolidated response to the stay motions. *See* Doc. Nos. 34, 39.

**B.** The only other part of EPA's motion that could be considered argument in support of its requested relief is its observation that, in a similar case, the Tenth Circuit provided an extension of time to file the record index. *Id.* at 3. But the Court issued that directive on its own motion and in accordance with circuit rules pertaining to court-required mediations, *see* 10th Cir. R. 33.1, and the Court granted lesser relief than what EPA seeks here. *See* Letter, *Utah v. EPA*, No. 23-9509, ECF Doc. No. 10982895 (10th Cir. Mar. 13, 2023) (granting EPA a 30-day extension from the original record-index due date, as opposed to an extension of indefinite length tied to a future ruling of the Court, *see* Mot. 4). In any event, just because another court has seen fit to grant EPA an extension in another case provides no basis for this Court to grant EPA an extension in this case.

**C.** Finally, to the extent EPA's motion is based on a view that the agency will prevail on its separate motion to transfer venue or dismiss the petitions for review, EPA is mistaken. For the reasons the Texas petitioners will explain by Monday of next week in response to that motion, the motion to transfer should be denied because venue is proper in this Court, not the D.C. Circuit, and dismissal would not in any circumstances be appropriate. In any event, any effort by EPA to base its present request for an extension on its substantive argument in support of a D.C. Circuit venue, which the Court has of course not yet evaluated, is premature.

## Conclusion

The Court should deny EPA's motion to stay the filing of the certified index to the administrative record until 30 days after the Court resolves EPA's motion to transfer venue or dismiss the petitions for review.

Respectfully submitted.

| | |
|---|---|
| Ken Paxton<br>Attorney General of Texas | Judd E. Stone II<br>Solicitor General |
| Brent Webster<br>First Assistant Attorney General | /s/ Bill Davis<br>Bill Davis<br>Deputy Solicitor General<br>Bill.Davis@oag.texas.gov |
| Office of the Attorney General<br>P.O. Box 12548 (MC 059)<br>Austin, Texas 78711-2548<br>Tel.: (512) 936-1700<br>Fax: (512) 474-2697 | Michael R. Abrams<br>William F. Cole<br>Joseph N. Mazzara<br>Assistant Solicitors General<br><br>Counsel for Petitioners State of Texas, Texas Commission on Environmental Quality, Public Utility Commission of Texas, and Railroad Commission of Texas |

                      s/ P. Stephen Gidiere III
                      P. Stephen Gidiere III
                      Julia B. Barber
                      BALCH & BINGHAM LLP
                      1901 6th Ave. N., Ste. 1500
                      Birmingham, Alabama 35203
                      205-251-8100
                      sgidiere@balch.com

                      Stephanie Z. Moore
                      Executive Vice President & General Counsel
                      Daniel J. Kelly
                      Senior Vice President & Deputy General Counsel
                      David W. Mitchell
                      Senior Counsel, Environmental
                      VISTRA CORP.
                      6555 Sierra Drive
                      Irving, Texas 75039

                      Counsel for Luminant Generation Company LLC, Coleto Creek Power, LLC, Ennis Power Company, LLC, Hays Energy, LLC, Midlothian Energy, LLC, Oak Grove Management Company LLC, and Wise County Power Company, LLC

        <u>s/ Aaron M. Streett</u>
        Aaron M. Streett
        Matthew L. Kuryla
        BAKER BOTTS L.L.P.
        910 Louisiana St.
        Houston, Texas 77002
        Tel.: (713) 229-1234
        Fax: (713) 229-1522
        aaron.streett@bakerbotts.com

        Counsel for Association of Electric Companies of Texas, BCCA Appeals Group, Texas Chemical Council, and Texas Oil & Gas Association

## Certificate of Service

On March 23, 2023, this response was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court. Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with the most recent version of Symantec Endpoint Protection and is free of viruses.

/s/ Bill Davis  
Bill Davis

## Certificate of Compliance

This document complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 811 words, excluding the parts of the document exempted by Rule 32(f); and (2) the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Equity) using Microsoft Word (the same program used to calculate the word count).

/s/ Bill Davis  
Bill Davis
