NO. 23-60069

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

STATE OF TEXAS, ET AL.,

*Petitioners,*

v.

U.S. ENVIRONMENTAL PROTECTION AGENCY, ET AL.

*Respondents.*

**[PROPOSED] BRIEF OF NEW MEXICO ENVIRONMENT DEPARTMENT AS *AMICUS CURIAE* IN SUPPORT OF RESPONDENTS**

David R. Baake
Baake Law, LLC
2131 N. Main Street
Las Cruces, NM 88001
Telephone: (575) 343-2782
david@baakelaw.com

Bruce Baizel
New Mexico Environment Department
Harold Runnels Building
1190 St. Francis Dr., Suite N4050
Santa Fe, NM 87505
Telephone: (505) 490-5427
Bruce.Baizel@state.nm.us

*Counsel for Proposed Amicus Curiae
New Mexico Environment Department*

# SUPPLEMENTAL STATEMENT OF INTERESTED PARTIES

Pursuant to Federal Circuit Local Rule 29.2, the undersigned counsel of record certifies that the following listed persons and entities have an interest in the proposed *amicus* brief:

1. <u>Proposed *Amicus Curiae*</u>: New Mexico Environment Department.

2. <u>Counsel for Proposed *Amicus Curiae*</u>: David R. Baake of Baake Law, LLC, and Bruce Baizel, General Counsel of the New Mexico Environment Department.

                                                Respectfully submitted,

                                                <u>/s/ David R. Baake</u>

**FED. R. APP. P. 29 AND LOCAL RULE 29 STATEMENTS.**

A. **Corporate Ownership.** The proposed *amicus curiae* is an agency of the New Mexico state government, which has no parent corporation and issues no stock. *See* Fed. R. App. P. 29(a)(4)(A).

B. **Statement Regarding Authorship and Monetary Contributions.** No counsel for any party authored this brief in whole or in part, and no entity or person, aside from the proposed *amici curiae*, or their counsel, made any monetary contribution intended to fund the preparation or submission of this brief. *See* Fed. R. App. P. 29(a)(4)(E).

C. **Timeliness.** This brief is timely because it is filed within 7 days of Respondents' Response in Opposition to the Motions for Stay Pending Appeal (Docs. 109 (Mar. 27, 2023); 148-2 (as corrected), and the proposed *amici curiae* intends to support Respondents' position as set forth in that filing. *See* Fifth Circuit Rule 29.2.

/s/ David R. Baake

# TABLE OF CONTENTS

Supplemental Statement of Interested Parties ............................................ 1

Fed. R. App. P. 29 and Local Rule 29 Statements. ................................... 2

Table of Contents ........................................................................................ 3

Table of Authorities .................................................................................... 4

Statement of Interest and Summary of Argument ................................. 5

Argument ...................................................................................................... 7

Conclusion ................................................................................................. 13

Certificates of Compliance ..................................................................... 15

Certificate of Conference ........................................................................ 16

Certificate of Service ............................................................................... 17

# TABLE OF AUTHORITIES

**CASES**

*EPA v. EME Homer City Generation, L.P.*, 572 U.S. 489 (2014) .............8

*Texas v. EPA*, 829 F.3d 405 (5th Cir. 2016)..............................................7

*Texas v. EPA*, No. 10-60961, 2011 WL 710598 (5th Cir. Feb. 24, 2011) ..7

*Westar Energy, Inc. v. EPA*, 608 F. App'x 1 (D.C. Cir. 2015) ...................8

**STATUTES**

42 U.S.C. § 7410(a)(2)(D)(i) ........................................................................5

42 U.S.C. § 7607(b)(1)................................................................................7

**REGULATIONS**

88 Fed. Reg. 9336 (Feb. 13, 2023) .........................................................5, 9

**OTHER AUTHORITIES**

Data File with 2016v3 Ozone Design Values and Contributions ..............

