No. 23-60069

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

**STATE OF TEXAS; TEXAS COMMISSION ON ENVIRONMENTAL QUALITY; LUMINANT GENERATION COMPANY, L.L.C.; COLETO CREEK POWER, L.L.C.; ENNIS POWER COMPANY, L.L.C.; HAYS ENERGY, L.L.C.; MIDLOTHIAN ENERGY, L.L.C.; OAK GROVE MANAGEMENT COMPANY, L.L.C.; WISE COUNTY POWER COMPANY, L.L.C.; ASSOCIATION OF ELECTRIC COMPANIES OF TEXAS; BCCA APPEAL GROUP; TEXAS CHEMICAL COUNCIL; TEXAS OIL & GAS ASSOCIATION; PUBLIC UTILITY COMMISSION OF TEXAS; RAILROAD COMMISSION OF TEXAS; STATE OF MISSISSIPPI; MISSISSIPPI DEPARTMENT OF ENVIRONMENTAL QUALITY; MISSISSIPPI POWER COMPANY; STATE OF LOUISIANA; LOUISIANA DEPARTMENT OF ENVIRONMENTAL QUALITY**

Petitioners,

v.

**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; MICHAEL S. REGAN, Administrator, United States Environmental Protection Agency,**

Respondents.

---

## MISSISSIPPI PETITIONERS' JOINT RESPONSE IN OPPOSITION TO RESPONDENTS' MOTION TO TRANSFER THE PETITION FOR REVIEW TO THE D.C. CIRCUIT OR DISMISS BASED ON IMPROPER VENUE

---

April 3, 2023

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

- Abrams, Michael R., Assistant Solicitor General, Office of the Attorney General for the State of Texas (Counsel for Petitioners State of Texas, Texas Commission on Environmental Quality, Public Utility Commission of Texas, and Railroad Commission of Texas)

- Association of Electric Companies of Texas (Petitioner)

- Balch & Bingham LLP (Counsel for Petitioners Luminant Generation Company LLC, Coleto Creek Power, LLC, Ennis Power Company, LLC, Hays Energy, LLC, Midlothian Energy, LLC, Oak Grove Management Company LLC, and Wise County Power Company, LLC and Petitioner Mississippi Power Company)

- Baker Botts L.L.P. (Counsel for Petitioners AECT, BCCA Appeal Group, TCC, and TXOGA)

- Barber, Julia B. (Counsel for Petitioners Luminant Generation Company LLC, Coleto Creek Power, LLC, Ennis Power Company, LLC, Hays Energy, LLC, Midlothian Energy, LLC, Oak Grove Management Company LLC, and Wise County Power Company, LLC)

- BCCA Appeal Group (Petitioner)

- Blackman, Daniel (Region 4 Administrator, United States Environmental Protection Agency)

- Brookfield Asset Management Inc. (together with its affiliates and managed entities owns 10% or more of Vistra Corp.'s stock)

- Burdette, Courtney J., Executive Counsel, Louisiana Department of Environmental Quality (Counsel for Petitioner Louisiana Department of Environmental Quality)

- Clark, Jill C., General Counsel, Louisiana Department of Environmental Quality (Counsel for Petitioner Louisiana Department of Environmental Quality)

- Coleto Creek Power, LLC (Petitioner)

- Cole, William F., Assistant Solicitor General, Office of the Attorney General for the State of Texas (Counsel for Petitioners State of Texas, Texas Commission on Environmental Quality, Public Utility Commission of Texas, and Railroad Commission of Texas)

- Davis, Bill, Deputy Solicitor General, Office of the Attorney General for the State of Texas (Counsel for Petitioners State of Texas, Texas Commission on Environmental Quality, Public Utility Commission of Texas, and Railroad Commission of Texas)

- Ennis, Bradley A. (Counsel for Mississippi Power Company)

- Ennis Power Company, LLC (Petitioner)

- Fitch, Lynn, Attorney General, Office of the Attorney General for the State of Mississippi (Counsel for Petitioners State of Mississippi and Mississippi Department of Environmental Quality)

- Garland, Merrick B., Attorney General, United States Department of Justice (Counsel for Respondents)

- Gidiere, P. Stephen III (Counsel for Petitioners Luminant Generation Company LLC, Coleto Creek Power, LLC, Ennis Power Company, LLC, Hays Energy, LLC, Midlothian Energy, LLC, Oak Grove Management Company LLC, and Wise County Power Company, LLC)

- Hall, Machelle, Assistant Attorney General, Louisiana Department of Justice (Counsel for Petitioners State of Louisiana and Louisiana Department of Environmental Quality)

- Hays Energy, LLC (Petitioner)

- Kelly, Daniel J. (Counsel for Petitioners Luminant Generation Company LLC, Coleto Creek Power, LLC, Ennis Power Company, LLC, Hays Energy, LLC, Midlothian Energy, LLC, Oak Grove Management Company LLC, and Wise County Power Company, LLC and Senior Vice President and Deputy General Counsel for Vistra Corp.)

- Kim, Todd, Assistant Attorney General, Environment and Natural Resources Division, United States Department of Justice (Counsel for Respondents)

- Kuryla, Matthew L. (Counsel for Petitioners AECT, BCCA Appeal Group, TCC, and TXOGA)

- Landry, Jeff, Attorney General, Louisiana Department of Justice (Counsel for Petitioners State of Louisiana and Louisiana Department of Environmental Quality)

- Lee, Jin Hyung, Trial Attorney, United States Department of Justice, Environment & Natural Resources Division, Environmental Defense Section (Counsel for Respondents)

- Lipscomb, Whitney H., Deputy Attorney General, Office of the Attorney General for the State of Mississippi (Counsel for Petitioners State of Mississippi and Mississippi Department of Environmental Quality)

- Louisiana Department of Environmental Quality (Petitioner)

- Louisiana Department of Justice (Counsel for Petitioners State of Louisiana and Louisiana Department of Environmental Quality)

- Luminant Generation Company LLC (Petitioner)

- Matheny, Justin L., Deputy Solicitor General, Office of the Attorney General for the State of Mississippi (Counsel for Petitioners State of Mississippi and Mississippi Department of Environmental Quality)

- Mazzara, Joseph N., Assistant Solicitor General, Office of the Attorney General for the State of Texas (Counsel for Petitioners State of Texas, Texas Commission on Environmental Quality, Public Utility Commission of Texas, and Railroad Commission of Texas)

- McPhee, Shae, Deputy Solicitor General, Louisiana Department of Justice, Office of the Attorney General (Counsel for Petitioners State of Louisiana and Louisiana Department of Environmental Quality)

- Midlothian Energy, LLC (Petitioner)

- Mississippi Department of Environmental Quality (Petitioner)

- Mississippi Power Company (Petitioner)

- Mitchell, David W. (Counsel for Petitioners Luminant Generation Company LLC, Coleto Creek Power, LLC, Ennis Power Company, LLC, Hays Energy, LLC, Midlothian Energy, LLC, Oak Grove Management Company LLC, and Wise County Power Company, LLC and Senior Counsel, Environmental for Vistra Corp.)

