No. 23-60069

# In the United States Court of Appeals for the Fifth Circuit

State of Texas; Texas Commission on Environmental Quality; Luminant Generation Company, L.L.C.; Coleto Creek Power, L.L.C.; Ennis Power Company, L.L.C.; Hays Energy, L.L.C.; Midlothian Energy, L.L.C.; Oak Grove Management Company, L.L.C.; Wise County Power Company, L.L.C.; Association of Electric Companies of Texas; BCCA Appeal Group; Texas Chemical Council; Texas Oil & Gas Association; Public Utility Commission of Texas; Railroad Commission of Texas; State of Mississippi; Mississippi Department of Environmental Quality; Mississippi Power Company; State of Louisiana; Louisiana Department of Environmental Quality,

*Petitioners*,

*v.*

United States Environmental Protection Agency; Michael S. Regan, Administrator, United States Environmental Protection Agency,

*Respondents*.

## STATE OF TEXAS PETITIONERS' RESPONSE TO MOTION FOR LEAVE TO INTERVENE

In their motion for leave to intervene in this litigation, Sierra Club, Air Alliance Houston, and Downwinders at Risk (collectively, "Movants") claim an interest in defending EPA's disapproval of Texas's SIP and assert that EPA will not adequately represent that interest. Mot. 17, 24. Although requests for leave to intervene in challenges to EPA rules are both common and commonly granted, this motion varies

from the norm in two respects. A denial of leave to intervene, or at the very least a limitation on Movants' intervention, is warranted.

Although Movants suggest that their arguments will differ from EPA's, their proposed response to Texas Petitioners' stay motions tracks what EPA has already told the Court. To justify intervention as of right, Movants must show an adversity of interests. But if anything, Movants' filings in this Court demonstrate the opposite: a complete *alignment* of interests. That makes intervention as of right improper. And Movants offer no support, beyond a recitation of the governing standard, for their alternative request for permissive intervention.

Even if Movants are granted leave to intervene despite those shortcomings, the Court should require them to take this case as they found it. Movants cannot expand the scope of the petitions for review, which challenge only specific parts of EPA's action, to buttress their (and EPA's) argument for a D.C. Circuit venue.

## Argument

### I. Movants Do Not Meet the Standard for Intervention Under Rule 24.

Under Federal Rule of Civil Procedure 24, which has guided intervention in actions brought in this Court, *see, e.g.*, *Texas v. Dep't of Educ.*, 754 F.2d 550, 552 (5th Cir. 1985), a court must allow intervention if the proposed intervenor has "an interest relating to the property or transaction that is the subject of the action" and none of the existing parties will adequately represent its interests. Fed. R. Civ. P. 24(a)(2). Alternatively, a court may allow intervention when the proposed intervenor "has a

claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

Here, Movants did not meet their burden to establish inadequate representation. They cannot deny that EPA is forcefully defending its action disapproving Texas's SIP. Movants therefore fail to demonstrate a right to intervene. And Movants have not explained why permissive intervention should be granted if intervention as of right is unavailable.

### A.  Movants have not established an entitlement to intervene.

"[M]inimal" though it may be in most cases, *Edwards v. City of Houston*, 78 F.3d 983, 1005 (5th Cir. 1996) (en banc), the burden to establish inadequate representation by the existing parties to a suit "cannot be treated as so minimal as to write the requirement completely out of the rule," *Texas v. United States*, 805 F.3d 653, 661 (5th Cir. 2015) (cleaned up). And when "the would-be intervenor has the same ultimate objective as a party to the lawsuit," this Court presumes adequate representation and imposes a more stringent burden: "the applicant for intervention must show adversity of interest, collusion, or nonfeasance on the part of the existing party to overcome the presumption." *Id.* (cleaned up).

