No. 23-60069

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

STATE OF TEXAS; TEXAS COMMISSION ON ENVIRONMENTAL
QUALITY; LUMINANT GENERATION COMPANY, L.L.C.; COLETO
CREEK POWER, L.L.C.; ENNIS POWER COMPANY, L.L.C.; HAYS
ENERGY, L.L.C.; MIDLOTHIAN ENERGY, L.L.C.; OAK GROVE
MANAGEMENT COMPANY, L.L.C.; WISE COUNTY POWER
COMPANY, L.L.C.; ASSOCIATION OF ELECTRIC COMPANIES OF
TEXAS; BCCA APPEAL GROUP; TEXAS CHEMICAL COUNCIL; TEXAS
OIL & GAS ASSOCIATION; PUBLIC UTILITY COMMISSION OF TEXAS;
RAILROAD COMMISSION OF TEXAS; STATE OF MISSISSIPPI;
MISSISSIPPI DEPARTMENT OF ENVIRONMENTAL QUALITY;
MISSISSIPPI POWER COMPANY; STATE OF LOUISIANA; LOUISIANA
DEPARTMENT OF ENVIRONMENTAL QUALITY,

*Petitioners*,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY;
MICHAEL S. REGAN, Administrator, United States Environmental
Protection Agency,

*Respondents*.

---

TEXAS INDUSTRY PETITIONERS' RESPONSE
TO MOTION FOR LEAVE TO INTERVENE BY SIERRA CLUB, AIR
ALLIANCE HOUSTON, AND DOWNWINDERS AT RISK

---

In accordance with the Court's Order dated March 30, 2023 (Doc. 144-2), Texas Industry Petitioners[1] file this response to the Motion to Intervene filed by Sierra Club, Air Alliance Houston, and Downwinders at Risk (collectively, "Sierra Club") on March 27, 2023 (Doc. 100-1) ("Mot.").

## RESPONSE

### I.    Sierra Club, as an Intervenor, Cannot Expand the Scope of This Case

Sierra Club repeatedly mischaracterizes the scope of this case.  It says that this case involves "challenges to a single EPA Clean Air Act rule that applies to 21 states" (Mot. at 2); that "this case" concerns "Texas, Louisiana, Mississippi, and the 18 other states subject to the rule" (Doc. 111-1 at 4-5); and that the "Texas Industry Petitioners apparently move to stay the national Disapproval Rule in its entirety" (*id.* at 6).

Sierra Club is wrong about the scope of this case.  The various filings under this cause number relate to distinct parts of a final EPA rule entitled "Air Plan Disapprovals; Interstate Transport of Air Pollution for the 2015 8-Hour Ozone National Ambient Air Quality Standards," 88 Fed. Reg. 9,336 (Feb. 13, 2023) ("Final Rule"). Each Petitioner challenges only the disapproval in the Final Rule that is applicable to them.  For example, the Texas Petitioners' challenge is limited to the part of the Final Rule that

---

[1] Luminant Generation Company LLC; Coleto Creek Power, LLC; Ennis Power Company, LLC; Hays Energy, LLC; Midlothian Energy, LLC; Oak Grove Management Company LLC; Wise County Power Company, LLC; Association of Electric Companies of Texas; BCCA Appeal Group; Texas Chemical Council; and Texas Oil & Gas Association.

disapproved Texas's state implementation plan ("SIP"). *See* Docs. 1-1 at 1, 3-1 at 1, 5-1 at 1, 44-1 at 1. Similarly, the Texas Petitioners' motions to stay only relate to EPA's disapproval of Texas's SIP. *See* Docs. 31-1 at 20, 32-1 at 11-16. The same is true for the Louisiana Petitioners' challenge and stay motion (*see* Docs. 63-1 at 1, 112-1 at 12-13) and the Mississippi Petitioners' challenge (*see* Docs. 52-1 at 1, 58-1 at 1). Such limited challenges are expressly authorized by Federal Rule of Appellate Procedure 15(a)(2)(C) and are hardly unusual. *See, e.g.*, *U.S. Steel Corp. v. EPA*, 595 F.2d 207, 218 (5th Cir. 1979) (vacating EPA designations for areas in Alabama published in a multi-state Federal Register notice). Sierra Club is wrong to ignore the particularities of each petition and stay motion simply because they are filed under a single cause number.

