# United States Court of Appeals
**FIFTH CIRCUIT**
OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

April 17, 2023

Mr. Jeffrey Prieto
Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
William Jefferson Clinton Building
Washington, DC 20460

    No. 23-60069   State of Texas v. EPA
                             Agency No. 88 Fed. Reg. 9336-9384

(Petition for Review filed by Louisiana Chemical Association, Mid-Continent Oil and Gas Association, and Louisiana Electric Utility Environmental Group, L.L.C.)

Dear Mr. Prieto,

You are served with the following document(s) under FED. R. APP. P. 15:

Petition for Review.

**Special Guidance for Filing the Administrative Record**: Pursuant to 5th Cir. R. 25.2, Electronic Case Filing (ECF) is mandatory for all counsel. Agencies responsible for filing the administrative record with this court are requested to electronically file the record via CM/ECF using one or more of the following events as appropriate:

Electronic Administrative Record Filed;
Supplemental Electronic Administrative Record Filed;
Sealed Electronic Administrative Record Filed; or
Sealed Supplemental Electronic Administrative Record Filed.

Electronic records must meet the requirements listed below. Records that do not comply with these requirements will be rejected.

- Max file size 20 megabytes per upload.
- Where multiple uploads are needed, describe subsequent files as "Volume 2", "Volume 3", etc.
- Individual documents should remain intact within the same file/upload, when possible.
- Supplemental records must contain the supplemental documents only. No documents contained within the original record should be duplicated.

Electronic records are automatically paginated for the benefit of counsel and the court and provide an accurate means of citing to the record in briefs. A copy of the paginated electronic record is provided to all counsel at the time of filing via a Notice of Docket Activity (NDA). Upon receipt, counsel should save a copy of the paginated record to their local computer.

Agencies unable to provide the administrative record via docketing in CM/ECF may instead provide a copy of the record on a flash drive or CD which we will use to upload and paginate the record.

If the agency intends to file a certified list in lieu of the administrative record, it is *required* to be filed electronically. Paper filings will not be accepted. See **Fed. R. App. P.** 16 and 17 as to the composition and time for the filing of the record.

ATTENTION ATTORNEYS: Attorneys are required to be a member of the Fifth Circuit Bar and to register for Electronic Case Filing. The "Application and Oath for Admission" form can be printed or downloaded from the Fifth Circuit's website, www.ca5.uscourts.gov. Information on Electronic Case Filing is available at www.ca5.uscourts.gov/cmecf/.

We recommend that you visit the Fifth Circuit's website, www.ca5.uscourts.gov and review material that will assist you during the appeal process. We especially call to your attention the Practitioner's Guide and the 5th Circuit Appeal Flow Chart, located in the Forms, Fees, and Guides tab.

Counsel who desire to appear in this case must electronically file a "Form for Appearance of Counsel" within 14 days from this date. You must name each party you represent, see **Fed. R. App. P.** and **5th Cir. R.** 12. The form is available from the Fifth Circuit's website, www.ca5.uscourts.gov. If you fail to electronically file the form, we will remove your name from our docket.

**Special guidance regarding filing certain documents:**

General Order No. 2021-1, dated January 15, 2021, requires parties to file in paper highly sensitive documents (HSD) that would ordinarily be filed under seal in CM/ECF. This includes documents likely to be of interest to the intelligence service of a foreign government and whose use or disclosure by a hostile foreign government would likely cause significant harm to the United States or its interests. Before uploading any matter as a sealed filing, ensure it has not been designated as HSD by a district court and does not qualify as HSD under General Order No. 2021-1.

A party seeking to designate a document as highly sensitive in the first instance or to change its designation as HSD must do so by motion. Parties are required to contact the Clerk's office for guidance before filing such motions.

**Sealing Documents on Appeal:** Our court has a strong presumption of public access to our court's records, and the court scrutinizes any request by a party to seal pleadings, record excerpts, or other documents on our court docket. Counsel moving to seal matters must explain in particularity the necessity for sealing in our

court. Counsel do not satisfy this burden by simply stating that the originating court sealed the matter, as the circumstances that justified sealing in the originating court may have changed or may not apply in an appellate proceeding. It is the obligation of counsel to justify a request to file under seal, just as it is their obligation to notify the court whenever sealing is no longer necessary. An unopposed motion to seal does not obviate a counsel's obligation to justify the motion to seal.

Sincerely,

LYLE W. CAYCE, Clerk

By: _____
Allison G. Lopez, Deputy Clerk
504-310-7702

Enclosure(s)

cc w/encl:
    Mr. Michael Abrams
    Mr. David R. Baake
    Mrs. Jill Carter Clark
    Mr. William Francis Cole
    Mr. Bill L. Davis
    Mr. Bradley Aaron Ennis
    Mr. Merrick Garland, U.S. Attorney General
    Mr. Philip Stephen Gidiere III
    Ms. Machelle Rae Lee Hall
    Mrs. Maureen Noonan Harbourt
    Ms. Debra Jezouit
    Mr. Todd Sunhwae Kim
    Mr. Matthew Lynn Kuryla
    Ms. Jin Hyung Lee
    Mr. Justin Lee Matheny
    Mr. Joseph N. Mazzara
    Mr. Shae Gary McPhee Jr.
    Mr. Carl Grady Moore III
    Ms. Elizabeth Baker Murrill
    Mr. Joshua Smith
    Mr. Joseph Scott St. John
    Mr. Aaron Michael Streett
    Ms. Susan Scaggs Stutts

**P.S. to Counsel: A revised copy of the caption is enclosed, which should be used on all future filings.**

Provided below is the court's official caption.  Please review the parties listed and advise the court immediately of any discrepancies.  If you are required to file an appearance form, a complete list of the parties should be listed on the form exactly as they are listed on the caption.

---

Case No. 23-60069

---

State of Texas; Texas Commission on Environmental Quality; Luminant Generation Company, L.L.C.; Coleto Creek Power, L.L.C.; Ennis Power Company, L.L.C.; Hays Energy, L.L.C.; Midlothian Energy, L.L.C.; Oak Grove Management Company, L.L.C.; Wise County Power Company, L.L.C.; Association of Electric Companies of Texas; BCCA Appeal Group; Texas Chemical Council; Texas Oil & Gas Association; Public Utility Commission of Texas; Railroad Commission of Texas; State of Mississippi; Mississippi Department of Environmental Quality; Mississippi Power Company; State of Louisiana; Louisiana Department of Environmental Quality; Entergy Louisiana, L.L.C.; Louisiana Chemical Association; Louisiana Mid-Continent Oil and Gas Association; Louisiana Electric Utility Environmental Group, L.L.C.,

    Petitioners

v.

United States Environmental Protection Agency; Michael S. Regan, Administrator, United States Environmental Protection Agency,

    Respondents

.

Case: 23-60069 Document: 216-2 Page: 5 Date Filed: 04/17/2023