# *United States Court of Appeals*
**FIFTH CIRCUIT
OFFICE OF THE CLERK**

**LYLE W. CAYCE
CLERK**

**TEL. 504-310-7700
600 S. MAESTRI PLACE,
Suite 115
NEW ORLEANS, LA 70130**

April 17, 2023

Ms. Debra Jezouit
Baker Botts, L.L.P.
700 K Street, N.W.
Washington, DC 20001-0000

    No. 23-60069   State of Texas v. EPA
                            Agency No. 88 Fed. Reg. 9336-9384

Dear Ms. Jezouit,

We have filed the certified list. PETITIONER'S BRIEF AND EXCERPTS ARE DUE WITHIN 40 DAYS FROM THE DATE ABOVE, See FED. R. APP. P. and 5TH CIR. R. 28, 30 and 31. Except in the most extraordinary circumstances, the <u>maximum</u> extension for filing briefs is 40 days in agency cases. See also 5TH CIR. R. 30.1.2 and 5TH CIR. R. 31.1 to determine if you have to file electronic copies of the brief and record excerpts, and the Portable Document Format (PDF) you MUST use. See also 5TH CIR. R. 30.1 for the contents of the Record Excerpts which are filed instead of an appendix. You may access our briefing checklist on the Fifth Circuit's website "http://www.ca5.uscourts.gov/docs/default-source/forms-and-documents---clerks-office/rules/brchecklist.pdf". An intervenor's time is governed by 5TH CIR. R. 31.2. 5TH CIR. R. 42.3.2 allows the clerk to dismiss appeals **without notice** if the brief is not filed on time.

**The caption for this appeal is attached, and we ask you to use it on any briefs filed with this court.**

Because this case is proceeding on a certified list of documents instead of the record, see 5TH CIR. R. 30.2. Petitioner must obtain a copy of the portions of the record relied upon by the parties in their briefs, and file them within 21 days from the date of filing of respondent's brief, with suitable covers, numbering and indexing.

<u>Brief Template:</u> The clerk's office offers brief templates and the ability to check the brief for potential deficiencies prior to docketing to assist in the preparation of the brief. To access these options, log in to CM/ECF and from the Utilities menu, select 'Brief Template' (Counsel Only) or 'PDF Check Document'.

**Reminder as to Sealing Documents on Appeal:** Our court has a strong presumption of public access to our court's records, and the court scrutinizes any request by a party to seal pleadings, record excerpts, or other documents on our court docket. Counsel moving to seal matters must explain in particularity the necessity for sealing in our court. Counsel do not satisfy this burden by simply stating that the originating court sealed the matter, as the circumstances that justified sealing in the originating court may have changed or may not apply in an appellate proceeding. It is the obligation of counsel to justify a request to file under seal, just as it is their obligation to notify the court whenever sealing is no longer necessary. An unopposed motion to seal does not obviate a counsel's obligation to justify the motion to seal.

Sincerely,

LYLE W. CAYCE, Clerk

By: _____
Majella A. Sutton, Deputy Clerk
504-310-7680

Enclosure(s)

cc w/encl:
    Mr. Michael Abrams
    Mr. David R. Baake
    Mrs. Jill Carter Clark
    Mr. William Francis Cole
    Mr. Bill L. Davis
    Mr. Bradley Aaron Ennis
    Mr. Merrick Garland, U.S. Attorney General
    Mr. Philip Stephen Gidiere III
    Ms. Machelle Rae Lee Hall
    Mrs. Maureen Noonan Harbourt
    Mr. Todd Sunhwae Kim
    Mr. Matthew Lynn Kuryla
    Ms. Jin Hyung Lee
    Mr. Justin Lee Matheny
    Mr. Joseph N. Mazzara
    Mr. Shae Gary McPhee Jr.
    Mr. Carl Grady Moore III
    Ms. Elizabeth Baker Murrill
    Mr. Jeffrey Prieto
    Mr. Joshua Smith
    Mr. Joseph Scott St. John
    Mr. Aaron Michael Streett
    Ms. Susan Scaggs Stutts

Case No. 23-60069

State of Texas; Texas Commission on Environmental Quality; Luminant Generation Company, L.L.C.; Coleto Creek Power, L.L.C.; Ennis Power Company, L.L.C.; Hays Energy, L.L.C.; Midlothian Energy, L.L.C.; Oak Grove Management Company, L.L.C.; Wise County Power Company, L.L.C.; Association of Electric Companies of Texas; BCCA Appeal Group; Texas Chemical Council; Texas Oil & Gas Association; Public Utility Commission of Texas; Railroad Commission of Texas; State of Mississippi; Mississippi Department of Environmental Quality; Mississippi Power Company; State of Louisiana; Louisiana Department of Environmental Quality; Entergy Louisiana, L.L.C.; Louisiana Chemical Association; Mid-Continent Oil and Gas Association; Louisiana Electric Utility Environmental Group, L.L.C.,.

Petitioners

v.

United States Environmental Protection Agency; Michael S. Regan, Administrator, United States Environmental Protection Agency,

Respondents