# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

| | |
|---|---|
| STATE OF TEXAS, et al., <br><br> Petitioners, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al., <br><br> Respondents. | Nos. 23-60069 |

### RESPONDENTS' OPPOSED MOTION FOR LEAVE TO FILE SURREPLY TO TEXAS MOVANTS' REPLY IN SUPPORT OF THEIR MOTIONS TO STAY THE FINAL RULE

Respondents U.S. Environmental Protection Agency and Michael S. Regan, in his official capacity as Administrator (collectively "EPA"), respectfully request that the Court grant EPA leave to file a surreply, attached as Exhibit A, to respond to new evidence submitted with, and arguments in, Texas and Texas Industry Groups ("Texas Movants") Replies in Support of their Motions to Stay the Final Rule ("Replies"), ECF Nos. 197, 203.  Pursuant to Fifth Circuit Rule 27.4, EPA's counsel reached out to counsel for all other parties.  The Mississippi-based petitioners and Entergy Louisiana took no position; the Texas-based petitioners oppose this motion and reserve their right to respond; the State of Louisiana opposes this position; and the other parties did not respond.

1

A short surreply is warranted in this case to allow EPA to be heard on newly presented information that was not included in Texas Movants' Motions to Stay the Final Rule ("Stay Motions"), ECF Nos. 31, 32-1. Despite it being publicly available that EPA was going to sign the Final Federal Implementation Plan ("Final FIP") on or before March 15, 2023, Texas Movants moved to stay the Final Rule on March 3, 2023. *See id.* Texas Movants chose to file their Stay Motions regarding the Final Rule prior to the signing of the separate Final FIP and therefore chose to focus their irreparable harm arguments and corresponding declarations on harms based on their reading of the *proposed* FIP. Tex. Indus. Mot. at 18-20; Tex. Mot. 19. EPA responded that those harms are irrelevant because they are focused on the proposed FIP which materially differs from the Final FIP and renders their alleged harms speculative. EPA Stay Opp. at 30-33, ECF No. 179. Now, having the Final FIP available, Texas Movants filed their replies on April 10, 2023, with a shift in tactics, alleging irreparable harm associated with the newly finalized FIP and attaching six new declarations in support. Tex. Indus. Reply at 9-10; Tex. Reply at 10.[1]

---

[1] Both Texas and the Texas Industry Groups cite to and attach the same supplemental declaration from Dwayne W. "Woody" Rickerson ("Rickerson Supp. Decl."). Texas Industry Groups also cite to and attach five additional supplemental declarations.

"This Court does not entertain arguments raised for the first time in a reply brief," nor does it entertain "new evidence" introduced with a reply brief. *United States v. Ramirez*, 557 F.3d 200, 203 (5th Cir. 2009); *United States v. Washington*, 442 F. App'x 130, 132 (5th Cir. 2011). This procedural bar exists to avoid unfairness to the other party, which lacks "an adequate opportunity to respond" to the new evidence. *RedHawk Holdings Corp. v. Schreiber Tr. of Schreiber Living Tr. – DTD 2/8/95*, 836 F. App'x 232, 235 (5th Cir. 2020) (quotation omitted). That said, this Court has explained that a court may consider arguments or evidence raised in a reply for the first time without abusing its discretion "so long as it gives the non-movant an adequate opportunity to respond prior to a ruling." *Thompson v. Dall. City Attorney's Off.*, 913 F.3d 464, 471 (5th Cir. 2019) (internal quotation omitted).

The Court should not entertain the new information submitted with Stay Movants' replies. However, if the Court does consider it, a full and fair hearing on the issues presented by the Stay Motions and EPA's Opposition requires that EPA be given an opportunity to address the new arguments and information on which Texas Movants rely. In its surreply, EPA intends to clarify and explain how Texas Movants' supplemental declarations and new arguments do not establish that the Texas Movants will suffer irreparable harm as a result of the Final FIP.

For these reasons, EPA respectfully asks this Court to grant its motion for leave to file the attached surreply.

Respectfully submitted,

| | |
|---|---|
| OF COUNSEL: | TODD KIM<br>Assistant Attorney General |
| ROSEMARY HAMBRIGHT KABAN<br>DANIEL P. SCHRAMM<br>U.S. Environmental Protection Agency<br>Office of General Counsel<br>Washington, D.C. | /s/ *Jin Hyung Lee*<br>JIN HYUNG LEE<br>U.S. Department of Justice<br>Environment & Natural Resources Division<br>Environmental Defense Section<br>P.O. Box 7611<br>Washington, D.C. 20044<br>(202) 514-2640 |
| DATE: April 18, 2023 | jin.hyung.lee@usdoj.gov |
| | *Counsel for Respondents* |

## CERTIFICATES OF COMPLIANCE

I hereby certify that this motion complies with the requirements of Fed. R. App. P. 27(d)(2)(A) because it contains 640 words according to the count of Microsoft Word, excluding the parts of the motion exempted by Fed. R. App. P. 32(f), and therefore is within the word limit of 5,200 words.

I further certify that this motion complies with the requirements of Fed. R. App. P. 32(a)(5) and (6) because it has been prepared in 14-point Times New Roman, a proportionally-spaced font, and is double-spaced, except for headings, block quotes, and footnotes.

Dated: April 18, 2023            /s/ Jin Hyung Lee
                                 JIN HYUNG LEE

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing motion on all registered counsel through the Court's electronic filing system (CM/ECF).

Dated: April 18, 2023

                                                 */s/ Jin Hyung Lee*
                                                 JIN HYUNG LEE