# United States Court of Appeals for the Fifth Circuit

---

No. 23-60069

---

State of Texas; Texas Commission on Environmental Quality; Luminant Generation Company, L.L.C.; Coleto Creek Power, L.L.C.; Ennis Power Company, L.L.C.; Hays Energy, L.L.C.; Midlothian Energy, L.L.C.; Oak Grove Management Company, L.L.C.; Wise County Power Company, L.L.C.; Association of Electric Companies of Texas; BCCA Appeal Group; Texas Chemical Council; Texas Oil & Gas Association; Public Utility Commission of Texas; Railroad Commission of Texas; State of Mississippi; Mississippi Department of Environmental Quality; Mississippi Power Company; State of Louisiana; Louisiana Department of Environmental Quality; Entergy Louisiana, L.L.C.; Louisiana Chemical Association; Mid-Continent Oil and Gas Association; Louisiana Electric Utility Environmental Group, L.L.C.; Texas Lehigh Cement Company, LP,

*Petitioners*,

*versus*

United States Environmental Protection Agency; Michael S. Regan, *Administrator, United States Environmental Protection Agency*,

*Respondents*.

---

Petition for Review of a Final Rule
By the Environmental Protection Agency
88 Fed. Reg. 9336–9384

---

ORDER:

IT IS ORDERED that the motion of Sierra Club, Air Alliance Houston, and Downwinders at Risk ("Proposed Intervenors") for leave to intervene in support of Respondents is DENIED.

"Rule 15(d) of the Federal Rules of Appellate Procedure governs interventions in administrative appeals such as this one." *Texas v. DOE*, 754 F.2d 550, 551 (5th Cir. 1985). Although Rule 15(d) articulates no standard for resolving intervention questions, we have applied one "akin to that of a district court's considering a motion under Federal Rule of Civil Procedure 24." *Richardson v. Flores*, 979 F.3d 1102, 1105 (5th Cir. 2020); *see also Texas*, 754 F.2d at 551.

Because Proposed Intervenors share the "same ultimate objective" as Respondents, they "must show adversity of interest, collusion, or nonfeasance on [Respondents'] part" to demonstrate inadequate representation under Federal Rule of Civil Procedure 24(a). *Edwards v. City of Houston*, 78 F.3d 983, 1005 (5th Cir. 1996) (en banc). They did not. Further, Proposed Intervenors' one-sentence request for permissive intervention, *see* FED. R. CIV. P. 24(b), is inadequately briefed and thus forfeited. *Melgar v. T.B. Butler Publ'g Co., Inc.*, 931 F.3d 375, 382 n.6 (5th Cir. 2019) ("Because this issue was inadequately briefed, it is forfeited."). The Proposed Intervenors are of course welcome to file an amicus brief.

ANDREW S. OLDHAM
*United States Circuit Judge*