NO. 23-60069

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

STATE OF TEXAS; TEXAS COMMISSION ON ENVIRONMENTAL QUALITY; LUMINANT GENERATION COMPANY LLC; COLETO CREEK POWER, LLC; ENNIS POWER COMPANY, LLC; HAYS ENERGY, LLC; MIDLOTHIAN ENERGY, LLC; OAK GROVE MANAGEMENT COMPANY LLC; WISE COUNTY POWER COMPANY, LLC; ASSOCIATION OF ELECTRIC COMPANIES OF TEXAS; BCCA APPEAL GROUP; TEXAS CHEMICAL COUNCIL; TEXAS OIL & GAS ASSOCIATION; PUBLIC UTILITY COMMISSION OF TEXAS; AND RAILROAD COMMISSION OF TEXAS; STATE OF MISSISSIPPI; MISSISSIPPI DEPARTMENT OF ENVIRONMENTAL QUALITY; MISSISSIPPI POWER COMPANY; STATE OF LOUISIANA; AND LOUISIANA DEPARTMENT OF ENVIRONMENTAL QUALITY

*Petitioners,*

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY
and MICHAEL S. REGAN, Administrator,
United States Environmental Protection Agency

*Respondents.*

MOTION TO INTERVENE ON BEHALF OF
THE LOUISIANA PUBLIC SERVICE COMMISSION

Under Federal Rules of Appellate Procedure 15(d) and 27, and Fifth Circuit Local Rule 15.5, the Louisiana Public Service Commission ("Louisiana Commission" or "Commission") moves to intervene in Case No. 23-60069. This

4303503v.3

case involves multiple Petitions for Review of a final rule by the Environmental Protection Agency 88 Fed. Reg. 9336–9384 ("Final Rule"). The Louisiana Commission seeks to intervene in support of Petitioners, the State of Louisiana and the Louisiana Department of Environmental Quality, whose brief is due on May 23, 2023. This motion to intervene is timely filed under Fifth Circuit Local Rule 15.5 as it is filed not later than 14 days before the due date of the brief of the party supported by the intervenor. As required by Fifth Circuit Local Rule 27.4, the Commission has contacted or attempted to contact all other parties, and except for Respondents, the Environmental Protection Agency and Administrator Michael S. Reagan, who have reserved their position until after the motion is filed, has received no indication that any opposition to this motion will be filed.

   Federal Rules of Appellate Procedure Rule 15(d), which governs interventions in administrative appeals like this one, does not articulate a standard for such interventions. This Court has applied a standard "akin to that of a district court's considering a motion under Federal Rule of Civil Procedure 24." *Richardson v. Flores*, 979 F.3d 1102, 1105 (5th Cir. 2020). Fed. R. Civ. P. 24 informs this Court's analysis. *Id.*

   The Louisiana Commission moves for intervention as of right, or alternatively, permissive intervention in accordance with standards of Federal Rule of Civil Procedure 24.

**I.      INTERVENTION OF RIGHT**

The Commission meets the requirements of intervention of right under Fed. R. Civ. Pro. 24 which are as follows: 1) the intervention application must be timely; 2) the applicant must have an interest in the property that is the subject of the action; 3) the applicant must be so situated that the disposition, as a practical matter may impair or impede his ability to protect that interest; and 4) the applicant's interest must be inadequately represented by the existing parties. *New Orleans Pub. Serv., Inc. v. United Gas Pipeline, Inc.*, 732 F.2d 452, 463 (5th Cir. 1984) (en banc). The Commission will address each of these requirements seriatim.

    1.      **The Motion to Intervene is timely.**

The Louisiana Commission filed a timely motion to intervene. Under Fifth Circuit Local Rule 15.5 a motion to intervene is timely if it is filed not later than 14 days before the due date of the brief of the party supported by the intervenor. Here, the Commission is intervening in support of the Louisiana Petitioners, whose brief is due May 23, 2023. This motion to intervene is filed 14 days before that due date and is therefore timely.

