# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

STATE OF TEXAS, et al.,

Petitioners,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,

Respondents.

No. 23-60069

### RESPONDENTS' REPLY IN SUPPORT OF THEIR MOTION FOR EXTENSION OF TIME TO FILE
### OPPOSITION TO MISSISSIPPI'S MOTION TO STAY

Respondents the United States Environmental Protection Agency and its Administrator, Michael S. Regan (collectively "EPA"), respectfully request a fourteen-day extension of time up to and including June 5, 2023, to file its response in opposition to the motion to stay filed by Mississippi ("Extension Motion"), ECF No. 307, which mirrors the extension granted for EPA's response to Texas Petitioners' and Louisiana Petitioners' stay motions, *see id.* ¶ 7. In opposing EPA's Extension Motion, ECF No. 313 ("Miss. Opp."), Mississippi counters with a 7-day extension until May 29, 2023, the *Memorial Day holiday*. But Mississippi fails to address the specific and legitimate grounds for EPA's requested extension nor identifies any prejudice from an additional week extension, especially given

Mississippi's delay in moving to stay. As explained more fully below, the Court should grant EPA's requested relief for a fourteen-day extension:

1. As an initial matter, Mississippi's suggested alternative relief of a seven-day extension does not adequately alleviate the resource constraints EPA described in its Extension Motion: EPA and undersigned counsel have numerous other pending deadlines in related matters; time is required for interagency and management review of EPA's response to Mississippi's stay motion; and undersigned counsel will still be on scheduled leave, without phone or email access, during that exact timeframe. *See* Extension Mot. ¶¶ 7-12, 15.

2. In suggesting that a response to Mississippi's stay motion should not take up significant resources, Mississippi mischaracterizes EPA's argument supporting transfer of venue to the D.C. Circuit—an argument that Mississippi has expressly disputed, ECF No. 152— and its own stay motion. Miss. Opp. ¶ 5.

3. Mississippi contends that because EPA's *venue* motions across the different circuits have been largely duplicative, EPA's response to its *stay* motion should largely mirror EPA's past responses. *Id.* But EPA has never asserted that every single one of the SIP submissions disapproved in the Final Rule raised the exact same list of issues. Rather, EPA has explained that it applied a uniform approach and methodology in evaluating each state's SIP submission. *See* EPA Venue Reply at 1, 12-14, ECF No. 224. Accordingly, "the contents of each

individual state's submission were evaluated on their own merits, and the EPA considered the facts and information, including information from the Agency, available to the state at the time of its submission, in addition to more recent air quality and contribution information." Final Rule, 88 Fed. Reg. 9336, 9354 (Feb. 13, 2023). Thus, in responding to Mississippi's stay motion, EPA must address the specific flaws in Mississippi's SIP submission, as it did in opposition to the Texas-focused Petitioners' and Louisiana-focused Petitioners' stay motions. *See* ECF Nos. 179, 223-1.

4. Further, Mississippi ignores that it has raised several novel claims of irreparable harm with two new declarations, which require review and may require EPA to submit its own declaration to address those new issues. This takes time and coordination.

5. For good cause, a fourteen-day extension of time, up to and including June 5, 2023, remains the earliest that EPA could prepare and file a response to Mississippi's stay motion.

6. Mississippi, in offering EPA a seven-day extension, provided no explanation as to why an additional seven days would uniquely prejudice it. *See generally* Miss. Opp. This is especially true given that Mississippi challenges the Final Rule, which disapproved its SIP submission but imposed no legal obligations on the state. Mississippi alleges harm from the federal implementation plan, which

is not yet in effect and will not be until 60 days after it is published in the *Federal Register*, which has not occurred. Thus, an additional weeklong extension will not prejudice the state. Given that Mississippi waited months before moving to stay the Final Rule, EPA respectfully requests that the Court grant EPA's requested relief, as there is no concrete, specific prejudice stemming from an additional seven-day extension.

For all these reasons, EPA respectfully requests that its Extension Motion be granted and that EPA be given up to and including June 5, 2023 to file its opposition to Mississippi's stay motion.

Respectfully submitted,

| | |
|---|---|
| OF COUNSEL: | TODD KIM<br>Assistant Attorney General |
| ROSEMARY HAMBRIGHT KABAN<br>DANIEL P. SCHRAMM<br>U.S. Environmental Protection Agency<br>Office of General Counsel<br>Washington, D.C. | */s/ Jin Hyung Lee*<br>JIN HYUNG LEE<br>SARAH IZFAR<br>U.S. Department of Justice<br>Environment & Natural Resources Division<br>Environmental Defense Section<br>P.O. Box 7611<br>Washington, D.C. 20044 |
| DATE: May 15, 2023 | (202) 514-2640; (202) 532-3050<br>jin.hyung.lee@usdoj.gov<br>sarah.izfar@usdoj.gov |
| | *Counsel for Respondents* |

## CERTIFICATE OF COMPLIANE

I hereby certify that the foregoing brief complies with Fed. R. App. P. 27(d)(2)(C) and 32(f) and (g), as it complies with typeface requirements and contains 691 words, excluding exempted portions.

Date: May 15, 2023                                    */s/ Jin Hyung Lee*
                                                     JIN HYUNG LEE

                                                     *Counsel for Respondents*


## CERTIFICATE OF SERVICE

I hereby certify that the foregoing brief was filed with the Clerk of the Court using the CM/ECF system, which will send notification of said filing to the attorneys of record, who are required to have registered with the Court's CM/ECF system.

Date: May 15, 2023                                    */s/ Jin Hyung Lee*
                                                     JIN HYUNG LEE

                                                     *Counsel for Respondents*