NO. 23-60069

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

STATE OF TEXAS *et al.*,

*Petitioners*,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY *et al.*,

*Respondents.*

**MOTION FOR RECONSIDERATION OF ORDER DENYING
MOTION FOR LEAVE TO INTERVENE OF SIERRA CLUB,
DOWNWINDERS AT RISK, AND AIR ALLIANCE HOUSTON**

*/s/ Joshua D. Smith*
Joshua D. Smith
Sierra Club
2101 Webster St., Suite 1300
Oakland, CA 94612
415-977-5560
joshua.smith@sierraclub.org

Zachary M. Fabish
Sierra Club
50 F St. NW, 8th Floor
Washington, DC 20001
650-388-8446
zachary.fabish@sierraclub.org

*Counsel for Sierra Club*

*/s/ Kathleen L. Riley*
Kathleen L. Riley
Seth L. Johnson
Earthjustice
1001 G St. NW, Ste. 1000
Washington, DC 20001
202-745-5227
202-797-5245
kriley@earthjustice.org
sjohnson@earthjustice.org

*Counsel for Sierra Club,
Downwinders at Risk, and Air
Alliance Houston*

Filed: June 5, 2023

**INTRODUCTION**

Sierra Club, Downwinders at Risk, and Air Alliance Houston (collectively, "Proposed intervenors") hereby move for reconsideration of this Court's April 19, 2023, Order (Doc. 235-2) denying their intervention—before Proposed intervenors' reply in support of their motion to intervene would have been due. The Court's Order relied exclusively on two erroneous determinations: first, that Respondent EPA adequately represents Proposed intervenors' interests; and second, that Proposed intervenors' alternative request for permissive intervention was forfeited. Order at 2. Had Proposed intervenors been allowed to file the reply that the Federal Rules of Appellate Procedure entitle them to, they would have refuted the meritless arguments raised in opposition to their motion to intervene by Texas and the Texas industry petitioners. Proposed intervenors thus make their arguments here and seek an order either granting intervention, or carrying their motion for leave to intervene with the case so that the merits panel can better assess Proposed intervenors' arguments on inadequacy of representation.

Texas and Texas industry petitioners (collectively, "Petitioners")
do not dispute the timeliness of Proposed intervenors' motion to
intervene, Proposed intervenors' strong interests in this case, or that
disposition of this case may impair those interests. *See, e.g.*, State of
Texas Petitioners' Response to Motion for Leave to Intervene 3-6 (Doc.
205). Instead, they argue that these interests will be adequately
represented by EPA. *Id.* They wrongly contend EPA and Proposed
intervenors share the "same ultimate objective," defending the
challenged Disapproval Rule, 88 Fed. Reg. 9,336 (Feb. 13, 2023); that
there is thus a presumption that EPA adequately represents Proposed
intervenors' interests; and that Proposed intervenors' arguments fail to
rebut that presumption. *Id.*; *see also* Texas Industry Petitioners'
Response to Motion for Leave to Intervene 4-6 (Doc. 209) (claiming
Proposed intervenors raised identical arguments as EPA in responding
to stay motions). Without the benefit of Proposed intervenors' reply, this
Court assumed the same. *See* Order at 2. This is wrong for two reasons:
first, the presumption does not apply, and second, even if it did,
Proposed intervenors have demonstrated adversity of interests.

2

Also, though the Court need not reach this question if it agrees
EPA may not adequately represent Proposed intervenors' interests,
Proposed intervenors have not forfeited their argument and satisfy the
elements for permissive intervention.

## I.   EPA may not adequately represent Proposed intervenors' interests.

### A. The Court should not presume EPA adequately represents Proposed intervenors' interests here.

Contrary to Petitioners' claims, a presumption of adequate
representation does not apply to Proposed intervenors in this case. As
this Court explained in *Brumfield v. Dodd*, "it is not evident that the
ultimate-objective presumption of adequate representation even
applies" when the government "has more extensive interests to balance
than do the [proposed intervenors]." 749 F.3d 339, 346 (5th Cir. 2014).
"[A]ll that the rule requires" is "that the state's more extensive interests
… *might*" result in inadequate representation, even when, as here,
"both" the government and Proposed intervenors "vigorously oppose
dismantling" the rule at issue. *Id.* at 345-46 (emphasis added); *see also
Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972)
(the rule is satisfied when the proposed intervenor shows that

representation by existing parties "may be" inadequate). Though "a private group does not always satisfy this prong just because a governmental entity is on the same side of an issue," the burden is "minimal." *Brumfield*, 749 F.3d at 346.

