NO. 23-60069

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

STATE OF TEXAS *et al.*,

*Petitioners*,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY
and MICHAEL S. REGAN, Administrator,
United States Environmental Protection Agency,

*Respondents*.

---

**MOTION OF PROPOSED INTERVENORS SIERRA CLUB,
DOWNWINDERS AT RISK, AND AIR ALLIANCE HOUSTON
FOR LEAVE TO FILE A REPLY IN SUPPORT OF THE MOTION
TO TRANSFER OR DISMISS**

*/s/ Joshua D. Smith*
Joshua D. Smith
Sierra Club
2101 Webster Street, Suite 1300
Oakland, California 94612
415-977-5560
joshua.smith@sierraclub.org

Zachary M. Fabish
Sierra Club
50 F St NW, 8th Floor
Washington, DC 20001

*/s/ Kathleen L. Riley*
Kathleen L. Riley
Seth L. Johnson
Earthjustice
1001 G St NW, Ste. 1000
Washington, DC 20001
202-745-5227
202-797-5245
kriley@earthjustice.org
sjohnson@earthjustice.org

650-388-8446
zachary.fabish@sierraclub.org

*Counsel for Sierra Club*

*Counsel for Sierra Club, Downwinders at Risk, and Air Alliance Houston*

Filed: April 17, 2023

NO. 23-60069

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

STATE OF TEXAS *et al.*,

*Petitioners*,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY
and MICHAEL S. REGAN, Administrator,
United States Environmental Protection Agency,

*Respondents*.

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following

listed persons and entities as described in the fourth sentence of Fifth

Circuit Local Rule 28.2.1 have an interest in the outcome of this case.

These representations are made in order that the judges of this court

may evaluate possible disqualification or recusal.

1.  <u>Petitioners</u>: State of Texas; Texas Commission on
    Environmental Quality; Luminant Generation Company
    LLC; Coleto Creek Power, LLC; Ennis Power Company,
    LLC; Hays Energy, LLC; Midlothian Energy, LLC; Oak
    Grove Management Company LLC; Wise County Power

i

Company, LLC (Parent Companies: Vistra Corp.; Vistra Intermediate Company LLC, Vistra Operations Company LLC); Association of Electric Companies of Texas; BCCA Appeal Group; Texas Chemical Council; Texas Oil & Gas Association; Mississippi Power Company; State of Mississippi and Mississippi Department of Environmental Quality; Mississippi Power Company (Parent Company: Southern Company); State of Louisiana and Louisiana Department of Environmental Quality; Entergy Louisiana LLC; Vistra Asset Company LLC; Louisiana Chemical Association, Louisiana Mid-Continent Oil and Gas Association and Louisiana Electric Utility Environmental Group, L.L.C.;

2.   <u>Counsel for Petitioners State of Texas and Texas Commission on Environmental Quality</u>: Ken Paxton, Attorney General of Texas; Michael R. Abrams, Assistant Solicitor General; Williams F. Cole, Assistant Solicitor General; Bill Davis, Deputy Solicitor General; Joseph N. Mazzara, Assistant Solicitor General; Judd Stone, Solicitor General; Brent Webster, First Assistant Attorney General, all with the Office of the Attorney General for the State of Texas.

3.   <u>Counsel for Petitioners Luminant Generation Company LLC and Luminant Mining Company LLC</u>: P. Stephen Gidiere III and Julia B. Barber with Balch & Bingham, LLP; Stephanie Z. Moore, Daniel J. Kelly, and David W. Mitchell.

4.   <u>Counsel for Petitioners Association of Electric Companies of Texas, BCCA Appeal Group, Texas Chemical Council, Texas Oil & Gas Association</u>: Matthew L. Kuryla and Aaron M. Streett with Baker Botts L.L.P.

5.   <u>Counsel for Petitioner State of Mississippi and Department of Environmental Quality</u>: Lynn Fitch, Attorney General; Justin Matheny, Deputy Solicitor; Whitney H. Lipscomb, Deputy Attorney General all with the State of Mississippi Office of the Attorney General.

6.   Counsel for Petitioner State of Louisiana and Louisiana Department of Environmental Quality: Jeff Landry, Attorney General; Joseph S. St. John, Deputy Solicitor General; Elizabeth B. Murrill, Solicitor General; Machelle Hall, Assistant Attorney General with the Louisiana Department of Justice; Courtney J. Burdette and Jill C. Clark with the Louisiana Department of Environmental Quality.

7.   Counsel for Mississippi Power Company: C. Grady Moore, III, Susan Scaggs, and Shawn Shurden with Balch & Bingham LLP.

8.   Counsel for Entergy Louisiana, LLC: Debra Jezouit with Baker Botts L.L.P.

9.   Counsel for Louisiana Chemical Association; Louisiana Mid-Continent Oil & Gas Association; Louisiana Electric Utility Environmental Group, LLC: Maureen N. Harbourt, Lauren B. Rucinski, and Josiah M. Kollmeyer with Kean Miller LLP.

10.   Counsel for Texas Lehigh Cement Company LP: Megan H. Berge and J. Mark Little with Baker Botts L.L.P.

11.   Respondents: United States Environmental Protection Agency; Michael S. Regan, Administrator, U.S. Environmental Protection Agency; David Gray, Acting Regional Administrator, Region 6, U.S. Environmental Protection Agency; Daniel Blackman, Regional Administrator, Region 4, U.S. Environmental Protection Agency; Earthea Nance, Regional Administrator.

12.   Counsel for Respondents United States Environmental Protection Agency and Michael S. Regan: Merrick Garland, Attorney General of the U.S. Department of Justice; Jin Hyung Lee with the U.S. Department of Justice Environment & Natural Resources Division; Todd Kim, Assistant Attorney General; Jeffrey M. Prieto.

