## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

STATE OF TEXAS, et al.,

      Petitioners,

         v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, et al.,

      Respondents.

No. 23-60069

## RESPONDENTS' OPPOSED MOTION FOR EXTENSION OF TIME AND LEAVE TO FILE CONSOLIDATED OVERSIZED RESPONSE BRIEF

Pursuant to Fed. R. App. P. 26(b), 27, and 32 and Fifth Circuit Rule 32.4, Respondents the United States Environmental Protection Agency and its Administrator, Michael S. Regan (collectively "EPA") respectfully request that this Court grant EPA's opposed request for a seventy-eight day extension to file a consolidated response brief. If granted, EPA's deadline would extend for a total of seventy-eight additional days, from June 29 to September 15, 2023. This is EPA's first request for an extension of time to file its response brief.

EPA further requests leave to exceed the word-volume limitation for its consolidated response brief. Specifically, EPA requests a 47,000 word increase of the 13,000 word-volume limitation in Fed. R. App. P. 32(a)(7)(B)(i) for a total of 50,000 words, to ensure that EPA receives a comparable word allotment as contained in the five opening briefs filed by Texas, Texas Industry, Louisiana,

Louisiana Industry, and Mississippi Petitioners.  ECF Nos. 328, 329, 332, 333, 335.

In accordance with Fifth Circuit Rule 27.4, EPA's counsel has conferred with counsel for all Petitioners.  As to the extension request, Petitioners partially oppose; they do not oppose a time extension of thirty days but oppose EPA's request for an additional forty-eight days to file its response brief and reserve the right to file a partial opposition.  Only certain Louisiana Industry Parties (Louisiana Chemical Association, Louisiana Mid-Continent Oil and Gas Association, and Louisiana Electric Utility Environment Group, L.L.C.) would not oppose a word limit of 50,000.  The remaining Petitioners would not oppose a word limit of 40,000.

In support of this motion, EPA states as follows:

1.     Petitioners in these consolidated cases challenge EPA's final rule, entitled Air Plan Disapprovals; Interstate Transport of Air Pollution for the 2015 8-Hour Ozone National Ambient Air Quality Standards, 88 Fed. Reg. 9336, 9338 (Feb. 13, 2023) ("Final Rule"), in which EPA disapproved 21 states' plans for not adequately addressing their emissions' impacts to downwind states' ozone levels, as required by the Clean Air Act's "Good Neighbor" Provision.   42 U.S.C. § 7410(a)(2)(D)(i)(I).  The Court docketed all five of those petitions for review under case No. 23-60069.

2.      On April 13, 2023, EPA filed a single certified index of documents constituting the administrative record.  ECF No. 208.

3.      Relatedly, other petitioners have challenged the Final Rule in the Fourth, Sixth, Eighth, Ninth, Tenth, Eleventh, and D.C. Circuits.  *See, e.g.*, *West Virginia v. EPA*, No. 23-1418 (4th Cir.); *Kentucky v. EPA*, No. 23-3216 (6th Cir.); *Arkansas v. EPA*, No. 23-1320 (8th Cir.); *Nev. Cement Co. v. EPA*, No. 23-682 (9th Cir.); *Utah v. EPA*, No. 9509 (10th Cir.); *Alabama v. EPA*, No. 23-11173 (11th Cir.); *Utah v. EPA*, No. 23-1102 (D.C. Cir.) (consolidating cases).

4.      On May 30, 2023, Petitioners filed five separate opening briefs, totaling approximately 60,000 words.  ECF Nos. 328 (Texas, 10,7770 words); 329 (Texas Industry, 11,643 words); 332 (Louisiana, 12,996 words); 333 (Louisiana Industry, 11,502 words), 335 (Mississippi, 12,961 words).  *See, e.g.*, ECF Nos. 328, 329, 332, 333, 335.

5.      Under Fed. R. App. P. 31(a), EPA's response brief would otherwise be due on June 29, 2023, and under Fed. R. App. P. 32(a)(7)(B)(i), a single response brief is limited to 13,000 words.

