# United States Court of Appeals for the Fifth Circuit

---

No. 23-60069

---

State of Texas; Texas Commission on Environmental Quality; Luminant Generation Company, L.L.C.; Coleto Creek Power, L.L.C.; Ennis Power Company, L.L.C.; Hays Energy, L.L.C.; Midlothian Energy, L.L.C.; Oak Grove Management Company, L.L.C.; Wise County Power Company, L.L.C.; Association of Electric Companies of Texas; BCCA Appeal Group; Texas Chemical Council; Texas Oil & Gas Association; Public Utility Commission of Texas; Railroad Commission of Texas; State of Mississippi; Mississippi Department of Environmental Quality; Mississippi Power Company; State of Louisiana; Louisiana Department of Environmental Quality; Entergy Louisiana, L.L.C.; Louisiana Chemical Association; Mid-Continent Oil and Gas Association; Louisiana Electric Utility Environmental Group, L.L.C.; Texas Lehigh Cement Company, LP,

*Petitioners,*

*versus*

United States Environmental Protection Agency; Michael S. Regan, *Administrator, United States Environmental Protection Agency*,

*Respondents.*

---

Petition for Review from an Order of the
Environmental Protection Admin

No. 23-60069

Agency No. 88 Fed. Reg. 9336-9384

_____

### UNPUBLISHED ORDER

Before Engelhardt, Wilson, and Douglas, *Circuit Judges*.

Per Curiam:

    For the reasons stated in this Court's order issued on May 1, 2023,[1] IT IS ORDERED that the opposed Petitioners' joint motion filed by Mississippi Power Company, Mississippi Department of Environmental Quality and State of Mississippi for stay pending appeal is GRANTED.

---

[1] ECF 269.

Dana M. Douglas, *Circuit Judge*, concurring:

Although I agree that Mississippi petitioners have made the requisite showing to warrant a stay pending appeal, I write separately to note that the arguments made before this Court on the instant motion further confirm that venue is improper. Title 42 U.S.C. § 7607(b)(1) states that petitions for review of a final rule that are "nationally applicable" or that the EPA found and published based on determinations of "nationwide scope of effect" may be filed only in the D.C. Circuit. As stated in my previous dissent, the EPA applied a uniform national approach to evaluate state plans and ensure equity among them, making the Final Rule at issue nationally applicable on its face. *Texas v. EPA*, No. 23-60069, 2023 U.S. App. LEXIS 13898, at *32 (5th Cir. May 1, 2023) (Douglas, J., dissenting). The arguments raised by Mississippi now stress how identical its challenges are to those of Texas and Louisiana, noting that "EPA's review of all three plans contained these similar fatal flaws" — including "unlawfully supplant[ing]" state policy judgments with its own and "unlawfully bas[ing]" disapproval on modeling data developed after the states submitted their plans. This simply reaffirms that the merits of this case are improperly before this circuit.