## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

STATE OF TEXAS, et al.,

    Petitioners,

        v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, et al.,

    Respondents.

No. 23-60069

## RESPONDENTS' REPLY IN SUPPORT OF THEIR MOTION FOR EXTENSION OF TIME AND LEAVE TO FILE CONSOLIDATED OVERSIZED RESPONSE BRIEF

Respondents the United States Environmental Protection Agency and its Administrator, Michael S. Regan (collectively "EPA"), respectfully submit this reply to Texas Petitioners' opposition, ECF No. 368, to EPA's motion for a seventy-eight-day extension of time up to and including September 15, 2023, and leave to file a consolidated response brief of up to 50,000 words, ECF No. 346. As explained more fully below, both requests are necessary and reasonable and should be granted because (1) EPA requires additional time, and no Petitioner will be prejudiced by the time extension since the challenged final action has been stayed as to all state Petitioners' plans, and (2) 50,000 words is the minimum number of words necessary to respond to Petitioners' five opening briefs that approximated 60,000 words.

1.     The Court has granted a stay as to all states in the pending litigation, and Texas Petitioners have proffered no legitimate reason to oppose EPA's reasonable extension request.  Petitioners wrongly accuse EPA of gamesmanship, ECF No. 368 at 3-4, but EPA's motion was calculated based on actual need and the specific facts relevant to these consolidated cases.  Indeed, Texas Petitioners appear to be gaming judicial review under the Clean Air Act by opposing EPA's reasonable extension request to obtain a merits determination first in this litigation.  This position is particularly meritless given Texas Petitioners' claim that this consolidated litigation is "not based on factual or legal overlap," *id.* at 3.

2.     EPA considered pre-existing deadlines in the other Circuit Courts solely for legitimate workload planning purposes and did not seek its extension as litigation strategy.  EPA seeks an extension request until September 15, 2023 to properly prepare a comprehensive and thorough response to each argument that *five* groups of Petitioners raise.  The requested extension is reasonable given the sheer volume of arguments to which EPA must review and respond.  *See* ECF No. 346 at 3-5.  Moreover, the extension is in-step with past extensions this Court has granted in other cases involving multiple parties and briefs.  *Id*. at ¶ 9.  And the extension is needed in light of other competing deadlines on related litigation.  *Id*. at ¶ 7.

3.     Texas Petitioners mischaracterize EPA's motion to expedite in the D.C. Circuit.  There, EPA requested only that the court "will allow for oral argument *by*

*the end of 2023.*" *See Utah v. EPA*, No. 23-1102 (D.C. Cir. May 15, 2023), ECF No. 1999261, at 2 (emphasis added). Granting EPA's extension here will not prevent resolution of *this matter* on a similar timeframe.

4.     Nor will granting EPA's requested extension delay these proceedings *vis a vis* litigation in any other Circuit Court. For example, in the Tenth Circuit, EPA's response brief is due August 28 (a burden which factored into EPA's request for an extension here). *Utah v. EPA*, No. 23-9509. In the Eighth Circuit, eight petitioners' merits briefs are due July 10, 2023, *see, e.g.*, *Missouri v. EPA*, No. 23-1719, and EPA plans to seek additional time to file its response brief to those eight opening briefs.

5.     But even if resolution of this matter is delayed, Texas Petitioners' expectation, that they can expect or even ensure that the pending litigation should proceed first, is unreasonable. There are distinct cases pending in eight different Circuit Courts, with multiple attorneys representing different petitioners, and cases will progress on different timelines for any myriad of reasons—including that some petitioners, unlike Petitioners here, have not been awarded a stay pending judicial review.

6.     Texas Petitioners' argument, that EPA should not receive an extension because it chose to combine what they wrongly claim to be unrelated actions, ECF No. 368 at 3, ignores that this Court *sua sponte* consolidated the cases. Texas

3

Petitioners also ignore the clear commonalities among these cases. All cases challenge not only the Final Rule but disapproval of state plans submitted to comply with the exact same Clean Air Act provision and concern the exact same pollutant standards—Good Neighbor obligations for the 2015 national air quality standards for ozone—and all plans were reviewed by EPA using a consistent framework. Further, the state plans at issue in this case overlap extensively. *See* ECF No. 359 at 3 (J. Douglas concurring). Thus, EPA's consolidated Final Rule was issued with the legitimate goal of consolidated and efficient judicial review. *See* 42 U.S.C. § 7607(b)(1).

