Case No. 23-60069

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

STATE OF TEXAS, ET AL.,
*Petitioners*,

v.

U.S. ENVIRONMENTAL PROTECTION AGENCY, ET AL.,
*Respondents*.

Petition for Review
U.S. Environmental Protection Agency
88 Fed. Reg. 9336, 9356 (Feb. 13, 2023)

**LOUISIANA CHEMICAL ASSOCIATION, LOUISIANA MID-CONTINENT OIL AND GAS ASSOCIATION, AND LOUISIANA ELECTRIC UTILITY ENVIRONMENTAL GROUP, LLC RESPONSE TO RESPONDENTS' OPPOSED MOTION FOR EXTENSION OF TIME AND LEAVE TO FILE CONSOLIDATED OVERSIZED RESPONSE BRIEF**

Maureen N. Harbourt
Lauren B. Rucinski
Josiah M. Kollmeyer
KEAN MILLER LLP
400 Convention Street, Suite 700
Baton Rouge, LA 70802
(225) 382-3412
maureen.harbourt@keanmiller.com

*Counsel for Petitioners Louisiana Chemical Association, Louisiana*

*Mid-Continent Oil & Gas Association, and Louisiana Electric Utility Environmental Group LLC\**
*(\*o/b/o participating members Cleco Corporate Holdings LLC, Louisiana Energy & Power Authority, and Lafayette Public Power Authority)*

## INTRODUCTION

Respondents seek 108 days within which to file their consolidated response brief---78 days longer than provided by rule. This would move the brief deadline from June 29 to September 15. The Louisiana Chemical Association, Louisiana Mid-Continent Oil and Gas Association, and Louisiana Electric Utility Environmental Group LLC (collectively, "Louisiana Industry Petitioners") partially oppose this request.

Louisiana Industry Petitioners do not oppose a 30-day extension of time for Respondents to file their brief, which would move the brief deadline to July 31. But Louisiana Industry Petitioners do oppose any further extension of time. Allowing Respondents any longer period of time would be unfair to Louisiana Industry Petitioners who timely filed their brief within 40 days and who seek prompt resolution of this case. Under the Fifth Circuit's general standards, the extension requested by Respondent would only be justified under "the most unusually compelling circumstances." Respondent has not demonstrated that such circumstances exist here. Although a stay of the Environmental Protection Agency's ("EPA's") Disapproval of the Louisiana State Implementation Plan ("SIP") is in place, this case must be resolved expeditiously to prevent significant adverse consequences to the Louisiana Industry Petitioners. Moreover, granting Respondent's request would slow the progress of this case while Respondents seek

1

to expedite D.C. Circuit litigation involving challenges to Respondent's disapproval of several other States' Implementation Plans. As stated by Texas Petitioners in opposition, Respondents' motion appears to attempt an end run around the venue determination that a motions panel of this Court announced on May 1 — the motion aims to delay resolution of this case until precedent is set in a venue perceived as more favorable to Respondents. ECF No. 368, p. 5. Louisiana Industry Petitioners share the Texas Petitioners' concern. For these reasons, Louisiana Industry Petitioners urge the Court to grant only a 30-day extension to Respondents.

# ARGUMENT

## I. A 78-day Extension Is Not Warranted and Granting it Would Prejudice Louisiana Industry Petitioners.

EPA has requested a 78-day extension based primarily on the fact that this case involves EPA approvals of three different SIPs and because EPA "typically requests 60 days for respondent briefs, rather than the default 30 days." ECF No. 346, at 4-5. Under this Court's rules, "Level 2 extensions [more than 30 days] will be granted only under the most extraordinary of circumstances," after the movant "demonstrate[s] diligence and substantial need" and "show[s] in detail what special circumstances exist that make a Level 1 extension insufficient." 5th Cir. R. 31.4.3.2; R. 27 I.O.P. ("except in the most unusually compelling circumstances, [extensions shall not] exceed . . . 40 days in a civil case"); *see also id.* R. 31.4 I.O.P. No compelling circumstances for an extension beyond 30 days has been demonstrated.

EPA only points to typical generalized administrative burdens that exist in all cases involving challenges to agency actions, not to any specific or compelling circumstances. The fact that EPA's practice is to generally ask for a 60-day extension is of no moment and does not show compelling circumstances. Further, the numerous cohorts of EPA staff available to the counsel for EPA, as outlined in their motion (Department of Justice ("DOJ") counsel, EPA counsel, management reviewers, program staff and support staff), strengthen the argument that the EPA

should not be given any special treatment in briefing deadlines as compared to a private litigant.

While this action does involve challenges to three EPA's decisions to disapprove SIPs submitted by Texas, Louisiana, and Mississippi, that alone does not warrant an extension longer than a Level 2 extension; nor does the existence of pending judicial review in other circuits. Although each of those disapprovals is a discrete agency action, EPA chose to group its SIP disapprovals into a single Federal Register notice. It was this choice, made by EPA, that resulted in these actions being subject to the same statutory deadline for petitions for review. EPA should not be allowed to gain advantage in obtaining an unfairly long briefing schedule simply by making a choice to disapprove multiple SIPs in one Federal Register notice. Indeed, EPA's assertion that there are commonalities in its approach to all of the SIP Disapprovals should result in a more abbreviated briefing schedule rather than an extended one.

