No. 23-60069

# In the United States Court of Appeals for the Fifth Circuit

State of Texas; Texas Commission on Environmental Quality; Luminant Generation Company, L.L.C.; Coleto Creek Power, L.L.C.; Ennis Power Company, L.L.C.; Hays Energy, L.L.C.; Midlothian Energy, L.L.C.; Oak Grove Management Company, L.L.C.; Wise County Power Company, L.L.C.; Association of Electric Companies of Texas; BCCA Appeal Group; Texas Chemical Council; Texas Oil & Gas Association; Public Utility Commission of Texas; Railroad Commission of Texas; State of Mississippi; Mississippi Department of Environmental Quality; Mississippi Power Company; State of Louisiana; Louisiana Department of Environmental Quality; Entergy Louisiana, L.L.C; Louisiana Chemical Association; Mid-Continent Oil and Gas Association; Louisiana Electric Utility Environmental Group, L.L.C.; Texas Lehigh Cement Company, LP,

*Petitioners*,

*v.*

United States Environmental Protection Agency; Michael S. Regan, Administrator, United States Environmental Protection Agency,

*Respondents.*

On Petitions for Review of a Final Action
of the United States Environmental Protection Agency

**TEXAS STATE PETITIONERS' UNOPPOSED MOTION TO EXTEND DEADLINE TO FILE RULE 30.2(a) APPENDIX**

As noted in their opening brief, the State of Texas, Texas Commission on Environmental Quality, Public Utility Commission of Texas, and Railroad Commission of Texas (the "Texas State Petitioners") are preparing, and will be filing, the appendix required by Fifth Circuit Rule 30.2(a). Through this motion, they request an extension of the deadline to file the appendix until 7 days after the filing of the latest-filed reply brief. This motion is unopposed.

Rule 30.2(a) requires that an appendix containing the portions of the administrative record cited in the parties' briefs be filed "within 21 days of the filing of respondent's brief." 5th Cir. R. 30.2(a). Because the petitioners' reply briefs are also due 21 days after the filing of the respondents' brief, *see* Fed. R. App. P. 31(a)(1), the appendix is currently due the same day the petitioners' reply briefs are due.

In this consolidated case, five groups of petitioners filed separate opening briefs, Docs. 328, 329, 332, 333, 335, and respondents filed a response brief of nearly 50,000 words, Doc. 397. Amicus briefs and the petitioners' reply briefs may reference portions of the record not previously cited in the petitioners' opening briefs or in the respondents' brief. It will thus be impracticable to file the appendix the same day that the petitioners' reply briefs are due. And if one or more petitioners seek and are granted an extension of the reply-brief deadline, the appendix will be due before all of the reply briefs have been filed, making it likely that the appendix will need to be supplemented after the conclusion of briefing.

The Texas State Petitioners intend to file a single appendix containing all cited portions of the administrative record. The requested extension will not prejudice any party and should not delay the Court's resolution of the case. It will instead ensure

that the Texas State Petitioners can assemble and submit a complete appendix containing all of the documents that Rule 30.2(a) requires.

## Conclusion

The Court should extend the standard Rule 30.2(a) deadline to make the appendix due within 7 days after the filing of the latest-filed reply brief.

Respectfully submitted.

Angela Colmenero
Provisional Attorney General

Brent Webster
First Assistant Attorney General

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

Lanora C. Pettit
Principal Deputy Solicitor General

/s/ Bill Davis
Bill Davis
Deputy Solicitor General
Bill.Davis@oag.texas.gov

Michael R. Abrams
William F. Cole
Assistant Solicitors General

Counsel for Petitioners State of Texas, Texas Commission on Environmental Quality, Public Utility Commission of Texas, and Railroad Commission of Texas

## Certificate of Conference

On August 18 and 21, 2023, I conferred by email with counsel for all parties. No party opposes the relief requested in this motion.

/s/ Bill Davis
Bill Davis

## Certificate of Service

On August 21, 2023, this motion was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court. Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with the most recent version of Symantec Endpoint Protection and is free of viruses.

/s/ Bill Davis
Bill Davis

## Certificate of Compliance

This document complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 350 words, excluding the parts of the document exempted by Rule 32(f); and (2) the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Equity) using Microsoft Word (the same program used to calculate the word count).

/s/ Bill Davis
Bill Davis