# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

| | |
|---|---|
| STATE OF TEXAS, et al., | |
| Petitioners, | |
| v. | No. 23-60069 |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al., | |
| Respondents. | |

## RESPONDENTS' OPPOSITION TO PETITIONERS' MOTION REGARDING ORAL ARGUMENT

Respondents the United States Environmental Protection Agency and its Administrator, Michael S. Regan (collectively "EPA"), respectfully submit this opposition to Petitioners' joint motion, ECF No. 441, requesting the Court to order an oral-argument format in which the consolidated cases are argued in three separate, back-to-back, standard 20-minute length sessions on a single day before a single panel. Rather than Petitioners' requested format, EPA believes that one oral argument, with 45 minutes per side, is a more reasonable and efficient proposal, but does not oppose a single oral argument with 60 minutes per side. In support of its proposal, EPA states as follows:

1. Petitioners in these consolidated cases challenge EPA's final rule, entitled Air Plan Disapprovals; Interstate Transport of Air Pollution for the 2015 8-Hour Ozone National Ambient Air Quality Standards, 88 Fed. Reg. 9336 (Feb. 13,

2023) ("Disapproval"). The Court properly sua sponte docketed all petitions for review of the Disapproval under the same above-captioned docket, as each state's Petitioners raise certain similar issues to which EPA responded collectively.

2.  For example, each State's Petitioners make arguments regarding (1) whether venue is proper in this Court, Tex. Indus. Reply at 2-6, ECF No. 434; La. Reply at 2-5, ECF No. 437; Miss. Reply at 25-26, ECF No. 435; (2) EPA's role under the Clean Air Act's cooperative federalism scheme, Tex. Br. at 21-28, ECF No. 328; Tex. Indus. Br. at 28, ECF No. 329; La. Br. at 30, ECF No. 332; La. Indus. Br. at 24-26, ECF No. 333; Miss. Br. at 21-24, ECF No. 335; (3) EPA's statutory deadline to act on SIPs and its consideration of data that was not available when states submitted their plans for EPA review, Tex. Br. at 22-23; La. Br. at 44-45; Miss. Br. at 43; and (4) EPA's reliance on updated 2016-based modeling that identified new receptors, Tex. Br. at 35-37; La. Br. at 43; Miss. Br. at 43-44.

3.  EPA addressed these overlapping arguments (along with others) in one response. *See* EPA Resp. Br. at 58-76 (responding to argument 1), 76-101 (responding to argument 2), 175-85 (responding to argument 3), 185-97 (responding to argument 4), ECF No. 397.

4.  Indeed, Texas Petitioners acknowledged as much when opposing EPA's request to file a consolidated response brief of 50,000 words, stating that "[s]ome of the five petitioners' arguments overlap." Tex. Opp. at 6, ECF No. 368.

5. The motions panel granting Petitioners' motions to stay also acknowledged that the issues raised by each petitioning State are similar, addressing aspects of Petitioners' likelihood of success on the merits collectively. *See* May Order at 14-22, ECF No. 369; Miss. Order at 2 (staying the Disapproval as to Mississippi "[f]or the reasons stated in th[e] [May] order"), ECF No. 359-2.

6. Back-to-back oral argument for each petitioning State would be redundant, inefficient, and would not serve the interests of judicial economy, as each oral argument would address similar issues regarding venue, cooperative federalism, and EPA's use of updated modeling, among others.

7. Petitioners' reference to *Campaign for Southern Equality v. Bryant*, No. 14-60837 (5th Cir.), where this Court ordered three separate, back-to-back oral arguments for three related, but separate state-law challenges, does not support Petitioners' requested format. That case and its related cases, *Robicheaux v. Caldwell*, No. 14-31037 (5th Cir.) and *DeLeon v. Abbott*, No. 14-50196 (5th Cir.), are materially different. Those cases involved (a) three separate groups of plaintiffs who (b) individually challenged three separate *state* laws (one in Louisiana, in Mississippi, and in Texas) (c) against three separate defendants and (d) had three separate records. Further, three different district court judges issued distinct rulings, granting Louisiana-State defendants summary judgment and granting preliminary injunctions in favor of the Mississippi and Texas plaintiffs, and this Court had not

consolidated those cases, but docketed them separately. *See generally Campaign for S. Equality*, 791 F.3d 625 (5th Cir. 2015); *Robicheaux*, 791 F.3d 616 (5th Cir. 2015); *DeLeon*, 791 F.3d 619 (5th Cir. 2015). Here, Petitioners challenge the same federal rulemaking made under one administrative record, raise many of the same legal challenges as identified above, and the same motions panel granted the same preliminary ruling while this case is being litigated on the merits under one docket.

8. Accordingly, EPA requests that the Court order one oral argument for the above-captioned case, with Petitioners to present their position and for EPA to respond. For each side, EPA proposes 45 minutes. While EPA recognizes that each state-group of Petitioners wants time to present its own arguments, EPA believes 45 minutes (15 minutes per State) is adequate to allow for multiple presentations.

For all these reasons, EPA respectfully requests that Petitioners' motion be denied and that the Court orders only one oral argument for the above-captioned case, with 45 minutes for each side to present its case.

Respectfully submitted,

| | |
|---|---|
| OF COUNSEL: | TODD KIM<br>Assistant Attorney General |
| ROSEMARY HAMBRIGHT KABAN<br>DANIEL P. SCHRAMM<br>U.S. Environmental Protection Agency<br>Office of General Counsel<br>Washington, D.C. | */s/ Jin Hyung Lee*<br>JIN HYUNG LEE<br>SARAH IZFAR<br>U.S. Department of Justice<br>Environment & Natural Resources Division |

DATE: September 28, 2023

Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 514-2640; (202) 532-3050
jin.hyung.lee@usdoj.gov
sarah.izfar@usdoj.gov

*Counsel for Respondents*

## CERTIFICATE OF COMPLIANE

I hereby certify that the foregoing brief complies with Fed. R. App. P. 27(d)(2)(C) and 32(f) and (g), as it complies with typeface requirements and contains 808 words, excluding exempted portions.

Date: September 28, 2023                    */s/ Jin Hyung Lee*
                                            JIN HYUNG LEE

                                            *Counsel for Respondents*


## CERTIFICATE OF SERVICE

I hereby certify that the foregoing brief was filed with the Clerk of the Court using the CM/ECF system, which will send notification of said filing to the attorneys of record, who are required to have registered with the Court's CM/ECF system.

Date: September 28, 2023                    */s/ Jin Hyung Lee*
                                            JIN HYUNG LEE

                                            *Counsel for Respondents*