# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

| | |
|---|---|
| STATE OF TEXAS, et al.,<br><br>Petitioners,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>Respondents. | No. 23-60069 |

## RESPONDENTS' OPPOSED MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING PETITIONERS' OPPOSED JOINT MOTION FOR ORAL ARGUMENT

Pursuant to Federal Rule of Appellate Procedure 27(c) and Fifth Circuit Rule 27.2, Respondents the United States Environmental Protection Agency and its Administrator, Michael S. Regan (collectively "EPA"), respectfully move for reconsideration of the Court's September 28, 2023 Order, ECF No. 448-2, granting Petitioners' opposed motion for oral argument to be heard in three separate consecutive 20-minute segments per side before the same panel (one hearing for each petitioning State) and denying Petitioners' alternative unopposed motion for oral argument to be heard in a single expanded argument, with 60 minutes per side, ECF No. 441, to be allocated as the parties see fit. In accordance with Fifth Circuit Rule 27.4, EPA has conferred with the parties to this litigation. All Petitioners oppose the motion and reserve the right to file a response.

EPA respectfully requests a prompt ruling as oral argument is scheduled for December 4, 2023, and the parties must submit Oral Argument Acknowledgment Forms outlining the order of presentation and division of oral argument time by November 17, 2023. ECF No. 476. EPA continues to believe that the Court should adopt Petitioners' alternative oral argument format consisting of a single extended oral argument of 60 minutes per side instead of three separate, back-to-back segments of 20 minutes per side. A single, extended argument is more efficient and consistent with how the consolidated litigation was briefed, in which EPA filed one response brief that addressed all Petitioners' arguments, many of which overlapped significantly. *See* ECF No. 397 (EPA's response brief). In support of its motion for reconsideration, EPA states as follows:

1.  Petitioners in these consolidated cases challenge EPA's final rule, entitled Air Plan Disapprovals; Interstate Transport of Air Pollution for the 2015 8-Hour Ozone National Ambient Air Quality Standards, 88 Fed. Reg. 9336 (Feb. 13, 2023) ("Disapproval"). The Court properly sua sponte docketed all petitions for review of the Disapproval under the same above-captioned docket, as all Petitioners raise certain similar issues to which EPA responded collectively.

2.  For example, Petitioners from each State make arguments regarding (1) whether venue is proper in this Court, La. Reply at 2-5, ECF No. 437; Miss. Reply at 25-26, ECF No. 435; Tex. Reply at 2-4, ECF No. 433; Tex. Indus. Reply at

2

2-6, ECF No. 434; (2) EPA's role in reviewing state-plan submissions under the Clean Air Act, La. Br. at 30, ECF No. 332; La. Indus. Br. at 24-26, ECF No. 333; Miss. Br. at 21-24, ECF No. 335; Tex. Br. at 21-28, ECF No. 328; Tex. Indus. Br. at 28, ECF No. 329; (3) the role and relevance of EPA's procedural deadline to act on state-plan submissions, *see, e.g.*, La. Br. at 44-45; Miss. Br. at 43; Tex. Br. at 22-23; (4) EPA's consideration of updated 2016-based modeling, *see, e.g.*, La. Br. at 43; Miss. Br. at 43-44; Tex. Br. at 35-37; and (5) EPA's requested remedy, *see, e.g.* La. Reply at 33; Miss. Reply at 26-27; Tex. Reply at 21-23.

3. EPA addressed these overlapping arguments (along with others) in a consolidated manner in one response brief. *See* EPA Resp. Br. at 58-76 (addressing venue), 76-101 (addressing EPA's role in reviewing state-plan submissions), 175-85 (addressing the role and relevance of EPA's procedural deadline), 185-97 (addressing updated modeling), 211-16 (addressing remedy). Although EPA's brief addressed certain State-specific arguments individually, there is significant overlap even in these State-specific issues and the overlapping issues predominate the case. Petitioners' reply briefs again address these same, overlapping issues. *See generally* ECF Nos. 433-37.

4. The motions panel granting Petitioners' motions to stay also acknowledged that the issues raised by each petitioning State are similar, addressing aspects of Petitioners' likelihood of success on the merits collectively. *See* May

3

Order at 14-22, ECF No. 269; Miss. Order at 2 (staying the Disapproval as to Mississippi "[f]or the reasons stated in th[e] [May] order"), ECF No. 359-2.

5. These issues should be considered together in a single 60-minute oral argument format. Separate back-to-back 20-minute segments for each petitioning State would not serve the interests of judicial economy, prejudice EPA, and may well prejudice Petitioners.

6. Three back-to-back segments would not serve the interests of judicial economy because the same panel may hear three truncated, yet redundant, iterations of similar presentations addressing the same issues.

7. This format would also prejudice EPA by forcing EPA to either present duplicative, overly compressed arguments, or to address topics in a piecemeal manner, both of which deprives EPA of sufficient time to present fully developed arguments on each issue in a consolidated manner.

8. Such a format may also prejudice Petitioners. Under a segmented 20-minute format of three consecutive arguments, Petitioners who present earlier would be deprived of the opportunity to respond in their rebuttals to arguments that EPA may present in later segments in response to other Petitioners.

9. The consolidated 60-minute format allows all parties the ability to format their presentations in the manner they believe will be most helpful to the Court and does not prejudice Petitioners, who could decide amongst themselves how

to divide and allocate their 60 minutes. Indeed, the consolidated 60-minute format was acceptable to both Petitioners, who included it as an alternative request for relief, and EPA, who opposed the three consecutive 20-minue arguments that the Court adopted. EPA's requested format also would not hamper the Court from addressing the many overlapping issues in this case in the order it sees fit.

10. Accordingly, EPA moves for reconsideration of the Court's order granting Petitioners' opposed motion and denying Petitioners' alternative unopposed motion for one extended oral argument with Petitioners presenting their position for 60 minutes and for EPA to respond for 60 minutes.

For all these reasons, EPA respectfully requests that Petitioners' motion be denied and that the Court order only one oral argument for the above-captioned case, with 60 minutes for each side to present its case.

Respectfully submitted,

| | |
|---|---|
| OF COUNSEL: | TODD KIM<br>Assistant Attorney General |
| ROSEMARY HAMBRIGHT KABAN<br>DANIEL P. SCHRAMM<br>U.S. Environmental Protection Agency<br>Office of General Counsel<br>Washington, D.C. | /s/ Jin Hyung Lee<br>JIN HYUNG LEE<br>SARAH IZFAR<br>U.S. Department of Justice<br>Environment & Natural Resources Division<br>Environmental Defense Section<br>P.O. Box 7611<br>Washington, D.C. 20044 |

DATE: October 27, 2023

(202) 514-2640; (202) 532-3050
jin.hyung.lee@usdoj.gov
sarah.izfar@usdoj.gov

*Counsel for Respondents*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief complies with Fed. R. App. P. 27(d)(2)(A) and 32(f) and (g), as it complies with typeface requirements and contains 993 words, excluding exempted portions.

Date: October 27, 2023              /s/ Jin Hyung Lee
                                    JIN HYUNG LEE

                                    *Counsel for Respondents*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing brief was filed with the Clerk of the Court using the CM/ECF system, which will send notification of said filing to the attorneys of record, who are required to have registered with the Court's CM/ECF system.

Date: October 27, 2023              /s/ Jin Hyung Lee
                                    JIN HYUNG LEE

                                    *Counsel for Respondents*