

**U.S. Department of Justice**

Environment and Natural Resources Division

---

*Environmental Defense Section*　　　　　　　　　　　　　　　　　　　　　　　*Telephone (202) 305-0490*
*P.O. Box 7611*　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*Facsimile (202) 514-8865*
*Washington, DC 20044*

December 1, 2023

VIA ELECTRONIC FILING

Lyle W. Cayce, Clerk of the Court
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place, Suite 115
New Orleans, LA 70130

    Re:    *State of Texas v. EPA*, No. 23-60069 & consolidated cases; Response to Petitioners' Rule 28(j) letter of November 29, 2023 regarding *Calumet Shreveport Refining, L.L.C. v. EPA* and *Wynnewood Refining Co. v. EPA*.

---

Dear Mr. Cayce:

    Petitioners wrongly assert that *Calumet* and *Wynnewood* support their positions that venue is proper and that the Disapproval is unlawful. Because the cases include an extended treatment of venue, a threshold issue here, Respondents are concurrently moving for leave to file a supplemental brief to explain why the new decisions support venue transfer. Meanwhile, and without prejudice to seeking further review in *Calumet*, we briefly explain why the facts here are more akin to *Wynnewood* than *Calumet*; and why *Calumet*'s merits discussion is inapposite.

    In *Calumet*, this Court retained venue to review EPA's adjudication and denial of small refinery exemption petitions under the Renewable Fuel Standard ("RFS") program. *Calumet* Slip Op. 6. But in *Wynnewood*, the same panel transferred venue of petitions challenging a different EPA "action that created an alternative-compliance approach for certain small refineries with outstanding [RFS] obligations" affected by the exemption petition denials. *Wynnewood* Slip Op. 1.

    The Disapproval is, for venue purposes, more akin to the action that *Wynnewood* found the D.C. Circuit must review. Here, EPA disapproved 21 state plans for failing to comply with

the Good Neighbor Provision as to national ozone standards. Because ozone pollution results from the "collective contribution" of many contributors and travels hundreds of miles, EPA must address a thorny causation problem— allocating responsibility among multiple upwind states contributing to multiple downwind states on a nationwide scale. *Cf. Wynnewood* Slip Op. at 3-4, 7 (finding venue proper in D.C. Circuit where action addressed "collective" impact compliance would have on the RFS program). In the Disapproval, EPA analyzed ozone formation, dispersion, and contribution nationwide and determined that 21 states contribute to multiple downwind states' air quality problems but failed to allocate their share of the collective contribution. All of EPA's core determinations concerned nationwide issues of interstate pollution not specific to particular states.

*Calumet*'s merits holdings, including its discussion of retroactivity, are irrelevant. Petitioners did not present a retroactivity argument, because the Disapproval did not have "retroactive" effect. Further, the Disapproval neither applied a new statutory interpretation nor changed any well-established agency practice.

Sincerely,

*/s/ Sarah Izfar*
Sarah Izfar

cc: Counsel of Record, via CM/ECF