# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

| | |
|---|---|
| STATE OF TEXAS, et al.,<br><br>Petitioners,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>Respondents. | No. 23-60069 |

## RESPONDENTS' OPPOSED MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF

Respondents the United States Environmental Protection Agency and its Administrator, Michael S. Regan (collectively "EPA"), move the Court to allow all parties to file no later than December 11, 2023 (one week after oral argument), five-page, supplemental briefs addressing two decisions this Court issued last week: *Calumet Shreveport Refining, L.L.C. v. EPA*, No. 22-60266 (5th Cir. Nov. 22, 2023) ("*Calumet*"), and *Wynnewood Refining Co. v. EPA*, No. 22-60357 (5th Cir. Nov. 22, 2023) ("*Wynnewood*"). Each decision is reported[1] and contains an extended treatment of the Clean Air Act's venue provision, 42 U.S.C. § 7607(b)(1), whose proper application is the threshold issue in these petitions. Because the "succinct

---

[1] EPA reserves its right to seek further review of the panel decision in *Calumet*. But the supplemental brief EPA seeks leave to file would presume that *Calumet* is law of the circuit.

comment" on *Calumet* and *Wynnewood* that Federal Rule of Appellate Procedure 28(j) allows is incommensurate with those decisions' extended treatment of the venue issue, and the importance of that issue for these cases, this is an appropriate "occasion[]" for the Court to invite all parties to file simultaneous briefs addressing both decisions. Cir. R. 28.4. Respondents conferred with Petitioners regarding this motion, and all oppose.

In support of its motion, EPA states as follows:

1. Merits briefing in these consolidated cases concluded on September 19, 2023. The threshold issue of venue under Section 7607(b)(1) is hotly contested in those briefs. *See, e.g.*, EPA Br. at 58-76; La. Reply at 2-5; Tex. Indus. Reply at 2-7.

2. On November 22, 2023 (the day before Thanksgiving), this Court issued two reported decisions, *Calumet* and *Wynnewood*, each of which interpreted and applied Section 7607(b)(1)'s venue provision to different EPA actions. The Court decided to retain venue in *Calumet*, for reasons that the majority opinion took six pages to explain, *Calumet* Slip Op. 9-14, and to which the dissent spent nine pages objecting, *id.* at 31-38. The Court decided to transfer venue to the D.C. Circuit in *Wynnewood*, based on a nine-page opinion in which venue was the only issue addressed. *Wynnewood* Slip Op. 1-9.

3. On November 29, 2023, Petitioners filed a Rule 28(j) letter notifying the Court of both decisions and claiming that each supports this Court's retention of

venue here. Doc. 503. Petitioners also asserted that *Calumet* supported their merits arguments. *Id.*

4.      With this motion, EPA is concurrently filing a response to Petitioners' 28(j) letter. Doc. 506. EPA's response explains that neither *Calumet* nor *Wynnewood* supports Petitioners' arguments on venue or the merits, but EPA's reasons necessarily are not elaborated due to the 350-word constraint. *See* Fed. R. App. P. 28(j). A 28(j) letter and response, which "may not be used to make arguments," "are poor substitutes for supplemental briefing, which the court may—and often does—request." *Rodriguez v. Garland*, 31 F.4th 935, 940 n.3 (5th Cir. 2022) (Elrod, C.J., dissenting from denial of rehearing en banc).

5.      In its merits brief, EPA explained in detail how this Court's (and other courts') prior decisions under the Act's venue provision were either analogous to, or different from, the Disapproval. *Compare* EPA Br. at 59-66 *with, e.g.*, La. Reply at 2-5; Tex. Indus. 2-7. Supplemental briefing would enable EPA, and the other parties, to provide similarly fulsome explanations of the relevance of *Calumet* and *Wynnewood*.

6.      The parties certainly can discuss these cases further at oral argument, but supplemental briefs will allow the parties to thoughtfully address these two decisions without detracting from the Court's opportunity to hear from the parties on the many other issues raised in the briefing.

7. EPA requests that the Court allow the parties to concurrently file supplemental briefs, each up to 5 pages in length, by December 11, 2023, one week after oral argument. Supplemental briefs of that length, and filed on that schedule, will not significantly delay this Court's disposition of these petitions. And any modest delay would work only to EPA's detriment, given that the challenged agency action is stayed pending this Court's review.

For all these reasons, EPA respectfully requests that the Court grant leave to file supplemental briefs on the *Calumet* and *Wynnewood* decisions.

Respectfully submitted,

| | |
|---|---|
| OF COUNSEL: | TODD KIM<br>Assistant Attorney General |
| ROSEMARY HAMBRIGHT KABAN<br>DANIEL P. SCHRAMM<br>U.S. Environmental Protection Agency<br>Office of General Counsel<br>Washington, D.C. | */s/ Sarah Izfar*<br>JIN HYUNG LEE<br>SARAH IZFAR<br>U.S. Department of Justice<br>Environment & Natural Resources Division<br>Environmental Defense Section<br>P.O. Box 7611<br>Washington, D.C. 20044 |
| DATE: December 1, 2023 | (202) 514-2640; (202) 532-3050<br>jin.hyung.lee@usdoj.gov<br>sarah.izfar@usdoj.gov |
| | *Counsel for Respondents* |

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing motion complies with Fed. R. App. P. 27(d)(2)(A) and 32(f) and (g), as it complies with typeface requirements and contains 703 words, excluding exempted portions.

Date: December 1, 2023　　　　　　　　　*/s/ Sarah Izfar*
　　　　　　　　　　　　　　　　　　　　SARAH IZFAR

　　　　　　　　　　　　　　　　　　　　*Counsel for Respondents*


## CERTIFICATE OF SERVICE

I hereby certify that the foregoing brief was filed with the Clerk of the Court using the CM/ECF system, which will send notification of said filing to the attorneys of record, who are required to have registered with the Court's CM/ECF system.

Date: December 1, 2023　　　　　　　　　*/s/ Sarah Izfar*
　　　　　　　　　　　　　　　　　　　　SARAH IZFAR

　　　　　　　　　　　　　　　　　　　　*Counsel for Respondents*