

**U.S. Department of Justice**
Environment and Natural Resources Division

February 21, 2024

VIA ELECTRONIC FILING

Lyle W. Cayce, Clerk of the Court
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Pl., Ste 115
New Orleans, LA 70130

Re:    *State of Texas, et al. v. Environmental Protection Agency, et al.*, No. 23-
          60069

Dear Mr. Cayce:

      On February 16, 2024, the Tenth Circuit ordered that all challenges to
EPA's Disapproval (88 Fed. Reg. 9336 (Feb. 13, 2023)) pending before the court
be transferred to the D.C. Circuit. *See* Att. A. The court's order states that a
decision directing the transfer to the D.C. Circuit will issue "in due course." *Id.* at
6. The Tenth Circuit's order is consistent with EPA's position that these SIP
disapproval challenges must be transferred to the D.C. Circuit. *See generally*
EPA Br. at 58-76, ECF No. 397; 42 U.S.C. § 7607(b)(1) (establishing that
nationally applicable actions or those based on a determination of nationwide
scope or effect made and published by EPA "may be filed only in the [D.C.
Circuit]"). If this case remains pending when the Tenth Circuit issues its written
decision further explaining its rationale, we will inform the court via a
subsequent Rule 28(j) letter and attach the written decision.

                            Sincerely,

                          */s/ Jin Hyung Lee*
                          JIN HYUNG LEE
                          U.S. Department of Justice
                          Environment and Natural Resources
                          Division
                          Environmental Defense Section
                          P.O. Box. 7611

Washington, DC 20044
(202) 514-2640
jin.hyung.lee@usdoj.gov

cc: Counsel of record, via CM/ECF

# Attachment A

FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

**February 16, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

STATE OF OKLAHOMA, by and through
its Attorney General; GENTNER F
DRUMMOND; OKLAHOMA
DEPARTMENT OF ENVIRONMENTAL
QUALITY,

      Petitioners,

v.

U.S. ENVIRONMENTAL PROTECTION
AGENCY; MICHAEL S. REGAN,
Administrator, United States
Environmental Protection Agency,

      Respondents.

-------------------------------

SIERRA CLUB; HEALTHY
ENVIRONMENT ALLIANCE OF UTAH;
CENTER FOR BIOLOGICAL
DIVERSITY; DOWNWINDERS AT
RISK; UTAH PHYSICIANS FOR A
HEALTHY ENVIRONMENT;
SOUTHERN UTAH WILDERNESS
ALLIANCE; CLEAN AIR TASK FORCE,

      Amici Curiae.

_____

OKLAHOMA GAS & ELECTRIC
COMPANY,

      Petitioner,

No. 23-9514
(EPA No. EPA-RO6-OAR-2021-0801)
(Environmental Protection Agency)

v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY; MICHAEL S.
REGAN, Administrator, United States
Environmental Protection Agency,

     Respondents.

------------------------------

SIERRA CLUB; HEALTHY
ENVIRONMENT ALLIANCE OF UTAH;
CENTER FOR BIOLOGICAL
DIVERSITY; DOWNWINDERS AT
RISK; UTAH PHYSICIANS FOR A
HEALTHY ENVIRONMENT;
SOUTHERN UTAH WILDERNESS
ALLIANCE; CLEAN AIR TASK FORCE,

     Amici Curiae.

_____

TULSA CEMENT LLC, d/b/a Central
Plains Cement Company LLC; REPUBLIC
PAPERBOARD COMPANY LLC,

     Petitioners,

v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY; MICHAEL S.
REGAN, Administrator, United States
Environmental Protection Agency,

     Respondent.

------------------------------

SIERRA CLUB; HEALTHY
ENVIRONMENT ALLIANCE OF UTAH;

No. 23-9521
(EPA No. EPA-HQ-OAR-2021-0663)
(Environmental Protection Agency)

No. 23-9533
(EPA No. EPA-HQ-OAR-2021-0663)
(Environmental Protection Agency)

CENTER FOR BIOLOGICAL
DIVERSITY; DOWNWINDERS AT
RISK; UTAH PHYSICIANS FOR A
HEALTHY ENVIRONMENT;
SOUTHERN UTAH WILDERNESS
ALLIANCE; CLEAN AIR TASK FORCE,

     Amici Curiae.

