

**U.S. Department of Justice**
Environment and Natural Resources Division

*Environmental Defense Section*     *Telephone (202) 305-0490*
*P.O. Box 7611*
*Washington, DC 20044*

July 16, 2024

VIA ELECTRONIC FILING

Lyle W. Cayce, Clerk of the Court
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place, Suite 115
New Orleans, LA 70130

      Re:  *State of Texas v. EPA*, No. 23-60069 & consolidated cases; Response to Petitioners' Rule 28(j) letter of June 28, 2024.

Dear Mr. Cayce:

    *Ohio v. EPA* did not alter the cooperative federal-state relationship under the Clean Air Act. *See* 144 S. Ct. 2040 (2024). The case recognized that States have "primary responsibility" to "pick emissions limitations" to meet the Act's requirements, including adequate measures to protect their neighbors' air quality, as required by the Good Neighbor Provision. *Id*. at 2048. EPA's role is to determine whether a State's "choices of emissions limitations" in a state implementation plan ("SIP") satisfies "applicable requirements" and issue a federal implementation plan ("FIP") if a "SIP falls short." *Id*.; *see also* EPA Br. at 76-84, ECF No. 397.

    *Ohio* involved EPA's FIPs for States where the underlying SIP disapproval action was not stayed. The Supreme Court did not opine on the validity of the SIP disapproval action. Therefore, *Ohio* did not address the scope of EPA's SIP review authority under the Act or whether EPA reasonably disapproved the State SIP submissions at issue here. No challenge to the SIP disapproval action has been decided, and the SIP disapproval action may well be upheld. As Justice Barrett noted in dissent, "[w]hile 12 of EPA's SIP disapprovals have been temporarily

stayed, no court yet has invalidated one." 144 S. Ct. at 2059.

Petitioners argue that States determine their own compliance with the Good Neighbor provision because a separate subsection of the Act obligates them to measure in-state air quality. In addition to being waived, Petitioners' argument is nonsensical because the Good Neighbor provision is about out-of-state air quality. In disapproving the SIP submissions at issue, EPA did not usurp State authority. Although the States had the opportunity to identify appropriate emissions limitations and control measures to address their Good Neighbor obligations, they instead chose to ignore their impacts on downwind States' air quality with legally and technically flawed reasons. EPA Br. at 101-174. Thus, EPA reasonably determined that each State's SIP submission fell short because it provided an inadequate basis for its choices. *Id*.

        Sincerely,

        */s/ Sarah Izfar*
        Sarah Izfar

cc: Counsel of Record, via CM/ECF

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing Letter complies with Fed. R. App. P. 28(j), as it complies with typeface requirements and contains 324 words, excluding exempted portions.

Date: July 16, 2024        */s/ Sarah Izfar*
        Sarah Izfar