

**U.S. Department of Justice**
Environment and Natural Resources Division

*Environmental Defense Section*                    *Telephone (202) 305-0490*
*P.O. Box 7611*
*Washington, DC 20044*

July 22, 2024

<u>VIA ELECTRONIC FILING</u>

Lyle W. Cayce, Clerk of the Court
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place, Suite 115
New Orleans, LA 70130

      Re:  *State of Texas v. EPA*, No. 23-60069 & consolidated cases; Response
           to Petitioners' Rule 28(j) letter of July 2, 2024.

Dear Mr. Cayce:

    *Loper Bright Enterprises v. Raimondo* informs the disposition here
insofar as the APA standard of review applies, EPA Br. 55, and the Supreme
Court overruled the deference framework of *Chevron v. Natural Resources
Defense Council*, 467 U.S. 837 (1984). Accordingly, EPA's limited call for
*Chevron* deference is no longer applicable. EPA Br. 57-58, 91-92.

    Under *Loper*'s framework—determining the best reading of the statute
without deference— EPA explained that the best reading of 42 U.S.C.
§ 7410(k)(3) obligates EPA to independently determine whether State
Implementation Plans ("SIPs") "meet all applicable requirements," including
the Good Neighbor Provision. EPA Br. 78-84. The Court, in applying its own
judgment, can properly consider EPA's longstanding, consistent view of its
duty to independently review SIPs for compliance with the Act. Slip. Op. 14.
*Loper* provides no reason to invalidate EPA's disapproval of the SIPs here.

    The statute is also best read to give EPA authority to develop frameworks
to evaluate SIP submissions. *See* EPA Br. 90-95. Petitioners ignore *Loper*'s

holding that some statutes "empower an agency to prescribe rules to fill up the details" or to regulate within "limits . . . that leave[ ] agencies with flexibility." Slip Op. 17 (quotations omitted). Here, Congress delegated to EPA authority to determine whether SIP provisions are "adequate" to prohibit harmful interstate emissions. 42 U.S.C. §§ 7410(k)(3), 7410(a)(2)(D)(i)(I).

EPA's development and application of its framework are subject to the APA's standard of review for policymaking and factfinding. EPA Br. 84-86. *Loper* reaffirmed that "Section 706 *does* mandate that judicial review of agency policymaking and factfinding be deferential," Slip Op. 14, and that agencies' interpretations "may be especially informative to the extent [they] rest[] on factual premises within the agency's expertise," Slip Op. 25 (cleaned up).

Further, for "prior cases that relied on the *Chevron* framework," *Loper* did not disturb the holdings that the challenged agency actions were lawful. Slip Op. 34. Those prior cases include *EPA v. EME Homer City Generation, L.P.*, 572 U.S. 489 (2014), and *BCCA Appeal Group v. EPA*, 355 F.3d 817 (5th Cir. 2003), discussed at length in EPA's brief.

Sincerely,

*/s/ Sarah Izfar*
Sarah Izfar

cc: Counsel of Record, via CM/ECF

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing Letter complies with Fed. R. App. P. 28(j), as it complies with typeface requirements and contains 347 words, excluding exempted portions.

Date: July 22, 2024

*/s/ Sarah Izfar*
Sarah Izfar