

**U.S. Department of Justice**
Environment and Natural Resources Division

*Environmental Defense Section*
*P.O. Box 7611*
*Washington, DC 20044*

*Telephone (202) 305-0490*

December 19, 2024

VIA ELECTRONIC FILING

Lyle W. Cayce, Clerk of the Court
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place, Suite 115
New Orleans, LA 70130

    Re:  *State of Texas v. EPA*, No. 23-60069 & consolidated cases.

Dear Mr. Cayce:

    The Sixth Circuit's decision in *Kentucky v. EPA*, No. 23-3216 (6th Cir., Dec. 6, 2024) should not guide this Court. The Supreme Court will soon decide the proper venue for challenges to the Disapproval under 42 U.S.C. § 7607(b)(1) and may well invalidate the Sixth Circuit's premature reasoning on venue. *Oklahoma et al. v. EPA*, No. 23-1067 (Sup. Ct.) (cert. granted). Indeed, other courts have stayed challenges to the Disapproval pending the Supreme Court's ruling. *See* ECF No. 547.

    *Kentucky* underscores why venue lies exclusively in the D.C. Circuit. The opinion decides the same national issues that petitioners challenging the Disapproval raise here and in other circuits. *See, e.g.*, *Kentucky*, Op. 27 (rejecting EPA's consideration of the 2016-based modeling) and ECF No. 549 (Texas petitioners arguing for the same). Litigating these same issues in multiple circuits contravenes Congress's clear intent to centralize review of national issues.

    EPA is reviewing the Sixth Circuit's opinion and determining next steps. EPA has identified numerous disagreements with that court's reasoning on

venue, as thoroughly addressed in EPA's brief to this Court. *See generally* ECF No. 397. Further, and at a minimum, *Kentucky* contains internal contradictions. The court concluded that the Disapproval was not "based on a determination of nationwide scope or effect" because EPA would have disapproved Kentucky's plan under Kentucky's choice to use the 2011-based modeling and a 1 ppb contribution threshold. *Kentucky*, Op. 22. But on the merits, the court viewed EPA's consideration of the 2016-based modeling and the 1% contribution threshold as so "fundamental" as to warrant vacatur. *Id.* at 26-27, 30, 32. Both cannot be true.

*Kentucky*'s merits reasoning is also flawed for reasons identical to those explained in EPA's brief here. *See* ECF No. 397, at 124-29 (discussing EPA's evaluation of Louisiana's chosen 1 ppb contribution threshold), 185-210 (explaining EPA's consideration of updated modeling), and 211-16 (addressing why vacatur would be inappropriate).

        Sincerely,

        */s/ Sarah Izfar*
        Sarah Izfar

cc: Counsel of Record, via CM/ECF

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing Letter complies with Fed. R. App. P. 28(j), as it complies with typeface requirements and contains 313 words, excluding exempted portions.

Date: December 19, 2024        */s/ Sarah Izfar*
        *Sarah Izfar*