IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

| | |
|---|---|
| STATE OF TEXAS, et al.,<br><br>Petitioners,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>Respondents. | No. 23-60069 |

**RESPONDENTS' REPLY IN SUPPORT OF THEIR MOTION TO HOLD THE CASE IN ABEYANCE**

Approximately one month ago, the administration changed and new leadership is familiarizing itself with rulemakings that EPA has promulgated over the last four years, including this one. Under such circumstances, it is entirely appropriate for the Court to grant EPA's routine motion, which provides EPA adequate time to determine appropriate next steps in this litigation. As Texas acknowledges, Respondents have filed similar motions in other cases, Tx. Resp. 2 n.2, ECF No. 565. Indeed, the Eighth Circuit has granted a similar request, staying multiple pending cases that challenge the same action. *See, e.g.*, *Arkansas v. EPA*, No. 23-1320 (8th Cir.), ECF No. 5488538 (Feb. 24, 2025 Order, staying cases and directing EPA to file status report on May 14, 2025). With that order, this is now the only pending litigation challenging the Disapproval that has not been stayed, as the pending litigation in the Fourth and Eleventh Circuits were previously stayed

until the Supreme Court's disposition of *Oklahoma v. EPA*, Nos. 23-1067 & 23-1068 (Sup. Ct.), which concerns the question of venue for review of petitions challenging the Disapproval.

Much of Texas's opposition stems from unsubstantiated concerns of delay due to extended abeyances the Court granted in unrelated matters based on wholly different circumstances. For example, while the Court stayed *Texas v. EPA*, No. 16-60670 (5th Cir.), until recently, it did so with Texas's full support, through joint supplemental reports that the parties filed for years. *See e.g.*, No. 16-60670, ECF Nos. 77 (May 15, 2017, joint motion to stay proceedings); 97 (May 17, 2018, joint motion to stay proceedings), 137 (Texas's July 26, 2019, supplemental status report supporting stay), 177 (June 13, 2024, joint request to maintain abeyance). And the parties did not seek an abeyance due to an administration change but because future administrative actions could potentially resolve that litigation. *See id*. Further, in *Texas v. EPA*, No. 17-60088 (5th Cir.), the Court allowed a limited abeyance for EPA to take administrative actions but then resumed briefing. *See* No. 17-60088, July 2, 2021 Order, ECF No. 244. The Court therefore declined to permit an indefinite abeyance.

In any event, Texas identifies no prejudice from the requested abeyance. EPA's Disapproval is stayed as to all State Petitioners, including Texas, and EPA is willing to provide regular 90-day status reports to apprise the Court of its review.

EPA Mot. 1-2, ECF No. 563, *see also* ECF No. 269-1 (May 1, 2023 Order staying Disapproval). Thus, any abeyance would not be indefinite or lacking guardrails.

For all these reasons, EPA respectfully requests that this Court place this matter in abeyance with status reports due every 90 days.

Respectfully submitted,

| | |
|---|---|
| OF COUNSEL: | LISA LYNNE RUSSELL<br>   *Deputy Assistant Attorney General* |
| ROSEMARY HAMBRIGHT KABAN<br>DANIEL P. SCHRAMM<br>U.S. Environmental Protection Agency<br>Office of General Counsel<br>Washington, D.C. | /s/ *Sarah Izfar*<br>JIN HYUNG LEE<br>SARAH IZFAR<br>U.S. Department of Justice<br>Environment & Natural Resources Division<br>Environmental Defense Section<br>P.O. Box 7611<br>Washington, D.C. 20044 |
| DATE: February 26, 2025 | (202) 514-2640; (202) 532-3050<br>jin.hyung.lee@usdoj.gov<br>sarah.izfar@usdoj.gov<br><br>*Counsel for Respondents* |

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief complies with Fed. R. App. P. 27(d)(2)(C) and 32(f) and (g), as it complies with typeface requirements and contains 451 words, excluding exempted portions.

Date: February 26, 2025           /s/ Sarah Izfar
                                  SARAH IZFAR

                                  *Counsel for Respondents*


## CERTIFICATE OF SERVICE

I hereby certify that the foregoing brief was filed with the Clerk of the Court using the CM/ECF system, which will send notification of said filing to the attorneys of record, who are required to have registered with the Court's CM/ECF system.

Date: February 26, 2025           /s/ Sarah Izfar
                                  SARAH IZFAR

                                  *Counsel for Respondents*