
U.S. Department of Justice

Environment and Natural Resources Division

*Environmental Defense Section*  *Telephone (202) 305-0490*
*P.O. Box 7611*
*Washington, DC 20044*

May 22, 2025

<u>VIA ELECTRONIC FILING</u>

Lyle W. Cayce, Clerk of the Court
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place, Suite 115
New Orleans, LA 70130

    Re:   *State of Texas v. EPA*, No. 23-60069 & consolidated cases; Response to Texas Industry Petitioners' Rule 28(j) letter re: decision on rehearing in *State of Texas v. EPA*, Nos. 17-60088, 21-60673 (5th Cir. May 16, 2025) ("*Texas SO₂*"), Dkt. 585.

Dear Mr. Cayce:

    *Texas SO₂* has no relevance here. *Texas SO₂* concerns the best meaning of the term "unclassifiable" under the Clean Air Act, which was central to the Court's ultimate disposition. *Texas SO₂*, Slip Op. at 17. Here, Petitioners for rehearing en banc seek to raise an entirely new statutory-interpretation question regarding the meaning of term "contribute significantly" in the Good Neighbor Provision, 42 U.S.C. § 7410(a)(2)(D)(i)(I). *See* Tex. Indus. Reh'g Pet. at 1, Dkt. 583; Tex. Reh'g Pet. at 1, Dkt. 582. But the Court need not discern the meaning of that term because the petitions can be rejected for independent reasons. Likewise, the statutory-interpretation question that Petitioners *did* raise during litigation was not necessary to the disposition of these petitions for review.

    Petitioners' statutory-interpretation question here has always been whether EPA's authority under 42 U.S.C. § 7410(k)(3) to ensure State plans "meet all applicable requirements" requires EPA to defer to a State's

interpretation of the Act's requirements.  *See, e.g.*, Tex. Indus. Stay Mot. at 11-13, Dkt. 32-1; Tex. Indus. Br. at 1, 31, Dkt. 329; Texas 28(j) letter re: *Loper Bright* at 2, Dkt. 537; *Texas v. EPA*, 132 F.4th 808, 830 (5th Cir. 2025).

Consistent with the Supreme Court's holding in *Loper Bright Enterprises v. Raimondo*, this Court decided the "*relevant* question[] of law."  603 U.S. 369, 398 (2024).  It correctly held (and Texas Petitioners do not contest) that Section 7410(k)(3), at minimum, requires EPA to independently assess whether a State plan satisfies the State's own interpretation of the Good Neighbor Provision's requirements.  *Texas*, 132 F.4th at 831.  In so holding, the Court declined to resolve whether the Act grants EPA or States interpretive authority, because regardless of the answer, EPA reasonably disapproved Texas's plan following a thorough technical evaluation of the State's approach.  *Id.*

The Court appropriately declined to wade into questions of law that were not relevant to resolving the dispute.  *Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215, 348 (2022) (Roberts, J., concurring) ("If it is not necessary to decide more to dispose of a case, then it is necessary *not* to decide more.").

Sincerely,

*/s/ Jin Hyung Lee*
Jin Hyung Lee

cc: Counsel of Record, via CM/ECF

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing Letter complies with Fed. R. App. P. 28(j), as it complies with typeface requirements and contains 349 words, excluding exempted portions.

Date: May 22, 2025                    */s/ Jin Hyung Lee*
                                       *Jin Hyung Lee*