# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

| | |
|---|---|
| STATE OF TEXAS, et al., <br><br> Petitioners, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al., <br><br> Respondents. | No. 23-60069 |

## RESPONDENTS' UNOPPOSED MOTION FOR LEVEL I EXTENSION OF TIME AND LEAVE TO FILE THEIR RESPONSE TO TEXAS PETITIONERS' REHEARING PETITION

Pursuant to Federal Rules of Appellate Procedure 26(b), 27, and 32 and Fifth Circuit Rules 31.4 and 32.4, Respondents the United States Environmental Protection Agency and its Administrator, Lee Zeldin (collectively, "EPA"), respectfully move the Court for an Order allowing EPA a 30-day extension, until July 1, 2025, to file a response to the petitions for rehearing en banc. Tex. Reh'g Pet., Dkt. 582; Tex. Indus. Reh'g Pet., Dkt. 583. EPA also requests leave to exceed the word-volume limit for its response and file up to a 7,000-word response, rather than a 3,900-word response afforded under the Federal Rule of Appellate Procedure 40. Additional words are needed to ensure that EPA receives a comparable word allotment to Texas State Petitioners and Texas Industry Petitioners (collectively, "Texas Petitioners") because EPA is responding to two separately filed petitions.

In accordance with Fifth Circuit Rule 27.4, EPA's counsel has conferred with counsel for Texas Petitioners who do not oppose EPA's request. In support of this motion, EPA states as follows:

1. On May 9, 2025, Texas Petitioners each filed a petition for rehearing en banc. Combined, the petitions amount to 7,791 words. *See* Tex. Reh'g Pet. at 17 (certifying that the petition amounts to 3,893 words); Tex. Indus. Reh'g Pet. at 16 (certifying that the petition amounts to 3,898 words).

2. On May 22, 2025, the Court withheld the mandate and directed EPA to file one response to both petitions within ten days, by Sunday, June 1, 2025. Dkt. 588; Dkt. 589. Under Federal Rule of Appellate Procedure 40(d)(4), EPA's response is limited to 3,900 words.

3. There is good cause for EPA's request for a 30-day extension and increased word limit.

4. EPA needs more than the 10 calendar days / five business days currently provided to thoroughly respond to the two full-length petitions for rehearing filed by Texas Petitioners. Preparing EPA's response involves a multi-step review and approval process at both EPA and the U.S. Department of Justice ("DOJ"). In addition, new political leadership at both EPA and DOJ must familiarize themselves with the facts of the underlying litigation.

5.  Particularly, a 30-day extension is necessary because EPA may need to substantively respond to at least one new argument raised in the rehearing petition. Texas Industry Petitioners argue that the Court must decide whether EPA's interpretation of "contribute significantly" in the Clean Air Act is the best meaning of the term. Tex. Indus. Reh'g Pet. at 1; *see also* EPA Resp. to 28(j) re: *Texas SO$_2$* case, Dkt. 593. EPA needs additional time to consider this new argument.

6.  Texas Petitioners will not be prejudiced by a 30-day extension. The Court has withheld the mandate, so the stay of EPA's disapproval of Texas's plan remains in place pending the Court's consideration of the rehearing petitions. Dkt. 588. Further, a 30-day extension would not provide EPA with more time than Texas Petitioners had to file their respective rehearing petitions.

7.  There is also good cause for EPA's request to increase its word limit. First and foremost, equity demands that EPA receive the same word-allotment as Texas Petitioners. *See, e.g.*, Fed. R. App. P. 32(a)(7)(B)(i) (setting the same word limit for principal briefs). EPA will be prejudiced if it does not have sufficient words to respond to all of Texas Petitioners' arguments. Although EPA believes it should be entitled to the same number of words as Texas Petitioners, EPA is willing to consolidate and streamline its arguments and therefore believes 7,000 words will be adequate.

For all these reasons, EPA respectfully requests that the Court grant EPA up to and including July 1, 2025, to file a response to Texas Petitioners' rehearing petitions of up to 7,000 words.

Respectfully submitted,

| | |
|---|---|
| OF COUNSEL: | ADAM R.F. GUSTAFSON<br>Acting Assistant Attorney General |
| ROSEMARY H. KABAN<br>DANIEL P. SCHRAMM | |
| U.S. Environmental Protection Agency<br>Office of General Counsel<br>Washington, D.C. | /s/ Jin Hyung Lee<br>JIN HYUNG LEE<br>SARAH IZFAR<br>U.S. Department of Justice<br>Environment & Natural Resources Division<br>Environmental Defense Section<br>P.O. Box 7611<br>Washington, D.C. 20044 |
| DATE: May 23, 2025 | (202) 514-2640; (202) 532-3050<br>jin.hyung.lee@usdoj.gov<br>sarah.izfar@usdoj.gov |
| | *Counsel for Respondents* |

## CERTIFICATE OF COMPLIANE

I hereby certify that the foregoing brief complies with Fed. R. App. P. 27(d)(2)(C) and 32(f) and (g), as it complies with typeface requirements and contains 615 words, excluding exempted portions.

Date: May 23, 2025  /s/ *Jin Hyung Lee*
JIN HYUNG LEE

*Counsel for Respondents*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing brief was filed with the Clerk of the Court using the CM/ECF system, which will send notification of said filing to the attorneys of record, who are required to have registered with the Court's CM/ECF system.

Date: May 23, 2025  /s/ *Jin Hyung Lee*
JIN HYUNG LEE

*Counsel for Respondents*