................................................................................... 9, 10, 11, 12, 13

EPA, 2021 Ozone Design Values Spreadsheet ....................................... 12

Marron Institute of Urban Management at New York University and

American Thoracic Society, Health of the Air Report (2021) ............. 12

NMED, Ozone Attainment Initiative Website ....................................... 12

NMED, Ozone Precursor Rule Factsheet (May 2021),.......................... 12

## STATEMENT OF INTEREST AND SUMMARY OF ARGUMENT

The New Mexico Environment Department ("NMED") is the environmental regulatory agency for the state of New Mexico. NMED's mission is to protect and restore the environment and to foster a healthy and prosperous New Mexico for present and future generations. NMED works to improve air quality in the state of New Mexico and, in particular, to reduce the impact of ozone pollution on the state's residents and natural environment.

NMED is acutely interested in this case because the best available science indicates that New Mexico's air quality problems are being significantly exacerbated by emissions from Texas and other upwind states. New Mexicans rely on the U.S. Environmental Protection Agency ("EPA") to protect them from out-of-state pollution by implementing the Good Neighbor Provision of the Clean Air Act, 42 U.S.C. § 7410(a)(2)(D)(i). EPA has fulfilled its statutory responsibility in the action at issue here, 88 Fed. Reg. 9336 (Feb. 13, 2023) (the "SIP Disapproval"), by disapproving state implementation plans ("SIPs") for Texas and 20 other states that failed entirely to address the serious problem of cross-state ozone pollution.

NMED respectfully makes two points in this brief. First, NMED agrees with Respondents that Petitioners are unlikely to prevail on the merits because they are not in the right court. For the reasons explained by Respondents and Movant-Intervenors (Docs. 148-2 at 15–16; 111-2 at 6–8), EPA's action is nationally applicable and can only be reviewed in the D.C. Circuit. NMED has a strong interest in making sure that all aspects of the SIP Disapproval are reviewed in a single court. New Mexico is significantly affected by emissions from numerous states subject to the SIP Disapproval—including California in the Ninth Circuit, Utah in the Tenth Circuit, and Texas in the Fifth Circuit. Piecemeal review of the SIP Disapproval would be unfair to NMED and other parties interested in improving air quality in downwind states, and would create a risk of inconsistent rulings that would be prejudicial to downwind states.

Second, a stay of any aspect of the SIP Disapproval would be contrary to the public interest. Ozone pollution causes about ***34 premature deaths*** each year in New Mexico, along with 107 emergency room admissions and more than 250,000 missed work or school days. Emissions from Texas are a significant contributor to this

ongoing harm. In Doña Ana County—New Mexico's most polluted county—Texas is responsible for more pollution than New Mexico itself, and far more than the amount EPA considers to be "significant" under the Good Neighbor Provision. Staying the SIP Disapproval would be manifestly contrary to the public interest in protecting vulnerable individuals from dangerous air pollution.

## ARGUMENT

### A. Piecemeal Review of the SIP Disapproval Would Be Prejudicial to Downwind States like New Mexico.

Under Section 307(b)(1) of the Clean Air Act, 42 U.S.C. § 7607(b)(1), an action taken by EPA that is "nationally applicable" or "based on a determination that has nationwide scope or effect" may be reviewed only in the D.C. Circuit. *See Texas v. EPA*, 829 F.3d 405, 418 (5th Cir. 2016). Where, as here, EPA acts to implement a Clean Air Act requirement by disapproving noncompliant SIPs spanning the entire nation, that action is nationally applicable and, as such, can only be reviewed in the D.C. Circuit. *See Texas v. EPA*, No. 10-60961, 2011 WL 710598, at *3 (5th Cir. Feb. 24, 2011) (action disapproving SIPs from thirteen widely dispersed states was nationally applicable); *see also Texas (2016)*, 829 F.3d at 419 (citing *ATK Launch Sys., Inc. v. EPA*, 651

F.3d 1194, 1199 (10th Cir. 2011)). Consistent with the statute, EPA's prior SIP disapprovals under the Good Neighbor Provision have been reviewed in the D.C. Circuit. *See, e.g.*, *Westar Energy, Inc. v. EPA*, 608 F. App'x 1 (D.C. Cir. 2015) (reviewing EPA's disapproval of Kansas's Good Neighbor SIP).

Consolidated review is especially important in cases dealing with interstate air pollution. As the Supreme Court has explained, "[m]ost upwind States propel pollutants to more than one downwind State, many downwind States receive pollution from multiple upwind States, and some States qualify as both upwind and downwind." *EPA v. EME Homer City Generation, L.P.*, 572 U.S. 489, 496–97 (2014). In light of the complex, multijurisdictional nature of the interstate pollution problem, it is critical that judicial review be consolidated in a single forum, to avoid inconsistent results that might leave downwind states without the remedy Congress intended to provide.