- Moore, C. Grady III (Counsel for Mississippi Power Company)

- Moore, Stephanie Zapata (Counsel for Petitioners Luminant Generation Company LLC, Coleto Creek Power, LLC, Ennis Power Company, LLC, Hays Energy, LLC, Midlothian Energy, LLC, Oak Grove Management Company LLC, and Wise County Power Company, LLC and Executive Vice President and General Counsel for Vistra Corp.)

- Murrill, Elizabeth B., Solicitor General, Louisiana Department of Justice (Counsel for Petitioners State of Louisiana and Louisiana Department of Environmental Quality)

- Nance, Earthea (Regional Administrator for Respondent United States Environmental Protection Agency)

- Oak Grove Management Company LLC (Petitioner)

- Office of the Attorney General for the State of Louisiana (Counsel for Petitioners State of Louisiana and Louisiana Department of Environmental Quality)

- Office of the Attorney General for the State of Mississippi (Counsel for Petitioners State of Mississippi and Mississippi Department of Environmental Quality)

- Office of the Attorney General for the State of Texas (Counsel for Petitioners State of Texas, Texas Commission on Environmental Quality, Public Utility Commission of Texas, and Railroad Commission of Texas)

- Paxton, Ken, Attorney General of Texas (Counsel for Petitioners State of Texas, Texas Commission on Environmental Quality, Public Utility Commission of Texas, and Railroad Commission of Texas)

- Prieto, Jeffrey M. (General Counsel for Respondent United States Environmental Protection Agency)

- Public Utility Commission of Texas (Petitioner)

- Railroad Commission of Texas (Petitioner)

- Regan, Michael S., Administrator, United States Environmental Protection Agency (Respondent)

- Shurden, Shawn (Counsel for Petitioner Mississippi Power Company)

- Southern Company (Parent Company of Petitioner Mississippi Power Company)

- State of Louisiana (Petitioner)

- State of Mississippi (Petitioner)

- State of Texas (Petitioner)

- St. John, Joseph S., Deputy Solicitor General, Louisiana Department of Justice, Office of the Attorney General (Counsel for Petitioners State of Louisiana and Louisiana Department of Environmental Quality)

- Stone, Judd, Solicitor General, Office of the Attorney General for the State of Texas (Counsel for Petitioners State of Texas, Texas Commission on Environmental Quality, Public Utility Commission of Texas, and Railroad Commission of Texas)

- Streett, Aaron M. (Counsel for Petitioners AECT, BCCA Appeal Group, TCC, and TXOGA)

- Stutts, Susan Scaggs (Counsel for Mississippi Power Company)

- Texas Chemical Council (Petitioner)

- Texas Commission on Environmental Quality (Petitioner)

- Texas Oil & Gas Association (Petitioner)

- The Vanguard Group, Inc. (together with its affiliates and managed entities owns 10% or more of Vistra Corp.'s stock)

- United States Environmental Protection Agency (Respondent)

- Vistra Asset Company LLC (Parent company of Petitioners Luminant Generation Company LLC, Coleto Creek Power, LLC, Ennis Power Company, LLC, Hays Energy, LLC, Midlothian Energy, LLC, Oak Grove Management Company LLC, and Wise County Power Company, LLC)

- Vistra Corp. (Parent company of Petitioners Luminant Generation Company LLC, Coleto Creek Power, LLC, Ennis Power Company, LLC, Hays Energy, LLC, Midlothian Energy, LLC, Oak Grove Management Company LLC, and Wise County Power Company, LLC)

- Vistra Intermediate Company LLC (Parent company of Petitioners Luminant Generation Company LLC, Coleto Creek Power, LLC, Ennis Power Company, LLC, Hays Energy, LLC, Midlothian Energy, LLC, Oak Grove Management Company LLC, and Wise County Power Company, LLC)

- Vistra Operations Company LLC (Parent company of Petitioners Luminant Generation Company LLC, Coleto Creek Power, LLC, Ennis Power Company, LLC, Hays Energy, LLC, Midlothian Energy, LLC, Oak Grove Management Company LLC, and Wise County Power Company, LLC)

- Webster, Brent, First Assistant Attorney General, Office of the Attorney General for the State of Texas (Counsel for Petitioners State of Texas, Texas Commission on Environmental Quality, Public Utility Commission of Texas, and Railroad Commission of Texas)

- Wise County Power Company, LLC (Petitioner)

Respectfully submitted,

s/ Justin L. Matheny

*Counsel for Petitioners State of*
*Mississippi and Mississippi*
*Department of Environmental Quality*


s/ C. Grady Moore III

*Counsel for Petitioner Mississippi Power*
*Company*

# **TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS ............................................................ ii

TABLE OF CONTENTS ............................................................ ix

TABLE OF AUTHORITIES ............................................................ x

GLOSSARY ............................................................ xiii

INTRODUCTION ............................................................ 1

BACKGROUND ............................................................ 3

    I.    Statutory and Regulatory Background………....……....………………3

    II.    Mississippi's SIP for the 2015 Ozone NAAQS ............................................ 3

    III.    EPA Region 4's Proposed Disapproval of Mississippi's SIP .................... 6

    IV.    EPA's Final Disapproval of Mississippi's SIP ............................................ 7

    V.    Procedural Background…………………………………...…………………8

    VI.    Judicial Review of EPA Actions……………………………………………9

STANDARD OF REVIEW ............................................................ 10

ARGUMENT ............................................................ 10

I.    EPA's Disapproval of Mississippi's SIP Is Not Nationally Applicable ............. 11

II.    EPA's Determinations in its Mississippi Final Action Do Not Have Nationwide Scope or Effect ............................................................ 15

III.    EPA's Motion to Dismiss the Petitions Should Be Denied ................................ 20

CONCLUSION ............................................................ 21

CERTIFICATE OF COMPLIANCE ............................................................ 23

CERTIFICATE OF SERVICE ............................................................ 23

# TABLE OF AUTHORITIES

**Cases**                                                                                          **Page(s)**

*BCCA Appeal Grp. v. EPA,*
   355 F.3d 817 (5th Cir. 2003)………………………………………………....3