Here, EPA and Movants have the "same ultimate objective," *id.*: defeating Texas Petitioners' challenge to EPA's disapproval of Texas's SIP. *See, e.g.*, Movants' Proposed Resp. to Motions to Stay, Doc. 111-2 at 29; EPA's Resp. to Motions to Stay, Doc. 179 at 39. Movants make three arguments to rebut the presumption of adequate representation. None is persuasive.

3

**1.** Movants first suggest (at 24) that EPA's representation might be inadequate because Movants sued EPA in a different suit "to force the agency to satisfy its statutory duties under the Clean Air Act." But the fact that EPA and Movants might not have been aligned on issues that *preceded* Texas Petitioners' suit does not show an adversity of interests in *this* litigation. Movants previously sued EPA to compel agency action on Texas's SIP submittal. But Movants' success in that prior litigation aligned their interest with EPA's present interest in defending its now-final action.

This situation thus differs from the one presented in *Texas v. United States*, in which Texas sued the federal government to halt the enforcement of the Deferred Action for Parents of Americans (DAPA) immigration program. 805 F.3d at 655-56. Private proposed intervenors, potential beneficiaries of the program, sought to intervene in support of the government and in defense of DAPA. *Id.* In reversing the district court's denial of the motion to intervene, this Court found sufficient adversity of interests based on the government's litigation strategy. Specifically, in attempting to defeat Texas's standing, the government took a position directly adverse to the private proposed intervenors—namely, that States may refuse to issue drivers' licenses to DAPA recipients. *Id.* at 663. By contrast, no such conflict in positions is present here. EPA has vigorously defended the challenged rule on the same grounds that Movants propose to reiterate.

**2.** Movants next assert (at 25) that EPA "has an obligation to balance multiple, conflicting public interests and not just the proposed intervenor's private interests." But Movants again fail to identify any concrete conflict or misalignment of interests, and they overlook this Court's observation that reliance on a broad public-interest

argument is insufficient on its own. *See, e.g.*, *id.* (citing *Daggett v. Comm'n on Governmental Ethics & Election Practices*, 172 F.3d 104, 112 (1st Cir. 1999), for the proposition that "[t]he general notion that the [government] represents 'broader' interests at some abstract level is not enough" under Rule 24(a)); *see also Hopwood v. Texas*, 21 F.3d 603, 605-06 (5th Cir. 1994) (affirming denial of intervention where the proposed intervenors did not demonstrate how the State's "broader" interests would affect the State's defense of the challenged policy); *Ingebretsen v. Jackson Pub. Sch. Dist.*, 88 F.3d 274, 281 (5th Cir. 1996) (finding that the Mississippi Attorney General adequately represented the interest of "all Mississippians affected by" the challenged law).

3. Movants finally claim (at 26-27) that "Proposed-Intervenors likely will make different arguments than EPA" and that "Proposed-Intervenors cannot rely on EPA to make all arguments that Proposed-Intervenors believe should be advanced to protect their members' interests." But their proposed response in opposition to Texas Petitioners' stay motions suggests the opposite. Movants advance arguments virtually identical to EPA's. For instance, they argue that this case should be transferred. Doc. 111-2 at 6. They assert that "the Supreme Court has upheld EPA's one-percent threshold" for determining "significant contribution" and that "Texas emissions exceeded [that] threshold." *Id.* at 15-16. And they contend that "Congress entrusted EPA with the authority to determine how much a state must reduce its pollution in order to prevent interference with downwind maintenance." *Id.* at 11. The fact that EPA has already said as much, *e.g.*, Doc. 179 at 15-18, belies Movants'

suggestion of a divergence of interests, let alone a divergence significant enough to warrant intervention as of right.

### B. Movants should not be granted permissive intervention.

Without elaboration, Movants assert in the alternative (at 27) that they "meet the requirements for permissive intervention because they will assert defenses that share questions of law and fact with Petitioners' challenges, including whether the rule is supported by the agency's record." Because they did not adequately brief this issue, it is waived. *See Coury v. Moss*, 529 F.3d 579, 587 (5th Cir. 2008). And as explained above, Movants have failed to rebut the presumption of adequate representation, which alone is sufficient grounds for denying permissive intervention. *See, e.g.*, *Staley v. Harris County*, 160 F. App'x 410, 414 (5th Cir. 2005) (explaining that denial of permissive intervention was proper where another party "adequately represent[ed] [intervenor's] interests").