Sierra Club does so, apparently, in an attempt to convert this case into a "national" one that it believes should be transferred to the D.C. Circuit. But Sierra Club cannot convert a case that involves, at most, EPA action on 3 states, into a 21-state case, much less a national one. "Generally speaking, an intervenor is held to take the case as he finds it." *Newport News Shipbuilding & Drydock Co. v. Peninsula Shipbuilders' Ass'n*, 646 F.2d 117, 122 (4th Cir. 1981). Sierra Club's motion to intervene is not a petition for review that can add new claims or issues to this case. *See United Gas Pipe Line Co. v. FERC*, 824 F.2d 417, 434-35 (5th Cir. 1987) (explaining that a "petition for review in Fed.R.App.P. 15(a) is the only proper form to seek review of agency action" and rejecting argument that intervenors, who did not file petition for review, "may properly raise additional issues through their notices of intervention"). Thus, to the

extent that Sierra Club seeks to expand the scope of this case, for purposes of its venue arguments or otherwise, its intervention is inappropriate and should be denied. Should the Court determine that Sierra Club otherwise meets the standard for intervention, it should limit its intervention to only those matters raised in the petitions for review filed in this Court.

## II. Sierra Club's Claimed Interest in This Case Confirms That Texas Industry Petitioners' Irreparable Harm Flows Directly from EPA's Texas SIP Disapproval

Sierra Club's Motion confirms that EPA's *disapproval of Texas's SIP* is the EPA action giving rise to Texas Industry Petitioners' irreparable harm. To justify intervention, Sierra Club's Motion claims an "interest[] in reducing ozone pollution [that] may be impaired because the Petitioners ultimately seek to vacate or delay EPA's Disapproval [of Texas's SIP], thereby . . . [removing the emission reductions] expected from implementation of EPA's rule." Mot. at 22; *see also id.* at 20 n.16 (claiming that Sierra Club's members suffer injury "which would be redressed, in part, by the Disapproval Rule[.]"). This claimed interest directly refutes Sierra Club's argument—advanced in its proposed opposition to Texas Petitioners' motions to stay—that Texas Petitioners "allege harms from a *separate* agency action not actually before this Court," *i.e.*, EPA's Federal Implementation Plan ("FIP"). Doc. 111-2 at 17. Both cannot be true.

The truth is, it is readily apparent to all parties, including Sierra Club, that EPA's disapproval of Texas's SIP directly causes Texas Industry Petitioners' irreparable harm because it is the sole source of EPA's authority to impose its FIP on Texas, which EPA

has now done.  42 U.S.C. § 7410(c)(1)(B).  Contrary to Sierra Club's (Doc. 111-2 at 17-19) and EPA's (Doc. 179 at 30-31) identical claim, Texas Petitioners need not also seek review of EPA's not-yet-published FIP to obtain a judicial stay that would halt the FIP's emission limitations as to Texas.  The "proper course" is to seek a stay of EPA's antecedent SIP disapproval, which is what Texas Petitioners have done.  *See EME Homer City Generation, L.P. v. EPA*, 696 F.3d 7, 44 n.6 (D.C. Cir. 2012) (Rogers, J, dissenting) ("If [parties] wish to avoid enforcement of the Transport Rule FIPs because they contend EPA's SIP disapprovals were in error, the proper course is to seek a stay of EPA's disapprovals in their [separate] pending cases; if granted, a stay would eliminate the basis upon which EPA may impose FIPs on those States." (citing 42 U.S.C. § 7410(c)(1)(B))), *rev'd on other grounds*, 572 U.S. 489 (2014).

## III.  Sierra Club's Arguments Against a Stay Are Identical to EPA's

Sierra Club's Motion contends that EPA does not adequately represent its interests in this case.  Mot. at 24.  Yet, it advances the exact same arguments that EPA does in opposing Texas Petitioners' stay motions.

Like EPA, Sierra Club, argues that "Congress entrusted EPA with the authority to determine how much a state must reduce its pollution in order to prevent interference with downwind maintenance."  Doc. 111-2 at 11.  But Sierra Club's argument, like EPA's, is based on decisions dealing with EPA's FIP authority, not cases addressing the States' primary authority to develop a SIP and interpret the Act.  *Id.* at 11-12 (citing

FIP cases—*North Carolina*, *Wisconsin*, *EME Homer*).  For SIPs, the Supreme Court confirmed that the "delegation of authority" to determine how to comply with the good neighbor provision runs to the State, not EPA.  *See EPA v. EME Homer City Generation, L.P.*, 572 U.S. 489, 514 & n.15 (2014) ("[T]he Good Neighbor Provision is initially directed to upwind States.").  And it further confirmed that "[n]othing in the Act differentiates the Good Neighbor Provision from the several other matters a State must address in its SIP."  *Id.* at 509.  At the SIP stage, "EPA does not possess any 'discretionary authority'" and "[o]nly the [S]tates enjoy discretion in implementing the dictates of the CAA."  *Luminant Generation Co. v. EPA*, 675 F.3d 917, 928 n.8 (5th Cir. 2012).