    2.      **The Louisiana Commission has an interest in the subject matter of this case.**

The Louisiana Commission is an independent state agency that regulates the retail rates and services of the electric utilities operating in Louisiana pursuant to Article 4, Section 21 of the Louisiana Constitution of 1974. The

Louisiana Commission has jurisdiction over any subject matter that involves the fixing and regulation of rates charged by public utilities to Louisiana retail customers. The Commission is dedicated to serving the public interest by assuring safe, reliable service at the lowest reasonable cost. The Louisiana constitution gives the LPSC broad, independent regulatory powers over public utilities. The Louisiana Supreme Court has labeled the LPSC's jurisdiction over public utilities as "plenary." *Gulf States Utilities Co. v. Louisiana Public Service Comm'n,* 578 So.2d 71, 100 (La.1991), *cert. denied*, 502 U.S. 1004, 112 S.Ct. 637, 116 L.Ed.2d 655 (1991), *see also Entergy Louisiana v. Louisiana Public Service Comm'n*, 990 So.2d 716, 723 (La. 2008).

The Final Rule, if implemented as proposed, will cause substantial reliability issues and pressures for electricity production and delivery on systems already experiencing stress near their limits. By way of example, the Final Rule likely will result in the premature retirement and reductions of operations of coal and gas units. These units are needed to keep industries running and electricity to Louisiana's homes and businesses, including and particularly, during peak demand periods and weather emergencies.

Under the Final Rule, the affected units must dramatically decrease emission levels of certain constituents by 2026, and those units cannot be replaced within the specified time frame. Ostensibly, and without a discernable basis, the

4303503v.3

Final Rule assumes that these units can be retrofitted by 2026. The costs of the retrofits are enormous, and some of the identified units are slated for retirement within a few years after the 2026 implementation date, making the retrofit investments potentially uneconomic and imprudent. If the retrofits are made, the affected utilities will seek to include the substantial costs of any retrofits or replacement capacity in utility rates paid by Louisiana customers.

It is undeniable that the Final Rule will result in less reliable electric service at a higher cost to Louisiana ratepayers. During the public notice and comment period prior to the adoption of the Final Rule, the Commission filed comments identifying detrimental effects to Louisiana ratepayers that likely will result from adoption and implementation of the rule as proposed. The Commission's comments outlined and described the adverse impacts on the reliability and generation of electricity in Louisiana; identified the ways in which the proposal creates uncertainty and chaos in the market; explained how the proposal would increase costs that would not be economic and would be detrimental to retail ratepayers; and explained why the proposed timeline for implementation is unrealistic and unachievable.

4303503v.3

**3. The Louisiana Commission is so situated that the disposition of this case may impair or impede its ability to protect Louisiana ratepayers from high energy costs and unreliable electric service.**

The Louisiana Commission is dedicated to serving the public interest by assuring safe, reliable electric service at the lowest reasonable cost. No other Louisiana agency or governmental entity shares these constitutional and statutory responsibilities. To that end, the Louisiana Commission provides a unique and highly focused perspective on the Final Rule at issue in this case because it is informed by its constitutional imperative to ensure reliable electric service to Louisiana ratepayers for just and reasonable rates.

No other party in this case shares the same interests or has the same knowledge and expertise as the Louisiana Commission regarding the nature and extent of the impacts on existing and future costs to Louisiana ratepayers or the associated impacts to the electric grid related to the implementation of the Final Rule. The Louisiana Commission is the only entity that acts for and on behalf of Louisiana ratepayers. Because of the significant impacts on those ratepayers, disposing of the action may impair or impede the Louisiana Commission's ability to protect its interests.

**4. No existing parties adequately represent the Louisiana Commission's interest.**

In this case, the State of Louisiana and the Louisiana Department of Environmental Quality represent the broad public interest and have different

4303503v.3

statutory and constitutional responsibilities that do not encompass the rate impacts on Louisiana retail ratepayers or the reliability and sustainability of the electric grid. The implementation of the Final Rule directly and adversely affects both of those interests. The Louisiana Commission and only the Louisiana Commission has the specialized knowledge and authority to protect ratepayers in the state from unjust and unreasonable rates and an unreliable system.