Proposed intervenors have met their "minimal" burden here. *Id.*; *Trbovich*, 404 U.S. at 538 n.10. EPA has many interests in this case beyond defending the Disapproval Rule, including maintaining its relationship with the states and regulated entities, and limiting encumbrances on its authority. Proposed intervenors do not share these interests with EPA. Instead, Proposed intervenors' concern is securing nationally consistent, meaningful, and timely reductions in the pollution from Texas, Louisiana, and Mississippi that harms their members' health and welfare—specific pollution reduction measures that they are entitled to under the Clean Air Act. *See, e.g.*, 42 U.S.C. §§ 7604(a)(2), 7410(a)(2)(D), (c); Complaint, *Downwinders at Risk, et al. v. Regan*, No. 4:21-cv-03551-DMR (N.D. Cal. May 12, 2021).

EPA has routinely acted—or failed to act—in ways that contravene those interests, such as by not timely disapproving inadequate state implementation plans, not timely promulgating

4

replacement federal implementation plans, and taking or promoting interpretations of the Clean Air Act provision at issue here that allow harmful ozone pollution to persist. *See, e.g.*, *Downwinders at Risk*, No. 4:21-cv-03551-DMR (N.D. Cal.) (Proposed intervenors challenge EPA failure to disapprove inadequate state implementation plans regarding cross-state ozone); *Sierra Club, et al. v. Regan*, No. 3:22-cv-01992-JD (N.D. Cal.) (several of Proposed intervenors challenge EPA failure to promulgate federal implementation plans regarding cross-state ozone); *New York v. EPA*, 781 F. App'x 4 (D.C. Cir. 2019) (Proposed intervenors challenge EPA's illegal implementation of cross-state pollution requirements at issue here). Proposed intervenors thus cannot rely on EPA to adequately represent their interests here.

Moreover, because motions to intervene in petitions for review of agency action must be filed at an early stage in litigation, *see* 5th Cir. R. 15.5 (such motions should be filed "promptly," and "not later than" 14 days before the brief of the party being supported), it is especially important to have "doubts resolved in favor of the proposed intervenor." *In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 248 (5th Cir. 2009); *see also Brumfield*, 749 F.3d at 341 ("Rule 24 is to be liberally construed.");

*Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994) (granting timber associations' motion to intervene on behalf of the U.S. Forest Service to defend a forest plan, and noting "[f]ederal courts should allow intervention where no one would be hurt and the greater justice could be obtained").

In any event, the inadequacy of representation is hardly hypothetical. *Brumfield* at 749 F.3d at 346. ("The lack of unity in all objectives, combined with real and legitimate additional or contrary arguments, is sufficient to demonstrate that the representation *may* be inadequate" (emphasis in original)). In briefing on the motion to transfer or dismiss, EPA and Petitioners did not address how piecemeal judicial review and inconsistent interpretation and application of the Clean Air Act would harm Proposed intervenors' members' (or the public's) health and welfare interests, but Proposed intervenors did. *See* Proposed Intervenors' Mar. 27, 2023 Response in Opposition to the Motions to Stay the Final Rule (Doc. 111) (attached); Proposed Intervenors' Apr. 17, 2023 Response in Opposition to Louisiana's Motion to Stay the Final Rule (Doc. 233-5) (attached); Proposed

Intervenors' Apr. 17, 2023 Reply in Support of Transfer (Doc. 230) (attached).