13. <u>Proposed-Intervenors</u>: Sierra Club is a non-profit organization that maintains open membership invitation to organizations, businesses, individuals, and the public in general. Accordingly, Sierra Club consists of many individual members.

Air Alliance Houston is a nonprofit corporation organized and existing under the laws of the State of Texas, with its headquarters in Houston, Texas. Air Alliance Houston works to reduce air pollution in the Houston region to protect public health and environmental integrity through research, education, and advocacy.

Downwinders at Risk is a nonprofit corporation organized and existing under the laws of the State of Texas, with its headquarters located in Dallas, Texas. Downwinders at Risk is a diverse grassroots citizens group dedicated to protecting public health and the environment

Neither Sierra Club, Air Alliance Houston, nor Downwinders at Risk have any parent companies; and no publicly-held company owns a 10% or greater interest in Sierra Club, Air Alliance Houston, or Downwinders at Risk.

14. <u>Counsel for Proposed-Intervenors</u>: Joshua Smith and Zachary Fabish with Sierra Club; Kathleen L. Riley and Seth L. Johnson, with Earthjustice.

Respectfully submitted,

<u>/s/ Joshua Smith</u>
Joshua Smith
Sierra Club
2101 Webster Street, Suite 1300
Oakland, CA 94612
415.977.5560 (phone)
Joshua.smith@sierraclub.org

## MOTION FOR LEAVE TO FILE A REPLY

## IN SUPPORT OF THE MOTION TO TRANSFER OR DISMISS

Proposed-Intervenors Sierra Club, Downwinders at Risk, and Air Alliance Houston, respectfully move for leave to file the attached Reply in Support of Respondent EPA's Motion to Transfer or Dismiss ("Transfer Motion"). In support of the Motion, Proposed-Intervenors state:

1. This case involves petitions for review filed by Texas,[1] Louisiana,[2] Mississippi,[3] and several power plants and industrial associations, challenging a single EPA rule disapproving Clean Air Act

---

[1] This Motion refers to the following petitioners, collectively, as the "Texas Petitioners": the "Texas State Petitioners," which includes the State of Texas and the Texas Commission on Environmental Quality; the Public Utility Commission of Texas and the Railroad Commission of Texas; and the "Texas Industry Petitioners," which includes Luminant Generation Company LLC, Coleto Creek Power, LLC, Ennis Power Company, LLC, Hays Energy LLC, Midlothian Energy, LLC, Oak Grove Management Company LLC, Wise County Power Company, LLC, Association of Electric Companies of Texas, BCCA Appeal Group, Texas Chemical Counsel, and Texas Oil & Gas Association.

[2] The "Louisiana Petitioners" are the State of Louisiana and the Louisiana Department of Environmental Quality.

[3] The "Mississippi Petitioners" are the State of Mississippi and the Mississippi Department of Environmental Quality, and Mississippi Power Company.

state implementation plans for 21 states, *Interstate Transport of Air Pollution for the 2015 8-Hour Ozone National Ambient Air Quality Standards*, 88 Fed. Reg. 9,336 (Feb. 13, 2023) ("Disapproval Rule"). EPA disapproved all 21 state implementation plans, in part, because the plans failed to require emission reductions necessary to eliminate each respective state's contribution to harmful interstate ozone pollution.

2.     On February 14, 2023, the State of Texas, the Texas Commission on Environmental Quality, and the Texas Industry Petitioners filed petitions for judicial review of EPA's Disapproval Rule in this Court. Case No. 23-60069.

3.     On March 3, 2023, the Texas State Petitioners and the Texas Industry Petitioners each filed motions to stay the Disapproval Rule, seeking, alternatively, to stay the Disapproval Rule as to Texas or in its entirety. *See* Texas Pet'rs' Mot. to Stay Final Action at 20 ("The Court should stay, pending review, the part of the Final Rule that disapproves Texas's SIP."); Texas Industry Pet'rs' Mot. to Stay Final Action at 21 ("the Court should stay EPA's disapproval and prohibit EPA from taking any action in reliance on that disapproval pending conclusion of

2

these proceedings."); *see also* Texas Industry Pet'rs' Reply in Support of Stay at 11 ("the Court should stay EPA's disapproval and prohibit EPA from taking any action based on it").

4.      On March 15, 2023, EPA filed a Motion to Transfer to the D.C. Circuit or Dismiss Based on Improper Venue. Under the Clean Air Act, 42 U.S.C. § 7607(b)(1), petitions for review of EPA actions that are "nationally applicable," or that EPA found and published are based on determinations of "nationwide scope or effect," may be filed only in the D.C. Circuit.

5.      Proposed-Intervenors were not parties to this case when EPA moved to transfer this case to the D.C. Circuit, and were not served. Nor were they parties when the Texas Petitioners sought to stay the rule, either as to Texas or in its entirety. *See* Texas Pet'rs' Mot. to Stay Final Action at 20; Texas Industry Pet'rs' Mot. to Stay Final Action at 21; *see also* Texas Industry Pet'rs' Reply in Support of Stay at 11.

6.      On March 16, 17, and 20, Mississippi and the Mississippi Department of Environmental Quality, Mississippi Power Company,

3

and the Louisiana Petitioners filed separate petitions for review. All of the petitions have been docketed under Case No. 23-60069.[4]

7.    On March 23, 2023, the Mississippi Petitioners filed a motion to extend the deadline to respond to EPA's Motion to Transfer until April 3, which the Court granted.