6.      There is extraordinarily good cause for EPA's seventy-eight day extension request and its request to increase the word limit based on the special circumstances of this case and the related litigation.

7.     As to the extension, first, EPA and undersigned counsel are part of a team working on all petitions for review filed in all circuit courts, as the petitions challenge the same Final Rule.  The team, consisting of counsel for EPA, management reviewers, program staff, and support staff, carries a heavy load. Merits briefing is proceeding in multiple circuits on similar tracks and Respondents must file numerous oversized response briefs regarding the Rule.  *See, e.g.*, *Missouri v. EPA*, No. 23-1719 (opening briefs due July 10; at least six other sets of petitioners in the Eight Circuit will also file opening briefs then); *Utah v. EPA*, No. 23-9509 (opening briefs due July 14, 2023); *Oklahoma v. EPA*, No. 23-9514 (same).  In addition, there is still pending stay litigation that is not fully briefed in multiple circuits.  *See, e.g.*, *Nev. Cement Co. v. EPA*, No. 23-682 (9th Cir.); *Allete, Inc. v. EPA*, No. 23-1776 (8th Cir.); *Kentucky v. EPA* (6th Cir.), No. 23-3216; *Utah v. EPA*, No. 23-9509 (stay motions to be filed June 6, 2023).

8.     Second, even without competing deadlines, preparing a response to the five opening briefs will take a significant amount of time, resources, and review of extensive record materials.  Petitioners, for the most part, did not file consolidated briefs or attempt to streamline their arguments and have filed briefs totaling approximately 60,000 words.  Under normal circumstances, EPA typically requests 60 days for respondent briefs, rather than the default 30 days, to allow sufficient time for interagency drafting and review.  Under these extraordinary

4

circumstances, a Level 1 extension, routinely granted when responding to merely one brief, is tantamount to ordering expedited briefing.

9.    Indeed, the extension requested here is comparable to extensions granted in this Court in similarly complicated multi-party litigation involving EPA over the decades.  *See, e.g.*, *State of Texas v. EPA*, No. 21-60673, ECF No. 30 (allowing more than two months for EPA to respond to Texas's and Texas Industry's consolidated brief, not to exceed 13,000 words); *Sierra Club v. EPA*, No. 18-60116, June 4, 2018 Order (allowing 60 days and 24,000 words to respond to two full-sized briefs); *Nat'l Pork Producers Council v. EPA*, No. 08-61093, ECF No. 89 (allowing two and a half months and 49,000 words to respond to three briefs); *BCCA Appeal Group v. EPA*, 02-60017, Mar. 19, 2002 Joint Proposal (allowing three months for response brief).  Notably, petitioners in those cases recognized the reasonableness of EPA's request in the face of unique circumstances and filed unopposed or joint briefing proposals, an approach that EPA has attempted but petitioners have refused here.

10.    There is also good cause for EPA's request to increase its word limit. First and foremost, principles of equity demand that EPA receive the same word-allotment as Petitioners.  *See, e.g.*, Fed. R. App. P. 32(a)(7)(B)(i) (setting the same word limit for principal briefs).  EPA will be prejudiced if it does not have sufficient words to respond to all of Petitioners' arguments.  Although EPA believes it should

be entitled to the same number of words as Petitioners, EPA is willing to consolidate and streamline its arguments and therefore believes 50,000 words will be adequate

11.     As the Court has consolidated the five petitions for review, EPA seeks leave to file a single, consolidated response.  Yet most Petitioners did not coordinate to file streamlined, consolidated briefs.  EPA cannot address all five opening briefs, which total approximately 60,000 words, in the 40,000 words proposed by some Petitioners.  Additional words are necessary because the five opening briefs present several legal and highly technical record-based arguments challenging the merits of EPA's final action.  Further, the five briefs include record excerpts to support the arguments and allegations.