7.    Texas Petitioners express uncertainty as to EPA's statement that it will not implement EPA's Good Neighbor Plan (the FIP) as to stayed parties, but EPA could not have been clearer. ECF No. 368 at 5. In its public statement, EPA clearly represented that it will comply with this Court's stay orders. *Notice of Forthcoming EPA Action to Address Judicial Stay Orders*, https://www.epa.gov/csapr/notice-forthcoming-epa-action-address-judicial-stay-orders. EPA has committed to "take action in the near future that will ensure the Good Neighbor Plan's requirements issued to implement good neighbor obligations for the 2015 ozone NAAQS as to sources in" Texas, Louisiana, and Mississippi (among others) "will not take effect while the stays of the SIP disapproval action with respect to those states remain in place." *Id.* EPA is in the process of preparing an administrative action before the

effective date of the Good Neighbor Plan, which will stay the effectiveness of the Good Neighbor Plan for those states, ensuring the status quo is maintained as of that date.[1]  *Id.*

8.    Contrary to Texas Petitioners' suggestion, the publication of EPA's Good Neighbor Plan on June 5, 2023, does not signify that EPA does not intend to comply with this Court's stay orders.  That plan was signed months earlier, before the effect of EPA's SIP disapproval action had been stayed by any court, and publication in the Federal Register was long expected.  There is simply no basis to order what amounts to expedited briefing because Texas Petitioners harbor baseless concerns that EPA will not comply with the Court's stay orders in these cases.

9.    Finally, while EPA did not expressly identify travel plans as a basis for the motion—because even absent travel plans, EPA's requested extension is reasonable—several members of EPA's drafting and reviewing team do have leave previously scheduled at various points throughout the summer.  *See* ECF 368 at 4 (suggesting that EPA's time-extension request is solely for litigation-strategy reasons because it omitted summer vacation schedules of its counsel as a reason for its extension request).

---

[1] Although the notice does not include Mississippi because EPA issued this notice before Mississippi's stay motion was granted, EPA has informed the undersigned that it will include Mississippi in its forthcoming administrative-stay action.

10.     As for the word-count extension, Texas Petitioners' argument for why a 40,000 word-count limit for a response brief is sufficient, but a 50,000 word-count limit is excessive, defies logic and is premised on faulty legal reasoning.

11.     To start, Federal Rule of Appellate Procedure 32(a)(7)(B) contemplates that each side gets the same amount of words for its principal brief, so equity principles would provide EPA approximately 60,000 words to respond to Petitioners' five briefs. *See* ECF No. 346 at 10.  Despite that, EPA agreed with certain Petitioners and is willing to streamline its arguments to meet a 50,000 word-count limit. *See id.* at 2 (noting that certain Louisiana Industry Petitioners have not opposed this request).  Texas Petitioners' suggestion that 40,000 words is enough tramples on this equity principle by (1) denying EPA the 20,000 words that the Federal Rules contemplate for its response brief, yet (2) affording Petitioners to collectively file up to 32,500 words in reply to EPA's one consolidated, shortened response brief.  Consequently, under Texas Petitioners' proposal, Petitioners would have 92,500 words to state their case, while EPA would have less than half of that.  A 50,000 word-count limit, which EPA is willing to accept, would still provide EPA only a little over half the words Petitioners have to state their case.

12.     Texas Petitioners argue that EPA may not reargue the issue of venue in its merits brief because the motions panel expressly denied EPA's venue motion. ECF No. 368 at 6.  Legally, that is incorrect.  As the motions panel made clear, "[its]

ruling here concerns only the motion for transfer, the motion to dismiss, and the motions for stay pending review; '[its] determinations are for that purpose' only 'and do not bind the merits panel.'" ECF 269 at 24 (quoting *Veasey v. Abbott*, 870 F.3d 387, 392 (5th Cir. 2017)). This holding is this Court's longstanding precedent: Decisions made by a motions panel "are not binding on the later panel that is assigned the appeal for resolution," and may disagree with the conclusions reached by the motions panel. *Tex. Democratic Party v. Abbott*, 978 F.3d 168, 176 (5th Cir. 2020) (disagreeing with some of the conclusions reached by the motions panel that had granted a stay); *see also Northshore Dev., Inc. v. Lee*, 835 F.2d 580, 583 (5th Cir. 1988) ("We have stated before that a motions panel decision is not binding precedent."). Even a motions panel's "provisional jurisdictional determination . . . is not binding on the oral argument panel to which the case is submitted." *New v. City of San Antonio*, 139 F. App'x 631, 634 n.2 (5th Cir. 2005) (citing *Northshore Dev.*, 835 F.2d at 583). Thus, under this Court's precedent, EPA may (and will) reargue whether venue is proper in this Court in front of the merits panel.