Louisiana Industry Petitioners also adopt the position of the Texas Petitioners concerning Respondents' request to the United States District Court for the District of Columbia Circuit to **expedite** merits briefing on the petitions for review of EPA's disapproval of the Utah and Nevada SIPs at issue in *Utah v. EPA*, No. 23-1102 (lead) (D.C. Cir.). That proceeding involves SIP disapprovals published in same Federal Register notice at issue here. *See* ECF No. 368, App. A. Louisiana Industry

Petitioners share the concern of Texas Petitioners---that Respondents' request for an extraordinary length of time (108 days) to file their brief in this case is an attempt to make a back-door challenge to this Court's venue ruling, when viewed considering their attempt to expedite proceedings in the D.C. Circuit.

Louisiana Industry Petitioners have a substantial and reasonable interest in a prompt final decision on the merits of their petition. The disapproval of the Louisiana SIP is a condition precedent to EPA's ability to impose a Federal Implementation Plan ("FIP") on Louisiana sources. EPA has in fact issued a FIP to Louisiana despite the stay in place governing this litigation. EPA's FIP for Louisiana was published in the Federal Register on June 5, 2023, *see* 88 Fed. Reg. 36,654 (June 5, 2023), with no mention of this proceeding or the stay entered by this Court. The FIP is effective on August 4, 2023, with immediate impacts to Electrical Generating Units ("EGUs") ("initial emissions reductions from EGUs will be required beginning in the 2023 ozone season") (*Id.* at 36,657). Likewise, the FIP would substantially affect sources other than EGUs ("non-EGUs"), as it would require controls on hundreds of Louisiana industrial sources to be in place by May 1, 2026 ("The final rule establishes NOx emissions limitations during the ozone season for the following unit types for sources in non-EGU industries: reciprocating internal combustion engines in Pipeline Transportation of Natural Gas; kilns in Cement and Cement Product Manufacturing; reheat furnaces in Iron and Steel Mills and

Ferroalloy Manufacturing; furnaces in Glass and Glass Product Manufacturing; boilers in Iron and Steel Mills and Ferroalloy Manufacturing, Metal Ore Mining, Basic Chemical Manufacturing, Petroleum and Coal Products Manufacturing, and Pulp, Paper, and Paperboard Mills; and combustors and incinerators in Solid Waste Combustors and Incinerators.) *Id.* at 36,657-36,658. There are hundreds of sources in Louisiana subject to the FIP requirements. Three years to engineer additional controls, to purchase them, to plan for turnarounds (some requiring facility shutdown), and to complete shakedown and conduct performance testing is a very ambitious schedule, particularly as the same requirements are imposed simultaneously in twenty states, which would put a significant strain on supply chains for the necessary control equipment and on the special contractors needed for installation and performance testing. Any shortening of this period due to extended litigation will negatively impact Louisiana Industry Petitioners' ability to comply, should the EPA SIP disapproval action be upheld.

EPA has claimed that it "will take action in the near future that will ensure the Good Neighbor Plan's [FIP] requirements . . . as to sources in [Louisiana] will not take effect while the stays of the SIP disapproval action with respect to those states remain in place." EPA, Notice of Forthcoming EPA Action to Address Judicial Stay Orders (June 1, 2023), https://www.epa.gov/csapr/notice-forthcoming-epa-action-address-judicial-stay-orders (Doc. 368, App. B). However, EPA's only commitment

in this notice is that such relief will be issued "no later than the effective date of the Good Neighbor Plan's requirements for sources in other states." *Id.* In other words, EPA will take some sort of action by August 4, 2023, to implement the stay, but what that action will be and if it is sufficient is unknown. This situation, caused solely by EPA's publication of the FIP with no mention of the stay, results in needless uncertainty for affected entities.

Louisiana Industry Petitioners include sources with both EGUs and non-EGUs that would be adversely affected should the FIP take effect. Any delays involving this litigation could have critical impact on their ability to comply. Thus, Louisiana Industry Petitioners urge prompt final resolution of this case.

## **CONCLUSION**

If it grants any of the relief that Respondents seek, the Court should make Respondents' brief due no later than July 31, 2023.

Dated:      June 13, 2023                          Respectfully submitted,

/s/ Maureen N. Harbourt
Maureen N. Harbourt
Lauren Rucinski
Josiah Kollmeyer
KEAN MILLER LLP
400 Convention Street, Suite 700
Baton Rouge, LA 70802
(225) 382-3412

*Counsel for Petitioners Louisiana Chemical Association, Louisiana Mid-Continent Oil & Gas Association, and Louisiana Electric Utility Environmental Group, LLC\**

*(\*o/b/o participating members Cleco Corporate Holdings LLC, Louisiana Energy & Power Authority, and Lafayette Public Power Authority)*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served a copy of this document via the Court's CM/ECF system on June 13, 2023.

/s/ Maureen N. Harbourt

Maureen N. Harbourt
Lauren Rucinski
Josiah Kollmeyer
KEAN MILLER LLP
400 Convention Street, Suite 700
Baton Rouge, LA 70802
(225) 382-3412

*Counsel for Petitioners Louisiana Chemical Association, Louisiana Mid-Continent Oil & Gas Association, and Louisiana Electric Utility Environmental Group, LLC\* (\*o/b/o participating members Cleco Corporate Holdings LLC, Louisiana Energy & Power Authority, and Lafayette Public Power Authority)*