_____

WESTERN FARMERS ELECTRIC
COOPERATIVE,

     Petitioner,

v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY; MICHAEL S.
REGAN, Administrator, United States
Environmental Protection Agency,

     Respondents.

-------------------------------

SIERRA CLUB; HEALTHY
ENVIRONMENT ALLIANCE OF UTAH;
CENTER FOR BIOLOGICAL
DIVERSITY; DOWNWINDERS AT
RISK; UTAH PHYSICIANS FOR A
HEALTHY ENVIRONMENT;
SOUTHERN UTAH WILDERNESS
ALLIANCE; CLEAN AIR TASK FORCE,

     Amici Curiae.

_____

STATE OF UTAH, by and through its
Governor, Spencer J. Cox, and its Attorney
General, Sean D. Reyes,

No. 23-9534
(EPA No. EPA-HQ-OAR-2021-0663)
(Environmental Protection Agency)

3

Petitioner,

v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY; MICHAEL S.
REGAN, Administrator, United States
Environmental Protection Agency,

     Respondents.

No. 23-9509
(EPA No. EPA-R08-OAR-2022-315)
(Environmental Protection Agency)

------------------------------

SIERRA CLUB; HEALTHY
ENVIRONMENT ALLIANCE OF UTAH;
CENTER FOR BIOLOGICAL
DIVERSITY; DOWNWINDERS AT
RISK; UTAH PHYSICIANS FOR A
HEALTHY ENVIRONMENT;
SOUTHERN UTAH WILDERNESS
ALLIANCE; CLEAN AIR TASK FORCE,

     Amici Curiae.

_____

PACIFICORP; DESERET GENERATION
& TRANSMISSION CO-OPERATIVE;
UTAH MUNICIPAL POWER AGENCY,

     Petitioners,

v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY; MICHAEL S.
REGAN, Administrator, United States
Environmental Protection Agency,

     Respondents.

No. 23-9512
(EPA No. EPA-R08-OAR-2022-315)
(Environmental Protection Agency)

------------------------------

SIERRA CLUB; HEALTHY
ENVIRONMENT ALLIANCE OF UTAH;
CENTER FOR BIOLOGICAL
DIVERSITY; DOWNWINDERS AT
RISK; UTAH PHYSICIANS FOR A
HEALTHY ENVIRONMENT;
SOUTHERN UTAH WILDERNESS
ALLIANCE; CLEAN AIR TASK FORCE,

     Amici Curiae.

_____

UTAH ASSOCIATED MUNICIPAL
POWER SYSTEMS,

     Petitioner,

v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY; MICHAEL S.
REGAN, Administrator, United States
Environmental Protection Agency,

     Respondents.

------------------------------

SIERRA CLUB; HEALTHY
ENVIRONMENT ALLIANCE OF UTAH;
CENTER FOR BIOLOGICAL
DIVERSITY; DOWNWINDERS AT
RISK; UTAH PHYSICIANS FOR A
HEALTHY ENVIRONMENT;
SOUTHERN UTAH WILDERNESS
ALLIANCE; CLEAN AIR TASK FORCE,

     Amici Curiae.

No. 23-9520
(EPA No. EPA-R08-OAR-2022-315)
(Environmental Protection Agency)

_____

**ORDER**

_____

These matters are before the court on *Respondents' Opposed Motion to Transfer the Petition for Review to the D.C. Circuit or Dismiss Based on Improper Venue*.[1] We also have responses from Petitioners, replies from Respondents, and supplemental authority from the parties. On April 27, 2023, the motions, responses, replies, and supplemental authority were referred to the panel of judges who would later be assigned to decide the merits of these petitions for review. As a result, merits briefing proceeded and these matters are set for oral argument on March 21, 2024.

Upon careful consideration of the aforementioned filings, and at the specific direction of the merits panel, the Transfer Motions are GRANTED IN PART and these matters will be transferred to the United States Court of Appeals for the District of Columbia. A decision directing the transfer of these matters will issue in due course, and the transfers will be effectuated at that time.

In light of the foregoing, the March 21, 2024 oral arguments in these matters are VACATED, and all counsel are excused from attendance. The pending motions to

_____

[1] Respondents filed substantially similar motions to transfer or dismiss each of the above-captioned petitions for review. Collectively, those motions are referred to herein as the "Transfer Motions."

enlarge time for oral argument and for amici to participate in oral argument are DENIED

AS MOOT.

Entered for the Court,

CHRISTOPHER M. WOLPERT, Clerk