An example of an issue that could lead to inconsistent results is the question of which set of emissions and air quality data should be used to model contribution. Here, EPA employed a uniform, nationwide methodology for determining each state's contribution. *See* SIP

Disapproval, 88 Fed. Reg. at 9337. As the agency updated its modeling to reflect the best available information during the course of the rulemaking, it found that certain states contributed greater amounts than previously modeled, while other states contributed less. *Compare id.* at 9367 (noting that Tennessee and Wyoming contribute less under updated modeling) with Doc. 112-1 at 19 (noting that EPA's updated modeling showed a greater contribution from Louisiana than prior modeling). If different aspects of the SIP Disapproval were reviewed in different forums, the predictable result is that each upwind state would cherry-pick data that minimize its own contribution. Such cherry-picking would prejudice downwind states like New Mexico.

Consider Lea County, New Mexico, which is considered to be a "maintenance" monitor because its maximum 2023 design value is 72.2 parts per billion ("ppb").[1] EPA determined, based on 2016 air quality and emissions data, that Lea County received a potentially significant

---

[1] *See* EPA, Data File with 2016v3 Ozone Design Values and Contributions, https://www.epa.gov/system/files/documents/2023-01/2016v3_DVs_State_Contributions.xlsx, "2023gf Ozone Contributions" tab [hereinafter "2016v3 Contributions Spreadsheet"], Row 453, Column E.

9

contribution from both California and Texas.[2]  If different aspects of the SIP Disapproval were reviewed in different courts, California and Texas might advance inconsistent arguments, with each state arguing that EPA should have used a modeling scenario that showed a greater contribution from the state not present in the litigation and a lower contribution from the petitioner state.  Centralized review ensures that upwind states are not able to point the finger at each other in this way, and that any challenges to EPA's methodology are resolved in a way that maintains national consistency and ensures progress towards the Clean Air Act's goal of improved air quality in downwind states.

In addition to the risk of inconsistent rulings, it would be unfair to NMED and similarly situated parties if different aspects of the SIP Disapproval were reviewed in different courts.  EPA's technical analysis demonstrates that states in three different circuits (California in the Ninth Circuit, Texas in the Fifth Circuit, and Utah in the Tenth Circuit) contribute significantly to ozone levels in various parts of New

---

[2] *See id.*, Row 453, Columns I (showing a contribution of 0.71 ppb from California) and AU (showing a contribution of 2.17 ppb from Texas).

Mexico.[3] Parties like NMED with an interest in improving New Mexico's air quality should not be required to litigate the same issues in three different courts. Nor is this issue theoretical: Utah has already filed a challenge to the SIP Disapproval in the Tenth Circuit.[4]

Under Section 307(b)(1) of the Clean Air Act, Petitioners must challenge the nationally applicable SIP Disapproval in the D.C. Circuit. Because the petitions are not in the right court, Petitioners will not succeed on the merits.

### B. The Public Interest Militates Against a Stay.

Ozone pollution is deadly. It is a corrosive air pollutant that attacks the lungs and other parts of the body, contributing to respiratory problems and cardiovascular failure. Researchers at New York University and the American Thoracic Society estimate that exposure to ozone causes about 34 premature deaths each year in New Mexico, along with 107 emergency room admissions and more than

---

[3] *See id.*, Rows 443–460, Columns I, AU, and AV.

[4] NMED is monitoring the Tenth Circuit litigation to determine whether it should move to submit a brief in opposition to the stay motions there. NMED understands that the Tenth Circuit has abated briefing deadlines associated with the stay motions, pending resolution of EPA's motion to transfer. *See* Doc. 148-2 at 13.