*Brown Express, Inc. v. United States,*
   607 F.2d. 695 (5th Cir. 1979)………………………………………………….12

*Chevron U.S.A., Inc. v. EPA,*
   45 F.4th 380 (D.C. Cir. 2022)………………………………………….....…20

*EPA v. EME Homer City Generation, L.P.,*
   572 U.S. 489 (2014)………………………………………………………………3

*Harrison v. PPG Indus., Inc.,*
   446 U.S. 578 (1980)………………………………………………….…..20

*Lewis-Mota v. Sec'y of Labor,*
   469 F.2d 478 (2nd Cir. 1972)………………………………………....…..12

*Luminant Generation Co. v. EPA,*
   675 F.3d 917(5th Cir. 2012)……………………………………………..13

*Sierra Club v. Env't. Prot. Agency,*
   47 F.4th 738 (D.C. Cir. 2022)………………………………………...…….13

*State v. EPA,*
    983 F.3d 826 (5th Cir. 2020)………………………………………………18

*Texas v. EPA,*
   829 F.3d 405 (5th Cir. 2016)…………….....…1, 2, 9, 10, 11, 12, 13, 15, 16, 17, 18, 20

*U.S. Steel Corp. v. EPA,*
   595 F.2d 207 (5th Cir. 1979)…………………………………………..12

## Federal Statutes

42 U.S.C. § 7409…………………………………………………...……………3

42 U.S.C. § 7410(a)(1). ……………………………………………...……...4

42 U.S.C. § 7410(a)(2)(D)…………………………………………………3, 5

42 U.S.C. § 7410(k)(2)……………………………………………………..6

42 U.S.C. § 7607(b)(1)……………………………………...1, 9, 10, 15

## Federal Regulations

40 C.F.R. § 52.38…………………………………………………………4

40 C.F.R. Pt. 97 ……………………………………………………………4

## Federal Register

80 Fed. Reg. 65,292 (Oct. 26, 2015)……………………...……………………..3

84 Fed. Reg. 22,376 (May 17, 2019) ……………………………………8, 14

84 Fed. Reg. 69,331 (Dec. 18, 2019)…………...……………………………14

85 Fed. Reg. 20,165 (Apr. 10, 2020)…………...………………………..14

85 Fed. Reg. 25,307 (May 1, 2020)………...………………………………14

85 Fed. Reg. 65,722 (Oct. 16, 2020)……………………………………14

87 Fed. Reg. 9,545 (Feb. 22, 2022)……………………...1, 5, 6, 7, 12, 13, 15, 17, 18, 19

87 Fed. Reg. 61,249 (Oct. 11, 2022)…………………………………………14

88 Fed. Reg. 9,336 (Feb. 13, 2023)………………..1, 2, 6, 7, 8, 11, 12, 13, 15, 16, 17

**Miscellaneous**

*Center for Biological Diversity v. EPA,*
    Tenth Circuit Docket No. 20-9560 …………………………………………8, 14

EPA Final Rule, Federal "Good Neighbor Plan" for the 2015 Ozone National Ambient
    Air Quality Standards Docket No. EPA-HQ-OAR-2021-0668 (Mar. 15, 2023)
    available at: https://www.epa.gov/system/files/documents/2023-
    03/FRL%208670-02-
    OAR_Good%20Neighbor_Final_20230314_Signature_ADMIN%20%281%29
    .pdf …………………………………………………………………………..3

EPA, *Information on the Interstate Transport State Implementation Plan Submissions for the 2015
    Ozone National Ambient Air Quality Standards under Clean Air Act Section
    110(a)(2)(D)(i)(I), available at* https://www.epa.gov/sites/default/files/2018-
    03/documents/transport_memo_03_27_18_1.pdf ("EPA Transport
    Memo")…………………………………………………………………...4

EPA, *Regional and Geographic Offices* available at:
    https://www.epa.gov/aboutepa/regional-and-geographic-offices
    ("EPA Regional Offices Webpage") ........................................................6

EPA, Report No. 21-E-0163 *EPA has Reduced its Backlog of State Implementation Plans
    Submitted Prior to 2013 but Continues to Face Challenges in Taking Timely Final Actions
    on Submitted Plans* (June 14, 2021) available at:
    https://www.epa.gov/sites/default/files/2021-
    06/documents/_epaoig_20210614-21-e-0163__0.pdf ("EPA SIP
    Report…………………………………………………………..…………....6

Fed. R. App. P. 15(a)(2)(C)……………………………………………........................11

*Mississippi 2015 Ozone Infrastructure SIP Prongs 1 & 2 Submission,* available at:
    https://www.regulations.gov/document/EPA-R04-OAR-2021-0841-0009
    ("Mississippi SIP Submission")..........................................................1, 5

# GLOSSARY

| | |
|---|---|
| **CAA or the Act** | Clean Air Act |
| **EPA** | United States Environmental Protection Agency |
| **FIP** | Federal Implementation Plan |
| **Louisiana Petitioners** | State of Louisiana and Louisiana Department of Environmental Quality |
| **MDEQ** | Mississippi Department of Environmental Quality |
| **NAAQS** | National Ambient Air Quality Standards |
| **NO$_X$** | Nitrogen Oxides |
| **ppb** | Parts per billion |
| **SIP** | State Implementation Plan |
| **Texas Petitioners** | State of Texas, Texas Commission on Environmental Quality, Public Utility Commission of Texas, Railroad Commission of Texas, Association of Electric Companies of Texas, BCCA Appeal Group, Texas Chemical Council, Texas Oil & Gas Association, Luminant Generation Company LLC, Coleto Creek Power, LLC, Ennis Power Company, LLC, Hays Energy, LLC, Midlothian Energy, LLC, Oak Grove Management Company LLC, and Wise County Power Company, LLC |