## II. Movants Cannot Expand the Scope of the Petitions for Review.

As a general matter, "an intervenor is held to take the case as he finds it." *Newport News Shipbuilding & Drydock Co. v. Peninsula Shipbuilders' Ass'n*, 646 F.2d 117, 122 (4th Cir. 1981). A motion to intervene is therefore not an appropriate vehicle to raise additional issues not put forward by the petitioning parties. *See United Gas Pipe Line Co. v. FERC*, 824 F.2d 417, 435-36 (5th Cir. 1987).

Movants ignore those principles. They incorrectly contend that "this case" concerns "Texas, Louisiana, Mississippi, and the 18 other states subject to the rule"

and that the "Texas Industry Petitioners apparently move to stay the national Disapproval Rule in its entirety." Movants' Mot. For Leave to File a Resp. in Opposition to Mots. for Stay, Doc. 111-1 at 4-5, 6. Based on those false premises, Movants insist that this is a national matter that should be transferred to the D.C. Circuit.

Not so. The Texas Petitioners[1] challenge, and seek to stay, only EPA's disapproval of Texas's SIP. *See* Docs. 1-1 at 1, 3-1 at 1, 5-1 at 1, 31-1 at 8, 32-1 at 14, 44-1 at 1. The Louisiana Petitioners[2] challenge, and seek to stay, only the disapproval of Louisiana's SIP. *See* Docs. 63-1 at 1, 112-1 at 8. The Mississippi Petitioners[3] challenge only the disapproval of Mississippi's SIP. *See* Docs. 52-1 at 1, 58-1 at 1. Movants therefore err in treating the petitions for review that the Clerk has filed under this cause number as challenging a single EPA action. Their intervention cannot convert this regional matter into a national one. Any order granting Movants leave to intervene should limit the intervention to the subject matter of the petitions for review.

---

[1] The State of Texas; Texas Commission on Environmental Quality; Public Utility Commission of Texas; Railroad Commission of Texas; Luminant Generation Company, L.L.C.; Coleto Creek Power, L.L.C.; Ennis Power Company, L.L.C.; Hays Energy, L.L.C.; Midlothian Energy, L.L.C.; Oak Grove Management Company, L.L.C.; Wise County Power Company, L.L.C.; Association of Electric Companies of Texas; BCCA Appeal Group; Texas Chemical Council; and Texas Oil & Gas Association.

[2] State of Louisiana and Louisiana Department of Environmental Quality.

[3] State of Mississippi, Mississippi Department of Environmental Quality, and Mississippi Power Company.

## Conclusion

The motion for leave to intervene should be denied. If the motion is granted, the Court should limit Movants' intervention to the subject matter of the petitions for review.

Respectfully submitted.

Ken Paxton
Attorney General of Texas

Brent Webster
First Assistant Attorney General

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

Judd E. Stone II
Solicitor General

/s/ Bill Davis
Bill Davis
Deputy Solicitor General
Bill.Davis@oag.texas.gov

Michael R. Abrams
William F. Cole
Joseph N. Mazzara
Assistant Solicitors General

Counsel for Petitioners State of Texas, Texas Commission on Environmental Quality, Public Utility Commission of Texas, and Railroad Commission of Texas

## Certificate of Service

On April 13, 2023, this response was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court. Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with the most recent version of Symantec Endpoint Protection and is free of viruses.

/s/ Bill Davis
Bill Davis

## Certificate of Compliance

This document complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,672 words, excluding the parts of the document exempted by Rule 32(f); and (2) the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Equity) using Microsoft Word (the same program used to calculate the word count).

/s/ Bill Davis
Bill Davis