Like EPA, Sierra Club argues that "the Supreme Court has upheld EPA's one-percent threshold" for determining "significant contribution" and that "Texas emissions exceeded [that] threshold."  Doc. 111-2 at 15-16 (citing *EME Homer*).  But the Supreme Court in *EME Homer* dealt exclusively with EPA's promulgation of *federal* implementation plans, not States' promulgation of good neighbor SIPs or EPA's review of them.  *EME Homer*, 572 U.S. at 503.  EPA's antecedent SIP disapprovals, which had largely gone "unchallenged," were not even before the Supreme Court.  *Id.* at 503 & n.11 ("[SIP] challenges were not consolidated with this proceeding[.]").  Even for a FIP, the Supreme Court did not hold that applying a blanket one-percent threshold was the *only* reasonable way to interpret "significant contribution."  As this Court has explained, EPA's one-percent threshold "does not appear in the text of [the interstate transport] provision," *Texas v. EPA*, 983 F.3d 826, 839 (5th Cir. 2020), so it cannot be used as the

standard to judge Texas's SIP, *Texas v. EPA*, 829 F.3d 405, 428 (5th Cir. 2016). Rather, Texas has the discretion to develop its own method to assess significant contribution under the statute. Thus, to the extent that Sierra Club claims that its members are harmed because Texas has not implemented EPA's one-percent threshold as the "statutorily-mandated pollution reductions" (Mot. at 20 n.16), that interest is not germane *to this SIP case* and does not support intervention here.

## IV. Sierra Club Omits Key History from the *EME Homer* Case

Sierra Club opposes a stay based on its claims that Texas Petitioners "have a history of claiming that EPA's Good Neighbor plans would compromise reliability" and that there is a "gap between Movants' repeated rhetoric and reality[.]" Doc. 111-2 at 22. In support of this accusation, Sierra Club cites Texas's stay motion in the original Transport Rule case in 2011. *Id.* at 22 & n.9.

The only "gap" here is Sierra Club's selective memory of the *EME Homer* case. What Sierra Club conveniently leaves out of the story is that the D.C. Circuit **granted** the Texas motion to stay the Transport Rule before it went into effect, thus alleviating the irreparable harm demonstrated by Texas petitioners in that case. *See* Order, *EME Homer City Generation, L.P. v. EPA*, No. 11-1302 (D.C. Cir. Dec. 30, 2011). And Texas ultimately **prevailed on the merits** of its argument that EPA had unlawfully over-controlled Texas sources. *See EME Homer City Generation, L.P. v. EPA*, 795 F.3d 118, 129 (D.C. Cir. 2015) ("EPA has required Texas 'to reduce emissions by more than the amount necessary to achieve attainment in *every* downwind State to which it is linked,'

in clear violation of the Supreme Court's directive."  "Those emissions budgets are therefore invalid.").  The Court here, like the D.C. Circuit in *EME Homer*, should stay EPA's action as to Texas to allow for a considered and thoughtful review of Texas Petitioners' claims without risking irreparable harm in the meantime.

Respectfully submitted,

s/ P. Stephen Gidiere III
P. Stephen Gidiere III
Julia B. Barber
BALCH & BINGHAM LLP
1901 6th Ave. N., Ste. 1500
Birmingham, Alabama 35203
205-251-8100
sgidiere@balch.com

Stephanie Z. Moore
Executive Vice President & General Counsel
Daniel J. Kelly
Senior Vice President & Deputy General Counsel
David W. Mitchell
Senior Counsel, Environmental
VISTRA CORP.
6555 Sierra Drive
Irving, Texas 75039

*Counsel for Luminant Generation Company LLC, Coleto Creek Power, LLC, Ennis Power Company, LLC, Hays Energy, LLC, Midlothian Energy, LLC, Oak Grove Management Company LLC, and Wise County Power Company, LLC*

s/ Aaron M. Streett
Aaron M. Streett
Matthew L. Kuryla
BAKER BOTTS L.L.P.
910 Louisiana St.
Houston, Texas 77002
Tel.: (713) 229-1234
Fax: (713) 229-1522
aaron.streett@bakerbotts.com

*Counsel for Association of Electric Companies of Texas, BCCA Appeals Group, Texas Chemical Council, and Texas Oil & Gas Association*

## CERTIFICATE OF COMPLIANCE

The undersigned counsel states that this document complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,713 words, excluding the parts of the document exempted by Rule 32(f); and (2) the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface in 14-point Garamond font using Microsoft Word (the same program used to calculate the word count).

Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with the most recent version of a commercial virus scanning program and is free of viruses.

s/ P. Stephen Gidiere III
*Counsel for Luminant Generation Company LLC, Coleto Creek Power, LLC, Ennis Power Company, LLC, Hays Energy, LLC, Midlothian Energy, LLC, Oak Grove Management Company LLC, and Wise County Power Company, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this 13th day of April, 2023.

s/ P. Stephen Gidiere III

*Counsel for Luminant Generation Company LLC, Coleto Creek Power, LLC, Ennis Power Company, LLC, Hays Energy, LLC, Midlothian Energy, LLC, Oak Grove Management Company LLC, and Wise County Power Company, LLC*