This court has recognized that for purposes of intervention of right and its requirement of inadequate representation, agencies of the federal government are required to represent the broad public interest, which does not necessarily equate to adequate representation of local or specialized agencies or groups. *See e.g., John Doe No. 1 v. Glickman*, 256 F.3d 371, 381 (5th Cir. 2001); *see also Sierra Club v. Espy*, 18 F.3d 1202, 1208 (5th Cir. 1994). This rationale is likewise applicable to state agencies and governmental entities.

Petitioner Entergy Louisiana, LLC is a utility regulated by the Commission, which is beholden to its shareholders. It does not and cannot adequately represent Louisiana retail ratepayers even if it can be said that in this instance, the Louisiana Commission and Entergy may share some of the same general interests.

Accordingly, Louisiana Commission has satisfied the standards for and should be granted intervention as of right, as the State of Louisiana and the Louisiana

4303503v.3

Department of Environmental Quality may not adequately represent the interests of Louisiana ratepayers.

## II.  PERMISSIVE INTERVENTION

Alternatively, the Louisiana Commission requests that it be granted permissive intervention under Federal Rule of Civil Procedure 24(b). As explained above, the Commission "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. Pro. 24(b)(1)(B). In addition, the Commission qualifies for permissive intervention under Fed. R. Civ. Pro. 24(b)(2)(B), which allows a federal or state governmental officer or agency to intervene if a party's claim or defense is based on any regulation, order, requirement, or agreement issued or made under the statute or executive order. The Louisiana Commission qualifies under this provision to intervene in this case challenging the Final Rule adopted by the Environmental Protection Agency.

This intervention will not unduly delay or prejudice the adjudication of the original parties' rights. Fed. R. Civ. Pro. 24(b)(3), and the Commission agrees to comply with the existing briefing schedule adopted by the Court to prevent any undue delay or prejudice.

Concurrently with this motion, the Louisiana Commission is filing a Certificate of Interested Persons as is required by Fifth Circuit Rule 28.2.1.

4303503v.3

**WHEREFORE**, the Louisiana Commission seeks to intervene as a party in this case.

Respectfully submitted,

/s/ Daria B. Diaz

| | |
|---|---|
| Kathryn Bowman | Noel J. Darce, La. Bar No. 1813 |
| Executive Counsel | Dana M. Shelton, La. Bar No. 24643 |
| Louisiana Public Service Commission | Daria B. Diaz, La. Bar No. 17928 |
| Galvez Building - 12th Floor | Justin A. Swaim, La. Bar No. 36693 |
| 602 N. Fifth Street | Evan P. Lestelle, La. Bar No. 39609 |
| Baton Rouge, Louisiana 70802 | Of |
| Telephone: (225) 342-9888 | STONE PIGMAN WALTHER WITTMANN L.L.C. |
| Email: kathryn.bowman@la.gov | 909 Poydras Street, Suite 3150 |
| | New Orleans, Louisiana 70112-4042 |
| | Telephone: (504) 581-3200 |
| | Email: ndarce@stonepigman.com |
| | dshelton@stonepigman.com |
| | ddiaz@stonepigman.com |
| | jswaim@stonepigman.com |
| | elestelle@stonepigman.com |

*Counsel for the Louisiana Public Service Commission*

4303503v.3

## CERTIFICATE OF CONFERENCE

Pursuant to Fifth Circuit Rule 27.4, counsel for the Louisiana Public Service Commission conferred with or attempted to contact all other parties, and except for Respondents, the Environmental Protection Agency and Administrator Michael S. Reagan, who have reserved their position until after the motion is filed, has received no indication that any opposition to this motion will be filed.

Dated: May 9, 2023

                                                */s/ Daria B. Diaz*
                                                Daria B. Diaz
                                                *Counsel for the Louisiana Public Service Commission*

4303503v.3

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

The undersigned counsel states that this motion complies with Fed. R. App. P. 27(d)(2)(A) because it contains 1,595 words, excluding the caption, signature blocks, and required certifications, as counted by a word processing system and, therefore, is within the word limit. This motion also complies with typeface requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface in 14-point Times New Roman.