In addition, litigation creates "[t]he risk [] that an agency could circumvent the rulemaking process through litigation concessions, thereby denying interested parties the opportunity to oppose or otherwise comment on significant changes in regulatory policy." *Mexichem Specialty Resins v. EPA*, 787 F.3d 544, 557 (D.C. Cir. 2015); *see also WildEarth Guardians v. U.S. Forest Serv.*, 573 F.3d 992, 997 (10th Cir. 2009) ("government policy may shift"). This risk is heightened when, as here, challenges to multiple, often overlapping but not coextensive bases for EPA's action are potentially proceeding in as many as eight circuits.

While Proposed intervenors cannot be required to predict and present their responsive merits arguments at this early stage or prove that EPA's representation of its interests will be inadequate, Proposed intervenors will likely continue to make different or additional merits arguments to protect their interests—and that is all that is required to demonstrate EPA's representation "may be" inadequate. *Trbovich*, 404 U.S. at 538 n.10; *see also Brumfield* at 749 F.3d at 346 ("might" be

7

inadequate "is all that the rule requires."). For example, as raised in Proposed intervenors' Motion for Leave to Intervene (at 26), Proposed intervenors may argue that actual, monitored ozone levels further support EPA's reasonable determination that Texas's modeling (like EPA's, for that matter) underestimates future ozone levels.

Another example: though EPA rejected it in the Disapproval Rule, several states including Mississippi attempted to rely on a laxer threshold for ozone contribution established in EPA guidance regarding "significant impact levels," under a separate air quality program. 88 Fed. Reg. at 9,372; *see also id.* at 9,357-58 (Mississippi made such an attempt); *see also* Miss. Br. 28-29, 34-35 (Doc. 335) (premising argument on significant impact levels). Proposed intervenors' position regarding the legality of that other threshold differs significantly from EPA's— Proposed intervenors contend that threshold is flatly illegal under the Act, as well as arbitrary, but EPA holds the opposite position for the separate air quality program. *See, e.g.*, *Sierra Club v. EPA*, 955 F.3d 56 (D.C. Cir. 2020); *Sierra Club v. EPA*, 705 F.3d 458 (D.C. Cir. 2013).

In short, EPA has taken—and may continue to take—positions germane to this case that are materially different from, and

inconsistent with, Proposed intervenors' interests. Because the agency "might" not adequately represent Proposed intervenors' interests, the Court should grant intervention. *Brumfield* at 749 F.3d at 346. At a minimum, this Court should carry Proposed intervenors' motion with the case to the merits so that it may better assess Proposed Intervenors' "real and legitimate additional or contrary arguments." *Id.* at 346.

### B. Even if the presumption were to apply, Proposed intervenors' interests diverge from EPA's to overcome the presumption.

Even if the presumption were to apply, the Court's single-judge order erroneously assumed Proposed intervenors may overcome that presumption only with a showing of EPA's "adversity of interest, collusion, or nonfeasance." Order 2 (citing *Edwards v. City of Houston*, 78 F.3d 983, 1005 (5th Cir. 1996) (en banc)). But those are not the "only three ways" to overcome the presumption. *Texas v. United States*, 805 F.3d 653, 662 n.5 (5th Cir. 2015). Instead, Proposed intervenors must simply demonstrate that their "interests diverge from [EPA's] interests in a manner germane to the case," *id.* at 662, "which *may* lead to divergent results." *La Union del Pueblo Entero v. Abbott*, 29 F.4th 299, 308 (5th Cir. 2022) (emphasis in original) (in a challenge to Texas

election law, Texas did not adequately represent private parties'
interests where the proposed intervenors sought to uphold the law on
different grounds).

As described in the preceding section, Proposed intervenors'
interest in ensuring meaningful reductions in the pollution that harms
their members' health and welfare leads them to take specific positions
that differ from EPA's positions and are directly relevant to this
litigation. *See Texas*, 805 F.3d at 663 (intervention permitted where
applicants "specify the particular ways in which their interests diverge
from the Government's"). Indeed, as also discussed in the preceding
section, Proposed intervenors' and EPA's diverging interests have
already affected the briefing in this litigation. EPA's motion to transfer
or dismiss, for example, did not address the impacts of piecemeal review
on Proposed intervenors' (or the public's) health and welfare, though
Proposed intervenors sought to. *See supra* at 6-7; *Texas*, 805 F.3d at 663
(intervention permitted where applicants "identify the particular way in
which these divergent interests have impacted the litigation").