8.    On March 27, 2023, the Texas Petitioners filed a Joint Response in Opposition to EPA's Motion to Transfer.

9.    On the same day, Sierra Club, Downwinders at Risk, and Air Alliance Houston ("Proposed-Intervenors") timely filed a Motion for Leave to Intervene in each of the petitions for review filed in the above-captioned case. As explained the Motion, Proposed-Intervenors are non-profit organizations, with tens of thousands of members in Texas, Louisiana, Mississippi, and the other states with failing air quality caused, in part, by pollution from each of the states subject to the Disapproval Rule. Proposed-Intervenors are dedicated to protecting public health and the environmental from the impacts of harmful ozone pollution.

_____

[4] On April 14, 2023, Entergy Louisiana, LLC, filed a petition for review.

10.    To further their interests in reducing ozone pollution in Texas, Louisiana, and Mississippi, as well as harmful ozone pollution that travels from those states to other states, Proposed-Intervenors have worked for years in the Clean Air Act rulemaking processes and judicial proceedings leading up to the Disapproval Rule. In fact, EPA issued the Disapproval Rule, in part, to respond to Proposed-Intervenors' lawsuit to compel the agency to fulfill its overdue Clean Air Act obligations to ensure that the states adequately address their harmful downwind air pollution. *See* Complaint, *Downwinders at Risk, et al. v. Regan*, No. 4:21-cv-03551-DMR (N.D. Cal. May 12, 2021); *see also* Complaint, *State of New York, et al. v. Regan*, 1:21-ccv-00252-ALC (S.D.N.Y. Jan. 12, 2021).

11.    Thus, Proposed-Intervenors have protectable aesthetic, recreational, health, cultural, and environmental benefits interests in the outcome of this case, which will determine whether EPA must allow Texas, Louisiana, Mississippi, and the 18 other states subject to the rule to continue doing nothing to eliminate their contribution to interstate pollution, prolonging Proposed-Intervenors' members' exposure to unhealthy air. Proposed-Intervenors also have a strong

interest in the uniform and consistent interpretation and national application of the requirements of the Clean Air Act, including the Act's requirement that each state eliminate pollution that significantly contributes to unhealthy air in other states, or interferes with downwind states' ability to meet air quality standards.

12.     Concurrent with their Motion to Intervene, Proposed-Intervenors filed a Motion for Leave and a Proposed Response in Opposition to the Texas Petitioners' Motion to Stay the Disapproval Rule Pending Review.

13.     On April 13, the Texas State and Texas Industry Petitioners filed responses opposing the Motion to Intervene, or in the alternative, seeking to limit Proposed-Intervenors' participation in this case. In their Response in Opposition to the Motion to Intervene, the Texas Industry Petitioners purport to limit their stay request to a "stay EPA's action as to Texas" (at 7), but their Reply in Support of the Stay (at 11) continues to request a "stay [of] EPA's disapproval and [an order] prohibit[ing] EPA from taking any action based on it."

14.     The Proposed-Intervenors' Motions to Intervene and for Leave to File a Response to the Texas Stay Motion remain pending.

15.    On March 29, the Court extended the deadline to file a reply to the Texas, Louisiana, and Mississippi Petitioners' Responses in Opposition to Transfer until April 17, 2023.

16.    Proposed-Intervenors respectfully request that the Court allow the filing of the accompanying proposed Reply in Support of EPA's Motion to Transfer or Dismiss, so that it may contribute to the Court's deliberations concerning the Motion and the Petitioners' responses in opposition.

17.    As explained in the attached Proposed Response, EPA's Disapproval Rule is, on its face, nationally applicable. Specifically, applying a uniform, "efficient and equitable" analytical and national modeling framework, EPA found that 21 states—spanning seven different EPA regions and nine federal circuits—contribute to unhealthy levels of ozone in other states. 88 Fed. Reg. at 9,339-41, 9,362 (quoting *EPA v. EME Homer City Gen., L.P.*, 572 U.S. 489, 496 (2014)).

### *States Significantly Contributing to Downwind Ozone Problems*[5]

---

[5] Shaded states are subject to the Disapproval Rule. https://www.epa.gov/csapr/good-neighbor-plan-2015-ozone-naaqs (last visited Mar.28, 2023); *see also* 88 Fed. Reg. at 9,353-54.



18.    Despite those impacts, none of the 21 states' Clean Air Act state implementation plans ("SIPs") included *any* enforceable control strategies to reduce their emissions, as required by the Clean Air Act, 42 U.S.C. § 7410(a)(2)(D)(i)(I). 88 Fed. Reg. at 9,358-60, 9,369. Consequently, EPA issued a single final action disapproving "all" 21 SIPs. 88 Fed. Reg. at 9,339/2. Because the Disapproval Rule is nationally applicable, the D.C. Circuit is the proper forum for any challenge to the rule. 42 U.S.C. § 7607(b)(1).

19.    Even if the Disapproval Rule could be characterized as "locally or regionally applicable" (it cannot be), EPA reasonably found that it was based on several determinations of nationwide scope and effect, including, among other things: EPA's national four-step

framework for assessing the adequacy of each SIP; EPA's updated national modeling showing all 21 states contribute to downwind ozone nonattainment; and the states' use of similarly (and in many cases, identically) flawed methodologies or regulatory interpretations to avoid eliminating those impacts. *See, e.g.*, 88 Fed. Reg. at 9,369 (determining all 21 states contribute to downwind pollution, and disapproving all 21 SIPs because "no state provided any enforceable emission control strategies); *id.* at 9,359 (determining that Ohio, Oklahoma, and Texas used a flawed methodology for identifying maintenance receptors); *id.* at 9,354-56, 9,360 (determining that numerous states relied on simplistic and flawed modeling "back-trajectories" to discount ozone transport linkages); *id.* at 9,355-56, 9,360 (determining that Arkansas's, Louisiana's, and Texas's theory that any ozone contribution must be "persistent and consistent" to warrant regulation was flawed).