12.     This Court has previously granted requests for word-limit expansions based on these considerations.  *See, e.g.*, *Nat'l Pork Producers Council v. EPA*, No. 08-61093, ECF No. 89 (allowing a 49,000-word response brief to respond to two 21,000-word briefs and one 7,000-word brief).

13.     This Court has not made a final judgment whether venue is proper in this Court for review of the Final Rule, and EPA continues to maintain, pursuant to 42 U.S.C. § 7607(b)(1), that the Final Rule is nationally applicable, or, if found locally or regionally applicable, based on a determination of nationwide scope or effect, which EPA so found and published.  *See* Order at 24 (Order does not bind merits panel), ECF 269.  As such, the issue of proper venue, which is a critical

question in this matter, must be briefed along with EPA's defense of the Final Rule on the merits.

14.    Considering the foregoing, EPA requires until September 15, 2023, to file its consolidated and oversized response brief, not to exceed 50,000 words, to allow sufficient time to prepare a consolidated response in defense of the Final Rule.

15.    Petitioners' opposition to EPA's extension request beyond thirty days is particularly unreasonable as they will suffer no prejudice from such relief. This Court has stayed the Final Rule as to Texas and Louisiana. *See* ECF No. 269. EPA has announced its plans to implement the Court's order and will not issue a federal plan as to Texas and Louisiana unless and until the Court resolves the pending litigation in EPA's favor. *See Notice of Forthcoming EPA Action to Address Judicial Stay Orders* (June 1, 2023), https://www.epa.gov/csapr/notice-forthcoming-epa-action-address-judicial-stay-orders. Thus, the extension should have no bearing whatsoever on Texas and Louisiana's interests.

16.    Moreover, the Court will resolve Mississippi's stay motion, ECF No. 304, in short order. If the Court grants the motion, Mississippi likewise will not suffer any prejudice from an extension. Nor will Mississippi suffer any prejudice from an extension if the Court denies the stay, not only for the reasons articulated in EPA's Response to Mississippi's stay motion, ECF No. 326, but also because

the ozone season ends at the end of September.[1]  The 2024 ozone season does not begin until May 1, 2024.  Thus, with or without the extension, the pending litigation likely will not be resolved *before* the 2023 ozone season ends and will almost certainly be resolved before the next ozone season begins.

For all these reasons, EPA respectfully requests that this motion be granted and that EPA be given up to and including September 15, 2023 to file a consolidated response brief of up to 50,000 words.

Respectfully submitted,

OF COUNSEL:

ROSEMARY HAMBRIGHT KABAN
DANIEL P. SCHRAMM
U.S. Environmental Protection Agency
Office of General Counsel
Washington, D.C.

DATE: June 5, 2023

TODD KIM
Assistant Attorney General

*/s/ Sarah Izfar*
JIN HYUNG LEE
SARAH IZFAR
U.S. Department of Justice
Environment & Natural Resources
Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 305-0490
Sarah.izfar@usdoj.gov

*Counsel for Respondents*

---

[1] The emissions-control requirements of the Good Neighbor Plan apply during the ozone season, which runs each year from May 1 to September 30, when weather patterns are particularly conducive to ozone formation.  *See* 88 Fed. Reg. 36654, 36670, 36684 (June 5, 2023).

## CERTIFICATE OF COMPLIANE

I hereby certify that the foregoing Motion complies with Fed. R. App. P. 27(d)(2)(A) and 32(f) and (g), as it complies with typeface requirements and contains 1,665 words, excluding exempted portions.

Date: June 5, 2023               */s/ Sarah Izfar*
                                 SARAH IZFAR

                                     *Counsel for Respondents*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion was filed with the Clerk of the Court using the CM/ECF system, which will send notification of said filing to the attorneys of record, who are required to have registered with the Court's CM/ECF system.

Date: June 5, 2023               */s/ Sarah Izfar*
                                 SARAH IZFAR

                                     *Counsel for Respondents*