13. Indeed, as Judge Douglas's recent concurring opinion illustrates, the question of whether venue is proper in this Court is not foreclosed and remains the subject of dispute. ECF No. 359 at 3 (stating that the arguments raised by Mississippi "simply reaffirms that the merits of this case are improperly before this circuit"). As Judge Douglas explains, Petitioners' challenges to EPA's Final Rule

at issue here is improper here because the Final Rule is nationally applicable and even if it is not, is based on a determination of nationwide scope or effect, upon which EPA found and published.  *Id.*  EPA plans to reargue both points in its response brief, which will require a sufficient amount of words, and the motions panel's order does not foreclose EPA from doing so.

14.    Further, EPA was not required to seek reconsideration of the motions panel's decision to preserve the question of venue, as Texas Petitioners incorrectly contend.  *See, e.g.*, *Thomas v. Bryant*, Case No. 19-60133 (5th Cir.) (not seeking reconsideration and relitigating the issues addressed by a motions panel at the merits panel stage).  And as EPA's opposed time-extension motions make clear, EPA and undersigned counsel are constrained for time with the numerous proceedings in multiple circuit courts.  *See, e.g.*, ECF No. 346 at 4.  EPA should not be penalized for opting not to expend already stretched resources on an additional filing when a motions panel's reconsideration order would continue to not bind the merits panel, and EPA is entitled to reargue venue in its response brief.

15.    Therefore, 50,000 words is necessary and a reasonable concession for responding to Petitioners' five opening briefs totaling approximately 60,000 words and addressing the question of venue.

16.    Even without arguing venue, equity demands more than 40,000 words.  *See supra* ¶ 11.  And, an allotment of 50,000 words remains necessary.  Texas

Petitioners' contention that EPA's roughly 6,600 words for all non-argument-related sections are more than sufficient because Texas state petitioners' opening brief for those sections totaled approximately 5,700 words ignores several material facts:

    a. Texas Industry Petitioners' non-argument-related sections amounted to 7,102 words. *See* ECF No. 329 (counting the words from Glossary to the Argument Section). Thus, Texas Petitioners have no leg to stand on to take the position that 6,600 words is sufficient for all non-argument-related sections.

    b. Regardless, EPA's factual background section must detail three states' state plans, not just one state's. Texas Petitioners effectively argue that 900 words is sufficient to describe *both* Louisiana's and Mississippi's plans and EPA's technical analysis of them, when they themselves spend approximately 900 words detailing only Texas's submission. *See* ECF No. 328 (counting the words in Background Sections C, E, & F).

    c. And, this Court may benefit from EPA's recitation of the pertinent statutory and regulatory background, which may be more informative than the states' or industries', as EPA is the agency expert in the Clean Air Act.

d. Lastly, Texas Petitioners ignore that the Louisiana Public Service Commission filed an amicus brief, ECF No. 374-1, to which EPA will review and respond, in its response brief.

17. In sum, EPA reasonably calculated that 50,000 words would be sufficient to provide the Court with a comprehensive and responsive brief, and Texas Petitioners' arguments to the contrary are unavailing.

For all these reasons, EPA respectfully requests that its motion be granted and that EPA be given up to and including September 15, 2023, to file a consolidated response brief of up to 50,000 words.

Respectfully submitted,

OF COUNSEL:

ROSEMARY HAMBRIGHT KABAN
DANIEL P. SCHRAMM
U.S. Environmental Protection Agency
Office of General Counsel
Washington, D.C.




DATE: June 13, 2023

TODD KIM
Assistant Attorney General


/s/ Jin Hyung Lee
JIN HYUNG LEE
SARAH IZFAR
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 514-2640; (202) 532-3050
jin.hyung.lee@usdoj.gov
sarah.izfar@usdoj.gov

*Counsel for Respondents*

## <u>CERTIFICATE OF COMPLIANE</u>

I hereby certify that the foregoing brief complies with Fed. R. App. P.

27(d)(2)(C) and 32(f) and (g), as it complies with typeface requirements and

contains 2147 words, excluding exempted portions.

Date: June 13, 2023              *<u>/s/ Jin Hyung Lee</u>*
                                      JIN HYUNG LEE

                                      *Counsel for Respondents*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing brief was filed with the Clerk of the

Court using the CM/ECF system, which will send notification of said filing to the

attorneys of record, who are required to have registered with the Court's CM/ECF

system.

Date: June 13, 2023              *<u>/s/ Jin Hyung Lee</u>*
                                      JIN HYUNG LEE

                                      *Counsel for Respondents*