250,000 missed work or school days.[5] Three New Mexico counties—Bernalillo, Eddy, and Doña Ana—are currently violating the health-based limit for ozone pollution established by EPA, while several others are on the verge of a violation.[6] EPA's modeling for this rule predicts that Doña Ana, Eddy, and Lea Counties will continue struggling to attain in 2023 and future years, meaning that these monitors are considered "maintenance" monitors.[7]

Over the past several years, New Mexico has made progress towards reducing emissions that contribute to ozone formation. In 2021, for example, NMED promulgated a rule designed to slash ozone-forming emissions from the state's oil-and-gas sector, as part of its Ozone Attainment Initiative.[8] But there is a limit to what the state can

---

[5] *See* Marron Institute of Urban Management at New York University and American Thoracic Society, Health of the Air Report (2021), https://healthoftheair.org/.

[6] EPA, 2021 Ozone Design Values (2021), https://www.epa.gov/system/files/documents/2022-05/O3_DesignValues_2019_2021_FINAL_05_25_22.xlsx.

[7] *See* 2016v3 Spreadsheet, Rows 448, 449, 452, 453, Column E.

[8] *See* NMED, Ozone Attainment Initiative, https://www.env.nm.gov/air-quality/o3-initiative/; NMED, Ozone Precursor Rule Factsheet (May 2021), https://www-archive.env.nm.gov/air-quality/wp-content/uploads/sites/2/2021/03/2021-05-06-Ozone-precursor-rule-factsheet-FINAL.pdf (noting that NMED's oil-and-gas

12

accomplish on its own. Emissions from other states—in particular, Texas—are a significant cause of the ongoing harm that New Mexicans experience. In Doña Ana County, New Mexico's most polluted county, Texas is responsible for more pollution than New Mexico itself, contributing 4.74 ppb compared to New Mexico's own contribution of 2.87 ppb.[9] Texas's contribution to this monitor is approximately **_6.4 times_** the amount EPA considers to be potentially significant. Other New Mexico counties affected by potentially significant contributions from Texas include Lea (receiving 2.17 ppb from Texas), Eddy (receiving 1.91 ppb from Texas), and Bernalillo (receiving 0.97ppb from Texas).[10]

The SIP Disapproval is a critical step towards reducing the harmful impact that Texas emissions have on neighboring states, including New Mexico. It should not be stayed.

## CONCLUSION

The Court should deny the Motions to Stay the SIP Disapproval.

---

rulemaking was projected to eliminate 106,420 tons per year of volatile organic compounds ("VOCs") and 21,148 tons per year of nitrogen oxides ("NOx")).

[9] *See* 2016v3 Contributions Spreadsheet, Row 448, Column AI (New Mexico contribution), Column AU (Texas Contribution).

[10] *See id.*, Rows 444, 451, 453, Column AU.

Respectfully submitted,

/s/ David R. Baake

David R. Baake
Baake Law, LLC
2131 N. Main Street
Las Cruces, NM 88001
Telephone: (575) 343-2782
david@baakelaw.com

Bruce Baizel
New Mexico Environment Department
Harold Runnels Building
1190 St. Francis Dr., Suite N4050
Santa Fe, NM 87505
Telephone: (505) 490-5427
Bruce.Baizel@state.nm.us

*Counsel for Proposed Amicus Curiae*
*New Mexico Environment Department*

## CERTIFICATES OF COMPLIANCE

I hereby certify that this brief complies with Fed. R. App. P. 27(d)(2)(A) because it contains 1,725 words, excluding the caption, signature blocks, and required certifications, as counted by a word processing system and, therefore, is within the word limit. This brief also complies with typeface requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface in 14-point Century Schoolbook font.

I further certify that (1) all required privacy redactions have been made, Local Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document, Local Rule 25.2.1; and (3) the document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses.

/s/ David R. Baake

## CERTIFICATE OF CONFERENCE

Pursuant to Fifth Circuit Rule 27.4, I hereby certify that the proposed *amicus curiae* consulted with counsel for the other parties in this case. Texas State Petitioners, Texas Industry Petitioners, Louisiana State Petitioners, Mississippi State Petitioners, and Mississippi Power Company indicated that they took no position on the filing of this brief. Respondents indicated that they do not oppose the filing of this brief.

<u>/s/ David R. Baake</u>

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2023, I electronically filed the foregoing brief with the Clerk of the Court of the U.S. Court of Appeals for the Fifth Circuit by using the CM/ECF system, which caused all case participants who are registered CM/ECF users to be served electronically.

/s/ David R. Baake