## **INTRODUCTION**

Venue for the petitions filed by the State of Mississippi, MDEQ and Mississippi Power Company ("Mississippi Petitions") is proper in this Court, and EPA's motion to transfer to the D.C. Circuit, as applied to the Mississippi Petitions, should be denied. The Mississippi Petitioners are challenging EPA's disapproval of the Mississippi Clean Air Act ("CAA") section 7410 implementation plan. EPA action on "any implementation plan under section 7410" is Congress's lead example of a "locally or regionally applicable" action for which venue is appropriate only in the regional circuit court of appeals. 42 U.S.C. § 7607(b)(1); *see Texas v. EPA*, 829 F.3d 405, 419 (5th Cir. 2016). MDEQ submitted its section 7410 state implementation plan ("SIP") to EPA's *Regional* Administrator, EPA-R04-OAR-2021-084-0009; Mississippi's SIP submission addressed only rules applicable in Mississippi and assessed emissions from Mississippi sources, *id.*; EPA established a *regional* docket for the matter, EPA-R04-OAR-2021-0841; EPA's *Regional* administrator provided the *Mississippi-specific* analysis of the *Mississippi-specific* information relied on to disapprove Mississippi's SIP, 88 Fed. Reg. 9,336, 9,357 (Feb. 13, 2023) (citing to EPA Region 4's analysis at 87 Fed. Reg. 9,545, 9,554 (Feb. 22, 2022)); and the *Regional* administrator signed the proposed disapproval. 87 Fed. Reg. at 9,562. Now the Mississippi Petitioners challenge EPA's plainly Mississippi-specific "action."

EPA has calculated that merely publishing its disapproval of Mississippi's SIP together with independent actions on other state SIPs transforms those individualized

actions into a "nationally applicable" action or an action "based on a determination of nationwide scope and effect." But this court must assess the nature of the action being challenged, not EPA's bookkeeping. *Texas,* 829 F.3d at 419. Instead of making a single "nationally applicable" rulemaking, EPA has bundled several independent "locally or regionally applicable" actions on SIPs submitted separately at different times by different states. *See* 88 Fed. Reg. 9,336. Indeed, EPA apparently recognizes that it has taken several separate actions: the title of EPA's Federal Register notice is "Air Plan Disapprovals," plural; and it identifies ten separate regional dockets as the source of its actions. *Id.* at 9,336. And in its bundled notice, EPA directs questions concerning "specific SIP submissions" for each individual state, listed by name, to separate "regional offices." *Id.* at 9,337.

Neither does EPA's decision to package several SIP actions together in the name of "uniformity" (Doc. 50 at 8) support a finding that the disapproval of Mississippi's SIP is suddenly based on a determination of "nationwide scope and effect." Mississippi's SIP is supported by Mississippi-specific facts and MDEQ's assessment of the State's existing air emissions rules. Moreover, EPA has made no finding that disapproval of the Mississippi SIP itself is based on a determination of "nationwide scope or effect." EPA instead determined that its combined Federal Register notice, if viewed as a single "action," is of "nationwide scope," 88 Fed. Reg. at 9,380, but that position depends entirely on accepting EPA's prior argument that the combined

Federal Register notice is "nationally applicable." It is not, and so EPA's alternative argument must also fail.

## BACKGROUND

### I.    Statutory and Regulatory Background

The CAA represents a "comprehensive program for controlling and improving the nation's air quality through state and federal regulation." *BCCA Appeal Grp. v. EPA,* 355 F.3d 817, 821-22 (5th Cir. 2003). Under this cooperative federalism model, EPA sets national ambient air quality standards ("NAAQS") for various pollutants, including ozone, and states then develop SIPs implementing the NAAQS. *See EPA v. EME Homer City Generation, L.P.*, 572 U.S. 489, 507 (2014).

Each SIP is a collection of state laws and documents which, together, ensures that state obligations under the CAA are satisfied. At issue here is the requirement that SIPs "contain adequate provisions—(i) prohibiting … emissions activity within the State from … contribut[ing] significantly to nonattainment [of a NAAQS] in … any other State…." 42 U.S.C. § 7410(a)(2)(D). This is known as the "good neighbor" provision because it obligates each state SIP to address the interstate transport of pollution. *See EME Homer,* 572 U.S. at 498.

### II.    Mississippi's SIP for the 2015 Ozone NAAQS

EPA must periodically review the various NAAQS. *See* 42 U.S.C. § 7409. If EPA revises a NAAQS, then each state must confirm its SIP addresses the revised NAAQS or revise its SIP. This includes the "good neighbor" aspects of a SIP. Accordingly,

3

following EPA's decision to lower the ozone NAAQS in 2015, 80 Fed. Reg. 65,292 (Oct. 26, 2015), Mississippi was obligated to submit a SIP reflecting the new NAAQS. *See* 42 U.S.C. § 7410(a)(1).

EPA has previously promulgated through notice and comment nationally applicable regulations setting out requirements for how SIPs should address transport provisions in light of a new NAAQS. *See, e.g.,* 40 C.F.R. § 52.38(b)(5) (relying on 40 C.F.R. Pt. 97). However, EPA did not issue any such regulations here. EPA instead published a guidance memorandum in March 2018, which explains that states *could* "us[e] EPA's analytical approach" from its prior federal implementation plans ("FIP"), "different analytical approaches within these steps," "or alternative frameworks." EPA, Information on the Interstate Transport State Implementation Plan Submissions for the 2015 Ozone National Ambient Air Quality Standards under Clean Air Act Section 110(a)(2)(D)(i)(I), ("EPA Transport Memo") at 3. In its guidance, EPA also explains that states "may supplement the information provided in this memorandum with any additional information that they believe is relevant." *Id.* at 6. EPA's memorandum further "recommend[s] that states reach out to EPA *Regional offices* and work together to accomplish the goal of developing, submitting, and reviewing approvable SIPs[.]" *Id.* (emphasis added). Of particular interest, EPA's guidance explained that states could consider alternatives for identifying nonattainment and maintenance receptors, or links to such receptors, rather than EPA's national modeling approach, in order to determine

whether the current collection of state laws already resolves any "good neighbor" obligation to downwind states. *Id.*

In light of the new ozone NAAQS, and considering the 2018 guidance, MDEQ submitted a SIP package to EPA to address the "good neighbor" obligations related to the 2015 ozone NAAQS. *See* Mississippi 2015 Ozone Infrastructure SIP Prongs 1 & 2 Submission, EPA-R04-OAR-2021-0841-0009 ("Mississippi SIP Submission").

In its submission, MDEQ conducted a multi-factor analysis to determine whether Mississippi emissions significantly contribute to nonattainment or interfere with maintenance at any downwind locations. *Id.* MDEQ determined that Mississippi's contribution to receptors in other states was insignificant, even according to EPA's modeling. *Id.* Then, in combination with other factors, MDEQ determined that Mississippi sources did not significantly contribute to nonattainment or interfere with another downwind state's ability to maintain the NAAQS. *Id.* Mississippi also considered relevant meteorological data, monitored ozone design values, and ozone precursor emission trends. 87 Fed. Reg. 9,545 at 9,555; *see also* Mississippi SIP Submission. Finally, Mississippi's SIP submission determined that Mississippi's existing laws adequately prohibit emissions in Mississippi from "contributing significantly to nonattainment [of the new NAAQS]" or from "interfering with maintenance [of the NAAQS]" downwind. *See* Mississippi SIP Submission, at 5, 9; *see also* 42 U.S.C.