Dated: May 9, 2023

                                              */s/ Daria B. Diaz*
                                              Daria B. Diaz
                                              *Counsel for the Louisiana Public Service Commission*

NO. 23-60069

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

STATE OF TEXAS; TEXAS COMMISSION ON ENVIRONMENTAL QUALITY; LUMINANT GENERATION COMPANY LLC; COLETO CREEK POWER, LLC; ENNIS POWER COMPANY, LLC; HAYS ENERGY, LLC; MIDLOTHIAN ENERGY, LLC; OAK GROVE MANAGEMENT COMPANY LLC; WISE COUNTY POWER COMPANY, LLC; ASSOCIATION OF ELECTRIC COMPANIES OF TEXAS; BCCA APPEAL GROUP; TEXAS CHEMICAL COUNCIL; TEXAS OIL & GAS ASSOCIATION; PUBLIC UTILITY COMMISSION OF TEXAS; AND RAILROAD COMMISSION OF TEXAS; STATE OF MISSISSIPPI; MISSISSIPPI DEPARTMENT OF ENVIRONMENTAL QUALITY; MISSISSIPPI POWER COMPANY; STATE OF LOUISIANA; AND LOUISIANA DEPARTMENT OF ENVIRONMENTAL QUALITY

*Petitioners,*

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY
and MICHAEL S. REGAN, Administrator,
United States Environmental Protection Agency

*Respondents.*

**CERTIFICATE OF INTERESTED PERSONS ON BEHALF OF THE
LOUISIANA PUBLIC SERVICE COMMISSION**

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1

4303503v.3

- 2 -

have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal:

**i.    Parties:**

    a.    Petitioners:

          State of Texas

          Texas Commission on Environmental Quality

          Luminant Generation Company, L.L.C

          Coleto Creek Power, L.L.C

          Ennis Power Company, L.L.C.

          Hays Energy, L.L.C.

          Midlothian Energy, L.L.C.;

          Oak Grove Management Company, L.L.C.

          Wise County Power Company, L.L.C.

          Association of Electric Companies of Texas

          BCCA Appeal Group

          Texas Chemical Council

          Texas Oil & Gas Association

          Public Utility Commission of Texas

          Railroad Commission of Texas

          State of Mississippi

4303503v.3

- 3 -

        Mississippi Department of Environmental Quality

        Mississippi Power Company

        State of Louisiana

        Louisiana Department of Environmental Quality

        Entergy Louisiana, L.L.C.

        Texas Lehigh Cement Company, LP

        Louisiana Chemical Association

        Louisiana Mid-Continent Oil and Gas Association

        Louisiana Electric Utility Environmental Group, L.L.C.

b.    Respondents:

United States Environmental Protection Agency

Michael S. Regan, Administrator, United States Environmental Protection Agency

c.    Proposed Intervener:

Louisiana Public Service Commission

d.    Amicus Curiae:

New Mexico Environment Department

ii. **Attorneys and Law Firms:**

    a.    Counsel for State of Texas and Texas Commission on Environmental Quality:

        Bill Davis, Michael Adams, William Francis Cole, and Joseph N. Mazzara
Office of Attorney General for the State of Texas

    b.    Counsel for Luminant Generation Company, L.L.C., Coleto Creek Power, L.L.C, Ennis Power Company, L.L.C., Hays Energy, L.L.C., Midlothian Energy, L.L.C., Oak Grove Management Company, L.L.C., and Wise County Power Company, L.L.C.:

        Philip Stephen Gidiere, III
Balch & Bingham, L.L.P.

    c.    Counsel for Association of Electric Companies of Texas, BCCA Appeal Group, and Texas Chemical Council; Texas Oil & Gas Association:

        Aaron Michael Streett and Matthew Lynn Kuryla
Baker Botts, L.L.P.

    d.    Counsel for Public Utility Commission of Texas and Railroad Commission of Texas:

        Bill L. Davis of Office
Office of Attorney General for the State of Texas

    e.    Counsel for State of Mississippi; Mississippi Department of Environmental Quality:

        Justin Lee Matheny
Office of Attorney General for the State of Mississippi

    f.    Counsel for Mississippi Power Company:

        Carl Grady Moore, III, Bradley Aaron Ennis, and Susan Scaggs Stutts
Balch & Bingham, L.L.P.