Several Texas industry petitioners provide further support for
Proposed intervenors' motion. Notwithstanding their arguments here,

when the shoe has been on the other foot, industry petitioners (all of whom are petitioners here) have similarly, and successfully, argued that industry has narrower, different interests than EPA, and thus "EPA cannot adequately represent [their] interests in" a challenge to EPA action approving a state implementation plan that industry petitioners sought to uphold. *E.g.*, *Sierra Club v. EPA*, No. 20-60303 (5th Cir. May 14, 2020), Doc Nos. 00515416753 at 16; 00515418274 (Order, May 15, 2020). Industry intervenors aptly explained that "EPA's interest must necessarily relate to the broader 'general public interest'" and "to the fulfillment of its obligations under the [Clean Air Act]," different from their specific interest. *Sierra Club*, No. 20-60303, Doc. No. 00515416753 at 16 (quoting *Doe*, 256 F.3d at 380). Just as industry intervenors could not rely on EPA to adequately represent their specific interests, Proposed intervenors here cannot rely on EPA to adequately represent their specific interest in ensuring their own health and wellbeing is and will be protected.

Moreover, that Proposed intervenors litigated to secure a deadline compelling the action challenged here is relevant to the interests inquiry. If petitioners were to succeed and the Disapproval were

remanded, Proposed intervenors may be left without recourse were EPA to once again delay addressing inadequate state implementation plans. As parties, Proposed intervenors could seek mandamus relief from this Court. It is Proposed intervenors' members who are harmed by every day of delay—not EPA, and certainly not petitioners.

## II. Alternatively, permissive intervention is appropriate, and Proposed intervenors did not waive their arguments.

As described above and in their motion for leave to intervene, Proposed intervenors satisfy the elements for intervention as of right. Alternatively, to the extent this Court applies Federal Rule of Civil Procedure 24 in this direct review case, Proposed intervenors meet the requirements for permissive intervention because they will assert defenses that share questions of law and fact with the main action, including whether the disapproval action is supported by the agency's record. Fed R. Civ. P. 24(b)(1). Specifically, Proposed intervenors anticipate addressing whether the state plans that do not require any emission reductions, despite contributing to harmful air quality in other states, meet the Clean Air Act's strict minimum compliance requirements. Proposed intervenors also anticipate making arguments

that may differ from EPA's, such as the importance of citizen suits and the public comment process under the Clean Air Act; the applicability and interpretation of agency guidance; and impacts to public health from pollution from Texas, Louisiana, and Mississippi.

Contrary to Texas's claim, Proposed intervenors adequately raised arguments supporting permissive intervention in their motion. Proposed intervenors described their distinct, direct, and substantial interests in the challenged action at length in their Motion (at 14-16, 17-26), including protecting their members from cross-state ozone pollution and defending the implementation of the consent decree they successfully litigated to obtain and that is threatened by this litigation.[1] Based on these identified interests, Proposed intervenors identified different defenses (at 26) in support of EPA's action that they would likely make in response to questions of law and based on facts shared with Petitioners' challenges. In a short concluding section, set off by asterisks, Proposed intervenors concisely explained that, even if the

---

[1] Petitioners themselves highlight elsewhere in their Oppositions the arguments Proposed intervenors have already made on the shared facts and question on venue, to defend their members' interests in consistent, nationwide reductions in ozone pollution. *See* Tex. Opposition 5-6; Luminant Opposition at 4-6.

above did not satisfy the requirements for intervention as of right, "[a]lternatively," it met the prerequisites for permissive intervention. Mot. for Leave to Intervene 27 (No. 100-1). This explanation was "brief, but adequate" to avoid forfeiture, especially under the required "liberal[]" construction of briefs and Rule 24. *Frew v. Janek*, 820 F.3d 715, 719-20 (5th Cir. 2016); *Brumfield*, 749 F.3d at 341; *United States v. Miranda*, 248 F.3d 434, 444 (5th Cir. 2001) ("we must liberally construe briefs in determining what issues have been presented for appeal.").