20.    The inconsistent resolution of those determinations could call into question the entirety of the Disapproval Rule, "utterly defeating" the Act's obvious goal of centralized, consistent review of national issues. *S. Ill. Power Coop. v. EPA*, 863 F.3d 666, 673 (7th Cir. 2017).

9

21.     Even if the Texas, Louisiana, and Mississippi SIP Disapprovals could be evaluated in a vacuum (they cannot be), a court order "stay[ing] EPA's disapproval and prohibit[ing] EPA from taking any action in reliance on that disapproval" (Texas Industry Mot. to Stay at 21) could effectively implicate the entirety of the rule because, as discussed in the attached Reply, EPA's disapproval of the 21 state plans are inextricably interrelated, and based on the same core determinations of nationwide scope and effect.

22.     Proposed-Intervenors respectfully submit that consideration of the accompanying response will assist the Court in the resolution of those legal and factual issues in a consistent and efficient manner.

23.     Pursuant to Fifth Circuit Rule 27.4, Proposed-Intervenors consulted with counsel for the other parties in this case. EPA, the State of Mississippi, Mississippi Department of Environmental Quality, and Entergy Louisiana take no position on Proposed-Intervenors' Motion for Leave to File a Reply in Support of EPA's Motion to Transfer. The Louisiana Chemical Association, Louisiana Mid-Continent Oil & Gas Association, Louisiana Electric Utility Environmental Group, LLC, and Texas Lehigh Cement Company LP, who each filed petitions for review

on April 17, did not respond to counsel's inquiry. The Texas State

Petitioners, Texas Industry Petitioners, and Louisiana State Petitioners

oppose the motion.

For the foregoing reasons, Proposed-Intervenors request leave to

file the accompanying Reply in Support of EPA's Motion to Transfer or

Dismiss.

Respectfully submitted,

*/s/ Joshua Smith*
Joshua Smith
Sierra Club
2101 Webster Street, Suite 1300
Oakland, CA 94612
(415) 977-5560 (phone)
joshua.smith@sierraclub.org

Zachary M. Fabish
Sierra Club
50 F St NW, 8th Floor
Washington, DC 20001
650-388-8446
zachary.fabish@sierraclub.org

*Counsel for Sierra Club*

*/s/ Kathleen L. Riley*
Kathleen L. Riley
Seth L. Johnson
Earthjustice
1001 G St NW, Ste. 1000
Washington, DC 20001

202-745-5227
202-797-5245
kriley@earthjustice.org
sjohnson@earthjustice.org

*Counsel for Sierra Club, Air Alliance
Houston, and Downwinders at Risk*

# CERTIFICATE OF CONFERENCE

Pursuant to Fifth Circuit Rule 27.4, Proposed-Intervenors have consulted with counsel for the other parties in this case. EPA, the State of Mississippi, Mississippi Department of Environmental Quality, and Entergy Louisiana take no position on Proposed-Intervenors' Motion for Leave to File a Reply in Support of EPA's Motion to Transfer. The Louisiana Chemical Association, Louisiana Mid-Continent Oil & Gas Association, Louisiana Electric Utility Environmental Group, LLC, and Texas Lehigh Cement Company LP, who each filed petitions for review on April 17, did not respond to counsel's inquiry. The Texas State Petitioners, Texas Industry Petitioners, and Louisiana State Petitioners oppose the motion.

Dated: April 17, 2023

*/s/ Joshua Smith*
Joshua Smith
Counsel for Sierra Club

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT**

The undersigned counsel states that this motion complies with Fed. R. App. P. 27(d)(2)(A) because it contains 1,823 words, excluding the caption, signature blocks, and required certifications, as counted by a word processing system and, therefore, is within the word limit. This motion also complies with typeface requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface in 14-point Century Schoolbook font.

Dated: April 17, 2023

*/s/ Joshua Smith*
Joshua Smith
Counsel for Sierra Club

## CERTIFICATIONS UNDER ECF FILING STANDARDS

Pursuant to paragraph A(6) of this Court's ECF Filing Standards, I hereby certify that (1) required privacy redactions have been made, 5th Cir. R. 25.2.13; (2) the electronic submission is an exact copy of the paper document, 5th Cir. R.25.2.1; and (3) the document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses.

Dated: April 17, 2023

*/s/ Joshua Smith*
Joshua Smith
Counsel for Sierra Club

## CERTIFICATE OF SERVICE

On this 17th day of April, 2023 a true and correct copy of the foregoing Motion of Proposed Intervenors Sierra Club, Downwinders at Risk, and Air Alliance Houston for Leave to File a Reply in Support of the Motion to Transfer or Dismiss was filed with the electronic case filing ("ECF") system of the U.S. Court of Appeals for the Fifth Circuit, which will provide electronic notice to counsel of record.

*/s/ Joshua Smith*
Joshua Smith

NO. 23-60069

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

STATE OF TEXAS *et al.*,

*Petitioners*,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY
and MICHAEL S. REGAN, Administrator,
United States Environmental Protection Agency,

*Respondents*.