§7410(a)(2)(d). Mississippi's SIP was approvable when it was submitted because it was based on the latest EPA modeling and guidance.[1] *Id.*

### III.    EPA Region 4's Proposed Disapproval of Mississippi's SIP

MDEQ submitted its SIP package addressing the new ozone NAAQS to EPA Region 4.  EPA maintains ten Regional offices, "each of which is responsible for the execution of [EPA] programs within several states and territories." *See* EPA, Regional and Geographic Offices ("EPA Regional Offices Webpage"). These Regional offices are delegated the authority to take action on SIPs, and Region 4 is the EPA regional office assigned to execute programs within Mississippi.[2]  *See* EPA, Report No. 21-E-0163 EPA has Reduced its Backlog of State Implementation Plans Submitted Prior to 2013 but Continues to Face Challenges in Taking Timely Final Actions on Submitted Plans (June 14, 2021) ("EPA SIP Report") at 8. EPA was required by statute to act within 18 months of receipt of Mississippi's complete SIP revision, but it did not. *See* 42 U.S.C. § 7410(k)(2).

Then, on February 22, 2022, almost two and a half years after receiving Mississippi's SIP, EPA's Region 4 published its proposed disapproval.  87 Fed. Reg.

---

[1] In fact, the Region acknowledged that the 2014 to 2017 ozone design values, which MDEQ relied upon in its SIP, were "the most recent data available at the time of submittal." 87 Fed. Reg. 9,545, 9,555.

[2] Mississippi is the only state in EPA's Region 4 that sits in the 5th Circuit.  The other Region 4 states are Alabama, Florida, Georgia, Kentucky, North Carolina, South Carolina, and Tennessee. The only other Region 4 states that also had their SIP disapproval announced in the bundled Federal Register notice are Alabama and Kentucky. 88 Fed. Reg. 9,336.

9,545. EPA revised its modeling platform after MDEQ submitted its SIP, and the Region based its proposed denial on the new platform. EPA Region 4 disagreed with MDEQ's analysis, and it proposed to find that Mississippi's existing state laws and programs were not adequate for the "good neighbor" requirement. *Id.* at 9,557.

Region 4's Administrator signed the proposed denial *Id.* Region 4's notice explained that "all comments are to be made in Docket No. EPA-R04-OAR-2021-0841," which EPA identified as the regional docket specific to Mississippi and two other Region 4 states. This docket contained the specifics related to Mississippi. EPA had also established a "Headquarters Docket," but Region 4 instructed commenters not to include comments on the proposal to disapprove the Mississippi SIP in this docket. *Id.* at 9,546.

## IV.   EPA's Final Disapproval of Mississippi's SIP

On February 13, 2023, EPA published its final disapproval of Mississippi's SIP revision. 88 Fed. Reg. 9,336, 9,357-58. EPA's disapproval of the Mississippi SIP was included as part of a larger Federal Register notice disapproving of state SIPs for several other states across multiple other EPA regions. EPA did not address all fifty states' good neighbor SIPs in this Federal Register notice; rather, EPA deferred action on two states' SIPs, and had previously taken action on the good neighbor SIPs from 23 other states and the District of Columbia in 20 separate Federal Register notices. *Id.* at 9,362.

Notably, in approving each of these other SIPs, all submitted to address the same 2015 ozone NAAQS "good neighbor" obligation at issue in the present petitions, EPA

specified in each case that "[u]nder section 307(b)(1) of the Clean Air Act, petitions for judicial review of this action must be filed in the United States Court of Appeals *for the appropriate circuit*." *See e.g.,* 84 Fed. Reg. 22,376 (May 19, 2019) (emphasis added).

While EPA stated in its bulk disapprovals notice that each disapproval applied uniform and national methods and judgments, EPA nonetheless confirmed that "the contents of each individual state's submission were evaluated on their own merits…" 88 Fed. Reg. 9,336, 9,354. Accordingly, in its final disapproval of Mississippi's SIP, EPA referenced and relied upon Region 4's determinations for disapproval as articulated by Region 4 in its proposed denial. *Id.* at 9,357-58. EPA headquarters did not conduct any new technical analysis expanding on Region 4's work. *See id.*

## V.     Procedural Background

Texas Petitioners filed their Petitions for Review of EPA's final disapproval on February 13, 2023. Doc. 1-1. The Texas Petitions challenged EPA's determination with respect to the Texas SIP. Doc. 1-1 at 1. On March 15, 2023, EPA filed its Motion to Transfer, requesting that the petitions be moved to the D.C. Circuit. Doc. 50. EPA's motion to transfer refers to "various petitioners" that "petitioned for review of the Final Rule in this Court," but the Texas Petitions were the only petitions docketed at that time. Doc. 50 at 7.

Meanwhile, on March 14, 2023, the State of Mississippi and MDEQ jointly filed a Petition for Review of EPA's disapproval of the Mississippi SIP. Doc. 52-1 at 1. Mississippi Power Company filed its Petition for Review on March 15, 2023, which was

8

also limited to EPA's disapproval of the Mississippi SIP. Doc. 58-1 at 4.  On March 16

and 17, 2023, respectively, the Mississippi Petitions were added to the same case as the

Texas Petitions for review.[3] Although the Mississippi Petitions were docketed after

EPA filed its motion to transfer venue, EPA filed a letter on March 20, 2023, with the

Court "to clarify and inform this Court that the Venue Motion applies to all petitions

for review that are filed in this docket." Doc. 70.

### VI.    Judicial Review of EPA Actions

The Mississippi Petitioners appeal EPA's disapproval of the "good neighbor"

portion of Mississippi's SIP regarding the 2015 ozone NAAQS.  The CAA prescribes

the appropriate venue for challenges to EPA action under the Act. *See* 42 U.S.C. §

7607(b)(1). The Act requires that petitions for review of a "nationally applicable" final

action must be heard by the D.C. Circuit and that review of section 7410 SIP actions

and other "locally or regionally applicable" final actions may only be heard by the

appropriate circuit court. *Id.* The Act also creates an exception to the default

presumption that "locally or regionally applicable" actions must be reviewed in the

appropriate circuit court of appeals when those actions are "based on a determination

of nationwide scope or effect" and EPA has made an adequate finding to that effect.