- 5 -

g.   Counsel for State of Louisiana:

    Joseph Scott St. John and Shae Gary McPhee, Jr.
    Louisiana Department of Justice, Office of the Solicitor General

    Machelle Rae Lee Hall
    Louisiana Department of Justice

    Elizabeth Baker Murrill
    Office of the Attorney General for the State of Louisiana

h.   Counsel for Louisiana Department of Environmental Quality:

    Joseph Scott St. John and Shae Gary McPhee, Jr.
    Louisiana Department of Justice, Office of the Solicitor General

    Jill Carter Clark
    Louisiana Department of Environmental Quality

    Machelle Rae Lee Hall
    Louisiana Department of Justice

    Elizabeth Baker Murrill
    Office of the Attorney General for the State of Louisiana

i.   Counsel for Entergy Louisiana, L.L.C.:

    Debra Jezouit
    Baker Botts, L.L.P.

    Joshua D. Lee
    Armstrong, Lee & Baker, L.L.P.

j.   Counsel for Texas Lehigh Cement Company, LP:

    Megan Heuberger Berge and Jonathan Mark Little
    Baker Botts, L.L.P.

k. Counsel for Louisiana Chemical Association, Louisiana Mid-Continent Oil and Gas Association, and Louisiana Electric Utility Environmental Group, L.L.C.:

 Maureen Noonan Harbourt
 Kean Miller, L.L.P.

l. Counsel for United States Environmental Protection Agency and Michael S. Regan, Administrator, United States Environmental Protection Agency:

 Jin Hyung Lee
 U.S. Department of Justice, Environmental & Natural Resources Division

 Merrick Garland
 U.S. Department of Justice

 Todd Sunhwae Kim
 U.S. Department of Justice, Environmental & Natural Resources Division – Appellate Section

 Jeffrey Prieto
 Environmental Protection Agency

m. Counsel for New Mexico Environment Department:

 David R. Baake
 Baake Law, L.L.C.

n. Counsel for Louisiana Public Service Commission:

 Dana M. Shelton, Noel J. Darce, Daria B. Diaz, Justin A. Swaim, and Evan P. Lestelle
 Stone Pigman Walther Wittmann L.L.C.

**iii. Entities with a Financial Interest:**

No other entities have a known financial interest in this case.

Respectfully submitted,

/s/ Daria B. Diaz

| | |
|---|---|
| Kathryn Bowman | Noel J. Darce |
| Executive Counsel | Dana M. Shelton |
| Louisiana Public Service Commission | Daria B. Diaz |
| Galvez Building - 12th Floor | Justin A. Swaim |
| 602 N. Fifth Street | Evan P. Lestelle |
| Baton Rouge, Louisiana 70802 |    Of |
| Telephone: (225) 342-9888 | STONE PIGMAN WALTHER |
| Email: kathryn.bowman@la.gov |   WITTMANN L.L.C. |
| | 909 Poydras Street, Suite 3150 |
| | New Orleans, Louisiana 70112-4042 |
| | Telephone: (504) 581-3200 |
| | Email: ndarce@stonepigman.com |
| | dshelton@stonepigman.com |
| | ddiaz@stonepigman.com |
| | jswaim@stonepigman.com |
| | elestelle@stonepigman.com |

*Counsel for the Louisiana Public Service Commission*

## CERTIFICATE OF SERVICE

In accordance with Fed. R. App. P. 25(d), I hereby certify that I have caused the foregoing documents to be served on all parties or on their counsel of record through the Court's CM/ECF system on this 9th day of May, 2023.

/s/ Daria B. Diaz
Daria B. Diaz

4303503v.3