Because Proposed intervenors laid out their interests and concisely connected them to the governing standard for permissive intervention, these circumstances are a far cry from the cases cited in Texas's Opposition, and the Court's summary denial of intervention. Texas Resp. at 6 (citing *Coury v. Moss*, 529 F.3d 579, 587 (5th Cir. 2008)); Order at 2 (citing *Melgar v. T.B. Butler Publ'g Co.*, 931 F.3d 375, 382 n.6 (5th Cir. 2019)). In *Coury*, the Court held that a defendant forfeited a claim where he only cited "cases [that were] inapposite to the present case" and "present[ed] no argument to explain how these cases constitute authority for their bare assertion." *Id.* at 587. And in *Melgar*, the Court found that an issue had been inadequately briefed because

14

"even under a liberal interpretation of [the] brief, he has failed to *raise* the issue." *Id*. at 382 n.6 (emphasis added)). And, Proposed intervenors were entitled to provide the above reply elaborating on the arguments raised in their motion.

Moreover, Proposed intervenors' intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Proposed intervenors filed their motion timely. *See* Fifth Circuit Rule 15.5. As they also intend to file briefs and other submissions jointly, their participation will be conducted efficiently. The Court has not yet scheduled oral argument or established any briefing schedule. Proposed intervenors' participation will not undermine the efficient and timely adjudication of these cases and thus should be allowed. *See John Doe No. 1 v. Glickman*, 256 F.3d 371, 375 (5th Cir. 2001) ("Federal courts should allow intervention where no one would be hurt and the greater justice could be obtained.")

## CONCLUSION

For the foregoing reasons, Proposed Intervenors respectfully request that the Court reconsider its April 19, 2023 Order denying leave to intervene in Case No. 23-60069 and either grant intervention or

15

carry their motion for leave to intervene with the case so that the

merits panel can better assess Proposed intervenors' arguments on

inadequacy of representation.

Respectfully submitted,

*s/ Joshua Smith*
Joshua Smith
Sierra Club
2101 Webster Street, Suite 1300
Oakland, CA 94612
(415) 977-5560 (phone)
joshua.smith@sierraclub.org

Zachary M. Fabish
Sierra Club
50 F St NW, 8th Floor
Washington, DC 20001
650-388-8446
zachary.fabish@sierraclub.org
*Admission Pending*

*Counsel for Sierra Club*

*/s/ Kathleen L. Riley*
Kathleen L. Riley
Seth L. Johnson
Earthjustice
1001 G St NW, Ste. 1000
Washington, DC 20001
202-745-5227
202-797-5245
kriley@earthjustice.org
sjohnson@earthjustice.org

*Counsel for Sierra Club, Air Alliance
Houston, and Downwinders at Risk*

# CERTIFICATE OF CONFERENCE

Pursuant to Fifth Circuit Rule 27.4, proposed intervenors have consulted with counsel for the other parties in this case. EPA takes no position. The Texas State and Industry Petitioners, the Mississippi State and Industry Petitioners, the Louisiana State and Industry Petitioners, and Entergy Louisiana oppose and reserve their right to respond.

Dated: June 5, 2023

*/s/   Joshua D. Smith*

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT**

The undersigned counsel states that this motion complies with Fed. R. App. P. 27(d)(2)(A) because it contains 2,834 words, excluding the caption, signature blocks, and required certifications, as counted by a word processing system and, therefore, is within the word limit. This motion also complies with typeface requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface in 14-point Century Schoolbook font.

Dated: June 5, 2023

*/s/   Joshua D. Smith*

## CERTIFICATIONS UNDER ECF FILING STANDARDS

Pursuant to paragraph A(6) of this Court's ECF Filing Standards, I hereby certify that (1) required privacy redactions have been made, 5th Cir. R. 25.2.13; (2) the electronic submission is an exact copy of the paper document, 5th Cir. R.25.2.1; and (3) the document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses.

Dated: June 5, 2023

*/s/   Joshua D. Smith*