**REPLY OF SIERRA CLUB, AIR ALLIANCE HOUSTON, AND
DOWNWINDERS AT RISK IN SUPPORT OF RESPONDENT
EPA'S MOTION TO TRANSFER OR DISMISS**

*/s/ Joshua D. Smith*
Joshua D. Smith
Sierra Club
2101 Webster Street, Suite 1300
Oakland, California 94612
415-977-5560
joshua.smith@sierraclub.org

Zachary M. Fabish
Sierra Club
50 F St NW, 8th Floor
Washington, DC 20001

*/s/ Kathleen L. Riley*
Kathleen L. Riley
Seth L. Johnson
Earthjustice
1001 G St NW, Ste. 1000
Washington, DC 20001
202-745-5227
202-797-5245
kriley@earthjustice.org
sjohnson@earthjustice.org

650-388-8446
zachary.fabish@sierraclub.org

*Counsel for Sierra Club*

*Counsel for Sierra Club, Air
Alliance Houston, and
Downwinders at Risk*

Filed: April 17, 2023

# TABLE OF CONTENTS

TABLE OF CONTENTS ....................................................i

TABLE OF AUTHORITES .............................................ii

INTRODUCTION.................................................................1

ARGUMENT ........................................................................2

   I.   Petitioners Cannot Dictate Venue By Purporting To
      Challenge Only State-specific aspects of the Rule. ................2

   II.  Petitioners Mischaracterize EPA's Findings. .......................10

CONCLUSION .................................................................14

# TABLE OF AUTHORITES

## CASES

*Alabama v. Regan,*
    No. 23-11173 (11th Cir. Apr. 13, 2023) ..........................................................5

*Arkansas, et al. v. EPA,*
    No. 23-1320 (8th Cir. Feb. 16, 2023) .............................................................5

*ATK Launch Sys., Inc. v. EPA,*
    651 F.3d 1194 (10th Cir. 2011) ......................................................................7

*Calumet Shreveport Refining, L.L.C. v. EPA,*
    No. 22-60266 (5th Cir. Oct. 21, 2022) ..........................................................13

*EPA v. EME Homer City Gen., L.P.,*
    572 U.S. 489 (2014) .......................................................................................7

*Kentucky v. EPA,*
    No. 23-3216 (6th Cir. Mar. 13, 2023) .............................................................5

*Missouri v. EPA,*
    No. 23-1719 (8th Cir. Apr. 14, 2023) .............................................................5

*Nat. Res. Def. Council, Inc. v. Thomas,*
    838 F.2d 1224 (D.C.Cir.1988) ........................................................................7

*Oklahoma v. EPA,*
    No. 23-1103 (D.C. Cir. Apr. 14, 2023) ...........................................................5

*Oklahoma, et al. v. EPA,*
    No. 23-9514 (10th Cir. Mar. 2, 2023) .............................................................5

*S. Ill. Power Coop. v. EPA,*
    863 F.3d 666 (7th Cir. 2017) .............................................................. 7, 10, 17

*Texas v. EPA,*
    No. 10-60961, 2011 WL 710598 (5th Cir. Feb. 24, 2011)..... 5, 7, 8, 11, 12

*Texas v. EPA,*
    No. 17-60088 (5th Cir. filed Apr. 13, 2017)..................................................12

*Texas v. EPA,*
    No. 23-60069 (5th Cir. Feb. 14, 2023).............................................................5

*Texas v. EPA,*
    706 F. App'x 159 (5th Cir. 2017) ..............................................................6, 11

*Texas v. EPA,*
  829 F.3d 405 (5th Cir. 2016) ....................................... 6, 10, 13, 15

*U.S. Steel Corp. v. EPA,*
  595 F.2d 207 (5th Cir. 1979) ...........................................................13

*Utah v. EPA,*
  No. 23-1102 (D.C. Cir. Apr. 14, 2023) ...........................................5

*Utah v. EPA*, No. 23-9509
  (10th Cir. Feb. 13, 2023) .................................................................5

*West Virginia v. EPA,*
  No. 23-1418 (4th Cir. Apr. 14, 2023) .............................................5

*Wyoming v. EPA,*
  No. 23-9529 (10th Cir. Apr. 5, 2023) .............................................5

## STATUTES

42 U.S.C. § 7410 ...............................................................................8, 14

42 U.S.C. § 7607 .............................................................................. 10, 16

## REGULATIONS

88 Fed. Reg. 9,336 (Feb. 13, 2023) ............................. 7, 8, 9, 12, 14, 15, 16, 17

## INTRODUCTION

Despite the Clean Air Act's mandate to "centralize review of national [state implementation plan] issues" in the U.S. Court of Appeals for the D.C. Circuit,[1] eleven states and several industry petitioners have filed purportedly state-specific challenges to the same Disapproval Rule in the Fourth,[2] Fifth,[3] Sixth,[4] Eighth,[5] Tenth,[6] and Eleventh Circuits.[7]  Oklahoma and Utah have also filed petitions for review in the D.C. Circuit.[8] Thus, the *same* EPA rule is now pending in

---

[1] *Texas v. EPA*, No. 10-60961, 2011 WL 710598, at *4 (5th Cir. Feb. 24, 2011) (transferring challenges to an EPA rule determining that 13 states' state implementation plans were inadequate to the D.C. Circuit) (cleaned up).

[2] *West Virginia v. EPA*, No. 23-1418 (4th Cir. Apr. 14, 2023).

[3] *See Texas v. EPA*, No. 23-60069 (5th Cir. Feb. 14, 2023), and consolidated cases.

[4] *See Kentucky v. EPA*, No. 23-3216 (6th Cir. Mar. 13, 2023), and consolidated cases.

[5] *Arkansas, et al. v. EPA*, No. 23-1320 (8th Cir. Feb. 16, 2023); *Missouri v. EPA*, No. 23-1719 (8th Cir. Apr. 14, 2023).

[6] *Utah v. EPA*, No. 23-9509 (10th Cir. Feb. 13, 2023); *Oklahoma, et al. v. EPA*, No. 23-9514 (10th Cir. Mar. 2, 2023); *see also Wyoming v. EPA*, No. 23-9529 (10th Cir. Apr. 5, 2023), and consolidated cases.

[7] *Alabama v. Regan*, No. 23-11173 (11th Cir. Apr. 13, 2023).

[8] *Utah v. EPA*, No. 23-1102 (D.C. Cir. Apr. 14, 2023); *Oklahoma v. EPA*, No. 23-1103 (D.C. Cir. Apr. 14, 2023).