42 U.S.C. § 7607(b)(1); *see also Texas*, 829 F.3d 405.

---

[3] After the Mississippi Petitioners filed on March 14 and 15, 2023, the Louisiana Petitioners also filed a petition for review on March 16, 2023. The Louisiana petition is also part of Cause No. 23-60069.

## STANDARD OF REVIEW

This Court decides venue under 42 U.S.C. § 7607(b)(1) *de novo*, without deference to EPA's determinations. *Texas*, 829 F.3d at 421. Therefore, it is the Court's role to decide *de novo* the appropriate category in 42 U.S.C. § 7607(b)(1) that governs venue for review of the particular EPA action. This *de novo* review includes an assessment of the "applicability of the action" (whether the action is "nationally applicable" and therefore reviewable only by the D.C. Circuit Court or whether the action is "locally or regionally applicable" and therefore must be challenged before the appropriate circuit court of appeals); and whether (1) the scope and effect of the "core determinations in the action" are "nationwide," and (2) whether EPA has made an adequate finding thereof. *Id.* at 419-21.

## ARGUMENT

Mississippi Petitioners seek review only of the disapproval of Mississippi's SIP– a quintessentially "locally or regionally applicable" final action. While EPA combined that discrete action with other actions, and claims these actions flow from a "uniform national approach," those policy and administrative preferences cannot re-define the action itself. EPA's final action disapproving of the Mississippi SIP was not "nationally

applicable" nor was it based on a determination of "nationwide scope or effect." Therefore, venue is proper only in this Court, not the D.C. Circuit.

## I.     EPA's Disapproval of Mississippi's SIP Is Not Nationally Applicable

In its motion,[4] EPA claims that, the petitions here seek review of EPA's entire federal register notice, which EPA asserts to be "nationally applicable."[5] Doc. 50 at 9. But the Mississippi Petitions are clear on their face: they seek review of "only the Mississippi SIP disapproval."[6] *See* Docs. 52-1, 58-1.

As this Court explained in *Texas v. EPA*, 829 F.3d at 419, the relevant inquiry is what "the petitioner seeks to prevent or overturn." Here, the Mississippi Petitioners seek only to prevent and overturn EPA's disapproval of Mississippi's good neighbor SIP submission. Thus, the "action" at issue is not nationally applicable. In the notice, EPA separately identifies the disapproval of the Mississippi SIP and summarizes its Mississippi-specific basis for disapproval. *See* 88 Fed. Reg. 9,336, 9,357, 9,383. Further, EPA relies exclusively on the rationale provided by the Regional office in the proposed disapproval, which was not combined with 20 other states and for which a regional

---

[4] EPA's motion to transfer contains no specific argument regarding the Mississippi Petitions. At the time EPA filed its motion, the Mississippi Petitions had not yet been docketed with this cause.

[5] At best, EPA's federal register notice, addressing 21 SIPs, is a patchwork applicable over a little less than half of the nation. 88 Fed. Reg. at 9,380. EPA acted on the interstate transport SIPs for the 2015 ozone NAAQS from 23 other states and the District of Columbia in twenty separate notices. *Id.* at 9,362. And EPA "deferr[ed] action" on Tennessee's and Wyoming's SIPs. *Id.* at 9,337.

[6] Such a limited challenge is expressly permitted by the Court's rules. *See* Fed. R. App. P. 15(a)(2)(C) (petition for review must "specify the order or part thereof to be reviewed").

docket was established. 88 Fed. Reg. 9,336, 9,357. EPA Region 4 did not agree with MDEQ's analysis, and it proposed to find that Mississippi's existing laws did not satisfy its "good neighbor" obligation. *See* 87 Fed. Reg. 9,545, 9,557.

EPA is not the decision-maker regarding the character of the final action for purposes of venue; this Court is. *Texas*, 829 F.3d at 421; *see also Brown Express, Inc. v. United States*, 607 F.2d. 695, 700 (5th Cir. 1979) ("'the label that the particular agency puts upon its given exercise of administrative power is not, for our purposes, conclusive; rather it is what the agency does in fact.'" (quoting *Lewis-Mota v. Sec'y of Labor*, 469 F.2d 478, 481 (2nd Cir. 1972)). This Court properly looks beyond the format in which EPA published its decisions when determining venue under the Clean Air Act and has done so for decades. *See Texas*, 829 F.3d at 415 (EPA disapproval of Texas's interstate transport SIP was "locally or regionally applicable" even though its disapproval was published in the same Federal Register notice as the disapproval of Oklahoma's plan); *see also U.S. Steel Corp. v. EPA*, 595 F.2d 207 (5th Cir. 1979) (reviewing EPA designations for areas in Alabama published in a Federal Register notice that also addressed designations for several other states throughout the country).

EPA's other arguments for "national applicability" also fall short. EPA claims that its action on Mississippi's SIP is "nationally applicable" because EPA "applie[s] a 'nationally consistent 4-step interstate transport framework' to evaluate plans submitted by states across the country." Doc. 50 at 9 (citing 88 Fed. Reg. 9,336, 9,380). Regardless of EPA's assertion that it has assessed the various state SIPs consistently,

the legal impact of EPA's final action on the Mississippi SIP is in Mississippi. EPA's final action triggers a statutory obligation and deadline for EPA to "fill the gap" in Mississippi's SIP, which EPA has done in the form of emission limitations *on Mississippi sources*. *See* EPA Final Rule, Federal "Good Neighbor Plan" for the 2015 Ozone National Ambient Air Quality Standards Docket No. EPA-HQ-OAR-2021-0668 (Mar. 15, 2023). Appeals to consistency and national uniformity are insufficient to make EPA's particular action on the Mississippi SIP "nationally applicable." The D.C. Circuit recently agreed, holding that while EPA's "interpretive reasoning" may have "precedential effect in future EPA proceedings … [this fact] does not make it nationally applicable." *Sierra Club v. Env't Prot. Agency*, 47 F.4th 738, 744 (D.C. Cir. 2022); *see also Texas v. EPA,* 829 F.3d at 423.

EPA's claim that its Mississippi disapproval is "nationally applicable" because it involves "matters of interstate pollution" (Doc. 50 at 12) is also misplaced. EPA cannot characterize ozone transport as "regional [in] nature" in its final disapproval and then re-characterize its state-by-state actions on ozone transport as "nationally applicable" in its brief. 88 Fed. Reg. 9,336, 9,374; *see Luminant Generation Co. v. EPA*, 675 F.3d 917, 925 (5th Cir. 2012) (This Court "must disregard any *post hoc* rationalizations of EPA's action.").