1

seven different circuits, raising an obvious potential for inconsistent interpretation and application of the Act.

Ignoring that reality, Petitioners make two basic arguments against centralized review in the D.C. Circuit. First, contrary to settled law, Petitioners insist that venue lies here because they are challenging only parts of EPA's action that are "locally or regionally applicable." Second, Petitioners mischaracterize EPA's rule, and argue that EPA's action is somehow not "based on determinations of nationwide scope and effect." Petitioners' arguments lack merit.

## ARGUMENT

### I. PETITIONERS CANNOT DICTATE VENUE BY PURPORTING TO CHALLENGE ONLY STATE-SPECIFIC ASPECTS OF THE RULE.

Petitioners insist that EPA's Disapproval Rule is a "package" of "separate" state implementation plan ("SIP") disapprovals, and that they each challenge only state-specific disapprovals that "have no connection." Texas Resp. 1, 11; Mississippi Resp. 2; Louisiana Resp. 1. Petitioners are wrong.

First, every court that has studied the Clean Air Act's venue provision, 42 U.S.C. § 7607(b)(1), has concluded that applicability turns on the face of the rule "*as a whole,*" *Texas v. EPA,* 829 F.3d 405, 419

2

(5th Cir. 2016) (emphasis added). The scope of "petitioner's challenge

has *no role*" in determining venue. *Texas v. EPA*, 706 F. App'x 159, 164

(5th Cir. 2017) (emphasis added); *see also S. Ill. Power Coop. v. EPA*,

863 F.3d 666, 674 (7th Cir. 2017) ("A petition-centric method for

determining venue . . . is flatly inconsistent with the actual terms of §

7607(b)(1)."). Petitioners' attempt to dictate venue by "limit[ing]" these

consolidated cases to the purportedly "local" "aspect[s]" of the

Disapproval Rule (Texas Resp. 12) is directly contrary to that well-

settled precedent.[9]

Second, contrary to Petitioners' assertions, (Texas Resp. 11;

Mississippi Resp. 1), EPA's SIP disapprovals are connected. Applying a

uniform, "efficient and equitable" analytical framework and updated

national air quality modeling, EPA found that all 21 states subject to

---

[9] *See also Texas v. EPA*, 2011 WL 710598, at *3 (concluding that EPA action finding thirteen SIPs failed to satisfy the Act was nationally applicable, despite Texas's challenge to only "local . . . aspect[s] of the rule"); *ATK Launch Sys., Inc. v. EPA*, 651 F.3d 1194, 1198-99 (10th Cir. 2011) (holding that national applicability turns on the face of the rule, not "the manner in which a petitioner frames his challenge," and concluding that EPA's rule designating 31 counties across the country as being in nonattainment was nationally applicable, despite the petitioner's challenge to only one area); *Nat. Res. Def. Council, Inc. v. Thomas,* 838 F.2d 1224, 1249 (D.C. Cir. 1988) (looking at face of rule, rather than practical effect, in determining national applicability).

3

the Disapproval Rule contribute to unhealthy levels of ozone in other states. 88 Fed. Reg. 9,336, 9,339-41, 9,362 (Feb. 13, 2023) (citing *EPA v. EME Homer City Gen., L.P.*, 572 U.S. 489, 496 (2014)).

### *States Significantly Contributing to Downwind Ozone Problems*[10]



Despite those impacts, none of the 21 states (shaded in the image above) included in their SIPs any enforceable control strategies to reduce their emissions, as required by the Act, 42 U.S.C. § 7410(a)(2)(D)(i)(I). 88 Fed. Reg. at 9,358-60, 9,369. Thus, just like the rule in *Texas v. EPA*, 2011 WL 710598 at *3, where EPA concluded that

---

[10] EPA, Good Neighbor Plan for 2015 Ozone NAAQS, *available at* https://www.epa.gov/csapr/good-neighbor-plan-2015-ozone-naaqs (last visited April 17, 2023); *see also* 88 Fed. Reg. at 9,353-54.

13 SIPs were inadequate because they failed to implement required provisions of the Act, EPA disapproved "all" the SIPs that failed to include adequate provisions to eliminate their contribution to ozone problems in other states. 88 Fed. Reg. at 9,339/2.

The Disapproval Rule also applied the same "4-step framework" and several uniform policy and technical judgments to assess the adequacy of the SIPs at issue. Thirteen states, for example, relied on similarly (and in some cases, identically) flawed methodologies to conclude that they did not contribute to downwind ozone problems. *Id.* at 9,373/2. Other states, including Texas, Ohio, and Oklahoma, relied on the *same* flawed methodology for identifying monitoring receptors that are in danger of failing to meet the ozone standard. *Id.* at 9,340, 9,358-59. And other states, including Alabama, Arkansas, Indiana, Kentucky, Louisiana, Texas, and West Virginia, improperly relied on back-trajectory modeling in an attempt to discount ozone transport linkages. *Id.* at 9,354-56, 9,360. Thus, on the face of the rule, EPA's rationales for disapproving Texas's, Mississippi's, and Louisiana's SIPs

are inextricably interrelated and apply to the disapproval of SIPs across the country.[11]

Third, Petitioners essentially argue that the Disapproval Rule is 21 separate actions, subject to review in at least nine regional circuit courts. Such an approach would "utterly defeat[]" the Act's "obvious aim of centralizing judicial review of national rules in the D.C. Circuit." *S. Ill. Power Coop.*, 863 F.3d at 673.