Notably, if EPA were right about this, EPA's actions on interstate transport SIPs would never be reviewable in the regional circuits. But this is flatly inconsistent with EPA's own position with regard to several other SIPs, all equally concerning "matters

of interstate pollution," that EPA chose to approve. In those actions, EPA specified that venue for any judicial challenge would be proper in the local circuit. *See e.g.,* 84 Fed. Reg. 69,331, 69,334 (Dec. 18, 2019) (EPA approval of Alaska's SIP); 85 Fed. Reg. 25,307, 25,310 (May 1, 2020) (EPA approval of Delaware's SIP); 85 Fed. Reg. 65,722, 65,726 (Oct. 16, 2020) (EPA approval of Idaho's SIP); 84 Fed. Reg. 22,376, 22,377 (EPA approval of Oregon's SIP). It makes little sense for the national, local, or regional "applicability" of EPA's action, all of which concern "matters of interstate pollution," to vary according to whether EPA has agreed with or disagreed with the state in each instance.[7]

EPA's approach to prior petitions concerning SIPs for the same good neighbor obligation confirms this. For example, EPA approved of Colorado's analogous good neighbor SIP in 2020, and when its approval was challenged in the 10th Circuit, EPA did not attempt to transfer venue. *See* 85 Fed. Reg. 20,165 (Apr. 10, 2020); *see also Center for Biological Diversity v. EPA,* Tenth Circuit Docket No. 20-9560. After voluntary remand, EPA again approved Colorado's SIP in October 2022 – after the proposed disapproval of the Mississippi SIP had been published – and affirmed that venue for

---

[7] EPA's approval of a state's SIP does not mean that emissions originating in that state do not travel across state boundaries into downwind states. Rather, it means that EPA found that state's existing laws were "adequate" to "prohibit[]" that pollution from being "significant." Likewise, EPA has no discretion it can exercise to determine whether the scope of its action is "locally" or "nationally applicable."

any challenges to that action was proper "in the United States Court of Appeals for the appropriate circuit." 87 Fed. Reg. 61,249, 61,259 (Oct. 11, 2022).

Finally, despite EPA's policy argument that this appeal must be heard by the D.C. Circuit to avoid inconsistent outcomes, considering the views of other Circuits and minimizing or mitigating conflicting decisions is a regular practice of the Courts of Appeals. This does not change just because different Circuits are being asked to review different final agency actions on different SIPs bundled together in one Federal Register notice. In fact, the separate EPA Regions were charged with evaluating various state SIPs, and some SIPs were approved and others were disapproved. *See* 87 Fed. Reg. 9,336. This application of a broad rule of law to a specific, local set of circumstances is exactly what the Courts of Appeals would do.

## II.  EPA's Determinations in its Mississippi Final Action Do Not Have Nationwide Scope or Effect

Because it is clear that the "action" at issue in the Mississippi Petitions is only the "locally or regionally applicable" Mississippi SIP disapproval, the CAA's default presumption that venue is appropriate only in the Fifth Circuit applies. 42 U.S.C. §7607(b)(1). EPA, however, sets forth an alternative argument that the exception to this default presumption for actions that are "based on a determination of nationwide

scope or effect" is triggered. *See* 42 U.S.C. §7607(b)(1); *see also* Doc. 50 at 8. EPA is wrong.

This Court has articulated how to determine whether the exception to the default presumption applies: "we must answer two questions: (1) is the action based on a determination that has nationwide scope or effect; and (2) did the Administrator publish an adequate finding?" *Texas*, 829 F.3d, at 419, 420. And this Court has been clear that for the exception to apply, both elements of the test must be satisfied. *Id.* ([b]ecause these criteria are listed "if…and if…," both criteria must be satisfied to transfer venue from the appropriate regional circuit to the D.C. Circuit.").

In this case, the answer to both of the questions is "no," and thus EPA's motion should be denied.

In discussing how to analyze these questions, this Court has stated:

> Section 7607(b)(1) . . . looks to the "determination" that the challenged action is "based on." These determinations are the justifications the agency gives for the action and they can be found in the agency's explanation of its action. They are the reason the agency takes the action that it does.

*Id.* at 419. Further, "the relevant determinations are those that lie at the core of the agency action." *Id.*

In the action being challenged here, EPA itself identified the "core determinations" that formed the basis for its disapproval of the Mississippi SIP. Those "core determinations" are limited in scope to Mississippi—they are not of nationwide scope or effect. EPA disapproved Mississippi's SIP based on the Region 4's evaluation

of the particular contents of Mississippi's SIP submission.  88 Fed. Reg. 9,336, 9,357-58 (identifying first that "[t]he full basis for the EPA's disapprovals" is available in relevant Federal Register notifications of proposed disapproval for each state."). Specifically, Region 4 determined: that Mississippi's reliance upon a 1 ppb threshold rather than a 1% threshold "did not establish an adequate basis for eliminating… monitoring sites as an ozone transport receptor" 87 Fed. Reg. 9,545, 9,556; and that "MDEQ's SIP does not include a technical analysis to sufficiently justify use of an alternative 1 ppb threshold…" *Id.* at 9,557.  Region 4 stated "the analysis provided by Mississippi" addressing "meteorological conditions," "ozone concentrations," and Mississippi "emissions [trends]" did not satisfy the Region.  *See id.* at 9,556.  Region 4's determinations in the proposed disapproval that formed the basis for EPA's final disapproval are exactly the type of "intensely factual determinations" that, under this Court's precedent, *do not* have nationwide scope or effect.  *Texas*, 829 F.3d at 421.  As this Court explained in the Texas regional haze case: "[t]hese determinations all related to the particularities of the emission sources in Texas" and their alleged impact on downwind air quality.  *Id.*

Moreover, it is clear that EPA's assessment of MDEQ's analysis of Mississippi emissions constituted "the core determinations."  The final disapproval is based solely on the Region's determinations, as articulated in the Region's proposed denial, and provides no additional or supplemental reasoning or analysis that the Region 4

disapproval of Mississippi's SIP should be viewed as a determination with "nationwide scope or effect." *See* 88 Fed. Reg. 9,336, 9,356-57 n. 157-62.