Petitioners' other arguments are similarly flawed. Louisiana attempts to make a textual case for adopting a *per se* rule that all SIP "disapprovals" are "locally or regionally applicable," simply because Section 7607(b)(1) "mentions" such actions in the same sentence. Louisiana Resp. 8-10. But the statute does not say that *all* SIP actions are locally applicable. Instead, it states that "any" SIP action or "any other action . . . *which is* locally or regionally applicable" may be filed only in the regional circuits. 42 U.S.C. § 7607(b)(1) (emphasis added). In other words, only a SIP disapproval "which is" actually locally or

---

[11] Petitioners' argument that EPA's disapproval as to Texas, Louisiana, and Mississippi have "no connection" to each other, Texas Resp. 11, is further belied by the fact that their petitions have been consolidated without objection.

6

regionally applicable may be challenged in a regional circuit. Moreover, this Court has recognized that SIP actions *can* be "nationally applicable." *Texas*, 829 F.3d at 419 & n.16.

Petitioners speculate that a finding that the Disapproval Rule is "nationally applicable" would allow EPA to "manipulate" the Act's venue provision by simply "packaging" individual disapprovals together. Texas Resp. 1, 9-10; Louisiana Resp. 15. But, as discussed, the Disapproval Rule cannot credibly be described as a hodgepodge of unrelated actions; and Petitioners do not (and cannot) credibly claim EPA's decision to disapprove those SIPs in one action was illegitimate.[12]

Petitioners also argue that regulations cannot be nationally applicable if they apply only to a "subset"—"not even a majority"—of the states. Texas Resp. 12-13; Louisiana Resp. 14. But as discussed, *supra* at 3 n.9, this Court and others have concluded that EPA rules (including SIP rules) do not need to implicate even a majority of states to be nationally applicable. Like the SIP action in *Texas*, 2011 WL

---

[12] Even if the Disapproval Rule was a series of separate actions (it is not), this Court has recognized that where local rules are grouped together in a single published action, "transfer might well be appropriate." *Texas*, 706 F. App'x 159 at 164.

710598 at *3, 5, which applied to 13 states spanning seven EPA regions and federal circuits, the Disapproval Rule applies to 21 states from California to Texas to Minnesota to Connecticut—a "far-flung collection of states [that] comprises no "region" of which we are aware." *Id.* at *3, 5 (An "EPA rule need not span from 'sea to shining sea' to be nationally applicable.") (cleaned up). In any event, EPA did, in fact, apply the same analytical framework and methodology to "all states," and concluded that 21 states unlawfully failed to eliminate their contributions to violations of the ozone standard downwind. 88 Fed. Reg. at 9,339.

Petitioners contend that the SIP disapprovals must be regionally applicable because EPA Regional Staff analyzed, signed, and compiled comments and support documents for each of the "proposed" rules. Tex. Resp. 6-7, 12; Mississippi Resp. 1. 7. But, as the Texas Petitioners argued in a different venue dispute, "the statute does not delineate venue based on *proposed* rules—only 'final action.'" *See* Texas Resp. in Opp. to EPA Mot. to Dismiss at 11, *Texas v. EPA*, No. 17-60088 (5th Cir. filed Apr. 13, 2017), ECF 00513952278 (emphasis in original) (arguing that EPA's final Texas-only nonattainment designations were not

8

nationally applicable, even though EPA *proposed* the designations as part of a nationally applicable rule). Here, EPA's *final* Disapproval was published in a single action that applies to 21 states, spanning seven EPA regions and nine federal circuits; it is nationally applicable. *Cf. Texas v. EPA*, 2011 WL 710598, at *4.

Finally, it is irrelevant whether this Court has reviewed different, plainly state- or region-specific SIP actions. Texas Resp. 2-3, 10; Louisiana Resp. 14. EPA has not argued that *every* SIP action is nationally applicable. Nor has EPA argued that every SIP rule governing multiple states is nationally applicable. In *Texas*, 829 F.3d 405, for example, EPA did not claim the disapproval of Texas's and Oklahoma's implementation plans was nationally applicable, so the Court's observation that it was regionally applicable does not mandate the same result here. *U.S. Steel Corp. v. EPA*, 595 F.2d 207, 218 (5th Cir. 1979), involved the delineation between "direct review in the courts of appeals of certain EPA actions" and actions reviewable "only in the district courts," so the Court had no occasion to determine the contours of nationally applicable action. And the Court's order in *Calumet Shreveport Refining, L.L.C. v. EPA*, No. 22-60266 (5th Cir. Oct. 21,

2022), does not hold that venue in that case is proper here, but simply deferred the venue question to the merits panel.

In short, nothing in the Act precludes EPA from disapproving SIPs in a uniform and nationally applicable action when warranted. Here, EPA was confronted with 21 SIPs that unlawfully failed to do anything to address their interstate ozone impacts, even though national modeling and analysis demonstrated that each state contributed significantly to poor air quality in other states. *See* 42 U.S.C. § 7410(a)(2)(D)(i)(I). Accordingly, EPA reasonably disapproved those plans as part of a single, nationally applicable rule.

## II.   PETITIONERS MISCHARACTERIZE EPA'S FINDINGS.

Even if the Disapproval Rule could be characterized as locally applicable (it cannot be), EPA reasonably found that the rule was based on at least four determinations of nationwide scope and effect. First, as the Mississippi and Louisiana Petitioners concede (Mississippi Resp. 7; Louisiana Mot. to Stay 9), the rule is "based" on the agency's national modeling showing that all 21 states at issue contribute to unhealthy levels of ozone in other states, but unlawfully failed to reduce emissions. 88 Fed. Reg. at 9,343-46. Second, EPA determined that a state's ozone

contribution in excess of one percent of the NAAQS (i.e., 0.70 parts per billion ("ppb")) is "significant," rejecting several states' one ppb alternative threshold. *Id.* at 9,373. Third, EPA determined that Texas's alternative methodology for identifying "maintenance receptors" (i.e., areas of the country at risk of failing air quality), which Ohio and Oklahoma explicitly adopted, was inadequately justified. *Id.* at 9,359. Finally, EPA rejected the theory, advanced by Arkansas, Louisiana, and Texas, that ozone contributions must be "consistent and persistent" to qualify as significant. *Id.* at 9,355-56, 9,360. Because those determinations "lie at the core" of the Disapproval Rule, *Texas*, 829 F.3d at 420, EPA reasonably determined that the rule was nationwide in scope and effect.