EPA's argument is ultimately based on the claim that "the CAA reserves to the EPA complete discretion whether to invoke the exception in [42 U.S.C. §7607(b)(1)(ii)]." 88 Fed. Reg. 9,336, 9,380. EPA's claim runs in direct conflict to this Court's binding precedent. This Court has explained the limited discretion that EPA has over venue this way: "[t]he Act 'gives EPA discretion to transfer venue' *when the nationwide scope or effect condition is satisfied.*" *State v. EPA* 983 F.3d 826, 834 (5th Cir. 2020) (quoting *Texas,* 829 F.3d at 421). EPA does not have broad discretion to transfer venue simply because it published a finding—this Court still must make its own determination regarding the scope or effect of EPA's action.

As this Court held in rejecting this same argument by EPA in the Texas Regional Haze case: "EPA . . . cannot point to any part of § 7607(b)(1) giving it such exclusive authority. Rather, the statute provides a clear metric by which a court can assess the scope or effect of the relevant determinations." *Texas,* 829 F.3d at 420. This Court, rather than EPA, assesses the scope of EPA's determinations and the applicability of the action and is not required to defer to EPA's determination regarding venue. *Id.* at 417-18, 421.

Were this Court to make a determination that EPA's action was "based on a determination that has nationwide scope or effect," it only then turns to whether EPA has made an adequate finding regarding that action's scope. *See Texas,* 829 F.3d at 420.

18

Accordingly, the Court's determination regarding whether EPA has made an "adequate finding" becomes relevant, if at all, only after the Court has determined that EPA's action was "locally or regionally applicable" and that it was also "based on a determination that has nationwide scope or effect." *See id.* At that point in the Court's analysis, the "action" being considered would be EPA's disapproval of the Mississippi SIP specifically.

Importantly, EPA did not make any finding with respect to Mississippi specifically. 88 Fed. Reg. 9,336, 9,380-81 ("[t]his rulemaking is 'nationally applicable' within the meaning of CAA section 307(b)(1). In this final action...the EPA is disapproving SIP submittals for the 2015 ozone NAAQS for 21 states located across a wide geographic area..."). Because it did not address its action regarding the Mississippi SIP with particularity, EPA did not make an adequate finding of "nationwide scope" with respect to its disapproval of the Mississippi SIP. *Id.* To allow EPA to rely on its generic finding as to "nationwide scope" would simply allow EPA to re-animate its claim that its action is "nationally applicable"—a claim which must have been resolved against EPA in order for the Court to reach this question in the first place.

Finally, equity and this Court's precedent weigh in favor of venue here. There is no doubt that EPA's disapproval of Mississippi's SIP is intensely focused on Mississippi-specific factors. The Mississippi SIP submitted to EPA Region 4 considered emissions from Mississippi, reviewed modeled contributions to a collection of receptors specific to Mississippi, assessed Mississippi's existing state law, and considered

Mississippi sources' emissions. Even if EPA applied a "nationally uniform approach," the Mississippi specifics of this case lie at the heart of the matter. Transferring the Mississippi Petitions, as well as others from this Circuit and from other Circuits, to the D.C. Circuit Court may be convenient for EPA, but it would likely jeopardize the opportunity for the state-specific analysis as to Mississippi, performed by EPA Region 4 and relied upon by EPA for its final disapproval, to be examined fully because it would be lumped in with several other challenges with their own state-specific analyses. This is exactly why Congress insisted that review of SIP actions should occur in the appropriate local circuit courts.

## III.    EPA's Motion to Dismiss the Petitions Should Be Denied

EPA's motion doubles as a motion to dismiss. Doc. 50 at 19. It is clear the motion to dismiss the petitions is unsupported and should be denied as a threshold matter. This Court has jurisdiction over the petitions for review, which were timely filed. *Texas*, 829 F.3d at 418 (holding that §7607(b)(1) is a "conferral of jurisdiction upon the courts of appeals" generally and not "a limitation on the power of the courts" (quoting *Harrison v. PPG Indus., Inc.*, 446 U.S. 578, 593 (1980))).  Contrary to EPA's suggestion (Doc. 50 at 9 n.7), Petitioners are not required to file protective petitions in the D.C. Circuit before the statutory 60-day deadline in order to preserve their right to review.  Nothing in the D.C. Circuit's decision in *Chevron U.S.A., Inc. v. EPA*, 45 F.4th 380 (D.C. Cir. 2022), changes that result.  There, the Court did not hold that Chevron

was required to have filed protectively in both circuits and could lose its right to review by not doing so. *Id.* at 388.

## **CONCLUSION**

For the foregoing reasons, EPA's motion to dismiss or transfer should be denied.

Respectfully submitted,

LYNN FITCH
Attorney General of Mississippi

s/ Justin L. Matheny
Whitney H. Lipscomb
  Deputy Attorney General
Justin L. Matheny
  Deputy Solicitor General
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY
GENERAL
P.O. Box 220
Jackson, Mississippi 39205-0220
Telephone: (601) 359-3680
E-mail: justin.matheny@ago.ms.gov

*Counsel for Petitioners State of*
*Mississippi and Mississippi*
*Department of Environmental Quality*

s/ C. Grady Moore III

*Counsel for Petitioner Mississippi Power Company*

C. Grady Moore III
BALCH & BINGHAM LLP
1901 6th Ave. N., Ste. 1500
Birmingham, Alabama 35203
(205) 251-8100
gmoore@balch.com

Bradley A. Ennis
Susan Scaggs Stutts
BALCH & BINGHAM LLP
1310 25th Avenue
Gulfport, MS 39501
(228) 864-9900

Shawn S. Shurden
General Counsel
Mississippi Power Company
2992 West Beach Boulevard
Gulfport, MS 39502
(228) 229-0915

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the requirements of Fed. R. App. P. 27(d)(2)(A) because it contains 5,123 words according to the count of Microsoft Word, excluding the parts of the motion exempted by Fed. R. App. P. 32(f), and therefore is within the word limit of 5,200 words.

I further certify that this motion complies with the requirements of Fed. R. App. P. 32(a)(5) and (6) because it has been prepared in 14-point Garamond, a proportionally-spaced font, and is double-spaced, except for headings, block quotes, and footnotes.

/s/ C. Grady Moore III
*Counsel for Petitioner Mississippi Power Company*

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2023, I served the foregoing Mississippi Petitioners' Joint Response in Opposition to Respondents' Motion to Transfer the Petition for Review to the D.C. Circuit or Dismiss Based on Improper Venue on all registered counsel through the Court's electronic filing system (CM/ECF).

/s/ C. Grady Moore III
*Counsel for Petitioner Mississippi Power Company*