In an attempt to avoid that conclusion, Petitioners advance several failing arguments. First, the fact that EPA evaluated each SIP on its "own merits" (Texas Resp. 18), does not preclude a determination of nationwide scope and effect. *Every* SIP decision involves an evaluation of intensely factual issues. But here, numerous states relied on the same or similarly flawed methodologies to find that they did not contribute to harmful downwind ozone, and to avoid taking measures to

11

reduce pollution. The agency determined, based on national modeling, that all 21 states contributed to downwind ozone nonattainment, yet they unlawfully failed to address those impacts. That determination is nationwide in scope and effect.

Second, Mississippi suggests without basis that EPA must make a particularized nationwide scope and effect determination "specifically" with respect to each SIP. Mississippi Resp. 19. But nothing in the text of 42 U.S.C. § 7607(b)(1) or the relevant case law requires that EPA must make such a formalistic finding for each and every SIP in a given rule.

Finally, Petitioners discount the risk of inconsistent results, Texas Resp. 18; Mississippi Resp. 15; Louisiana Resp. 24, but the *very same* determinations of nationwide scope and effect are pending before multiple circuits. Several states, for example, including Missouri, Mississippi, Texas, and Utah, among others, contend that EPA's revised national modeling—upon which Mississippi and Louisiana concede the Disapproval Rule is "based"—overpredicts ozone impacts. *See* EPA, Response to Comment Document ("RTC") at 135-80, EPA-HQ-OAR-2021-0663-0083. Other states, including Arkansas, Kentucky,

Louisiana, Oklahoma, and Utah, all argued against EPA's one percent threshold for determining significant contribution, in favor of a one ppb threshold. 88 Fed. Reg. at 9,373; RTC at 295-300. Similarly, Oklahoma and Ohio both explicitly adopted Texas's flawed "alternative maintenance receptor" methodology. *Id.* at 9,359. And EPA determined that other states, including Alabama, Arkansas, Indiana, Kentucky, Louisiana, Texas, and West Virginia, all improperly relied on simplistic back-trajectories to discount ozone transport linkages. *Id.* at 9,354-56, 9,360. EPA also rejected Arkansas's, Louisiana's, and Texas's theory that any ozone contribution must be "persistent and consistent" to warrant regulation. *Id.* at 9,355-56, 9,360; RTC at 350. Those determinations are each nationwide in scope and effect, and they are now at play in seven different circuits. Inconsistent resolution of any of those determinations could call into question the entirety of the Disapproval Rule, "utterly defeating" the Act's obvious goal of centralized, consistent review of national issues. *S. Ill.*, 863 F.3d 673.[13]

---

[13] Even if the Texas, Louisiana, and Mississippi SIP Disapprovals could be evaluated in a vacuum (they cannot be), any order "stay[ing] EPA's disapproval and prohibit[ing] EPA from taking any action in reliance on that disapproval" (Texas Industry Mot. to Stay at 21) could effectively

# CONCLUSION

The Court should grant EPA's motion to dismiss or transfer.

Respectfully submitted,

*/s/ Joshua Smith*
Joshua Smith
Sierra Club
2101 Webster Street, Suite 1300
Oakland, CA 94612
(415) 977-5560 (phone)
joshua.smith@sierraclub.org

Zachary M. Fabish
Sierra Club
50 F St NW, 8th Floor
Washington, DC 20001
650-388-8446
zachary.fabish@sierraclub.org

*Counsel for Sierra Club*

*/s/ Kathleen L. Riley*
Kathleen L. Riley
Seth L. Johnson
Earthjustice
1001 G St NW, Ste. 1000
Washington, DC 20001
202-745-5227
202-797-5245
kriley@earthjustice.org
sjohnson@earthjustice.org

---

implicate the entirety of the rule because, as discussed, EPA's bases for disapproving all 21 state plans are inextricably intertwined.

*Counsel for Sierra Club, Air Alliance Houston, and Downwinders at Risk*

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

The undersigned counsel states that this Reply in Support of Motion to Transfer or Dismiss complies with Fed. R. App. P. 27(d)(2)(C) because it contains 2,566 words, excluding the caption, signature blocks, and required certifications, as counted by a word processing system and, therefore, is within the word limit. This motion also complies with typeface requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface in 14-point Century Schoolbook font.

Dated: April 17, 2023

*/s/ Joshua Smith*
Joshua Smith
Counsel for Sierra Club

## CERTIFICATIONS UNDER ECF FILING STANDARDS

Pursuant to paragraph A(6) of this Court's ECF Filing Standards, I hereby certify that (1) required privacy redactions have been made, 5th Cir. R. 25.2.13; (2) the electronic submission is an exact copy of the paper document, 5th Cir. R.25.2.1; and (3) the document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses.

Dated: April 17, 2023

*/s/ Joshua Smith*
Joshua Smith
Counsel for Sierra Club

## CERTIFICATE OF SERVICE

On this 17th day of April, 2023 a true and correct copy of the

foregoing **Reply in Support of Motion to Transfer or Dismiss** By

Sierra Club, Air Alliance Houston, and Downwinders at Risk was filed

with the electronic case filing ("ECF") system of the U.S. Court of

Appeals for the Fifth Circuit, which will provide electronic notice to

counsel of record.

*/s/ Joshua Smith*
Joshua Smith