No. 23-60069

_____

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

STATE OF TEXAS; TEXAS COMMISSION ON ENVIRONMENTAL
QUALITY; LUMINANT GENERATION COMPANY, L.L.C.; COLETO CREEK
POWER, L.L.C.; ENNIS POWER COMPANY, L.L.C.; HAYS ENERGY, L.L.C.;
MIDLOTHIAN ENERGY, L.L.C.; OAK GROVE MANAGEMENT COMPANY,
L.L.C.; WISE COUNTY POWER COMPANY, L.L.C.; ASSOCIATION OF
ELECTRIC COMPANIES OF TEXAS; BCCA APPEAL GROUP; TEXAS
CHEMICAL COUNCIL; TEXAS OIL & GAS ASSOCIATION; PUBLIC
UTILITY COMMISSION OF TEXAS; RAILROAD COMMISSION OF TEXAS;
STATE OF MISSISSIPPI; MISSISSIPPI DEPARTMENT OF
ENVIRONMENTAL QUALITY; MISSISSIPPI POWER COMPANY; STATE
OF LOUISIANA; LOUISIANA DEPARTMENT OF ENVIRONMENTAL
QUALITY; ENTERGY LOUISIANA, L.L.C.; LOUISIANA CHEMICAL
ASSOCIATION; MID-CONTINENT OIL AND GAS ASSOCIATION;
LOUISIANA ELECTRIC UTILITY ENVIRONMENTAL GROUP, L.L.C.;
TEXAS LEHIGH CEMENT COMPANY, LP,

*Petitioners*,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; LEE
ZELDIN, ADMINISTRATOR, UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY,

*Respondents*.

_____

On Petitions for Review of Final Agency Action of the
United States Environmental Protection Agency
88 Fed. Reg. 9336

_____

**RESPONSE TO PETITIONS FOR REHEARING EN BANC**

_____

(Counsel listed on inside cover)

ADAM R.F. GUSTAFSON
*Acting Assistant Attorney General*

ROBERT N. STANDER
*Deputy Assistant Attorney General*

Of Counsel:

ROSEMARY H. KABAN
DANIEL P. SCHRAMM
U.S. Environmental Protection Agency
Office of General Counsel
Washington, D.C.

JIN HYUNG LEE
SARAH IZFAR
U.S. Department of Justice
Environment and Natural Resources
Division
Environmental Defense Section
150 M St., NE
Washington, D.C. 20002

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

| | |
|---|---|
| STATE OF TEXAS, et al., | |
| Petitioners, | |
| v. | No. 23-60069 |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al., | |
| Respondents. | |

**CERTIFICATE OF INTERESTED PERSONS**

Under the fourth sentence of Fifth Circuit Rule 28.2.1, Respondents, as

governmental parties, need not furnish a certificate of interested persons.


Date: July 1, 2025

> _/s/ Jin Hyung Lee_
> Jin Hyung Lee
> Sarah Izfar
>
> U.S. Department of Justice
> Environment & Natural Resources Division
> Environmental Defense Section
> 150 M St., NE
> Washington, D.C. 20002
>
> _Counsel for Respondents_

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................. iii

INTRODUCTION ............................................................................. 1

BACKGROUND ............................................................................... 3

I.    Legal Background ...................................................................... 3

II.   Factual and Procedural Background ........................................... 4

STANDARD OF REVIEW .................................................................. 9

ARGUMENT .................................................................................. 9

I.    The panel's narrow holding on the scope of EPA's obligation to review state implementation plans is consistent with *Loper* and this Court's precedent. ..................................................... 11

II.   En banc review is not warranted to review the panel's record-based holding that EPA reasonably disapproved Texas's state implementation plan under Texas's own interpretation of the Good Neighbor Provision. ........................................................... 12

III.  Texas Petitioners' remaining arguments present no question of exceptional importance. ......................................................... 19

     A.    The best meaning of "contribute significantly" is not a relevant legal question here. .............................................. 19

     B.    The panel opinion does not conflict with the Sixth Circuit. ...................................................................... 21

CONCLUSION ............................................................................... 22

CERTIFICATE OF COMPLIANCE ...................................................... 24

CERTIFICATE OF SERVICE ............................................................. 25

# TABLE OF AUTHORITIES

## Cases

*A.B. v. Salesforce, Inc.*,
   123 F.4th 788 (5th Cir. 2024) ......................................................................18, 20

*Avelar-Olivia v. Barr*,
   954 F.3d 757 (5th Cir. 2020) ...............................................................................21

*Chance v. Rice Univ.*,
   989 F.2d 179 (5th Cir. 1993) ...............................................................................20

*FDA v. Wages & White Lion Invs., L.L.C.*,
   145 S. Ct. 898 (2025) ...........................................................................................14

*Federated Dep't Stores, Inc. v. Moitie*,
   452 U.S. 394 (1981).............................................................................................23

*Kentucky v. EPA*,
   123 F.4th 447 (6th Cir. 2024) ..............................................................................21

*Loper Bright Enters. v. Raimondo*,
   603 U.S. 369 (2024) ....................................................................................1, 14, 20

*Lucio v. Lumpkin*,
   987 F.3d 451 (5th Cir. 2021) ...............................................................................19

*Luminant v. EPA*,
   975 F.3d 917 (5th Cir. 2012) .................................................................................2

*Oklahoma v. EPA*,
   145 S. Ct. 1720 (2025) .........................................................................................16

*Tex. Democratic Party v. Abbott*,
   978 F.3d 168 (5th Cir. 2020) .................................................................................9

*Texas v. EPA*,
   132 F.4th 808 (5th Cir. 2025) .................................... 1, 2, 3, 4, 6, 7, 8, 10, 11, 12,
   .................................................................... 13,14, 15,16, 17, 18, 19, 22

*Texas v. EPA*,
   137 F.4th 535 (5th Cir. 2025) ........................................................................14, 18

*Texas v. EPA*,
  829 F.3d 405 (5th Cir. 2016) ................................................................2

*Texas v. EPA*,
  690 F.3d 670 (5th Cir. 2012) ................................................................4

*United States v. Nixon*,
  827 F.2d 1019 (5th Cir. 1987) ..............................................................9

**Statutes**

42 U.S.C. §§ 7401-7438 ........................................................................4

42 U.S.C. § 7409(b) ...............................................................................3

42 U.S.C. § 7410(a) ............................................................................3, 4

42 U.S.C. § 7410(a)(2)(D)(i)(I) .....................................................2, 4, 20

42 U.S.C. § 7410(k)(3) .........................................................3, 4, 10, 11

**Rules**

Fed. R. App. P. 40(b)(2)..........................................................................1

5th Cir. R. 40 I.O.P. ...................................................................1, 9, 21

**Code of Federal Regulations**

40 C.F.R. pt. 50 app. U § 1(c) ..............................................................16

40 C.F.R. pt. 50 app. U § 4 ...................................................................16

**Federal Registers**

88 Fed. Reg. 9336 (Feb. 13, 2023) ....................................................5, 16

## INTRODUCTION

Texas Petitioners fail to meet the standard for en banc review, and their petitions should be denied. *See* State Pet., ECF No. 582, Indus. Pet., ECF No. 583. They do not identify any actual conflict with this Court's or the Supreme Court's precedent. *See* Fed. R. App. P. 40(b)(2); 5th Cir. R. 40 I.O.P. Nor do they identify any question of extraordinary importance. *See id.* Instead, Texas Petitioners rely on a misreading of the panel's narrow opinion to assert a conflict with *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024). *See* State Pet. 12-13; Indus. Pet. 1, 8-9.

Contrary to Texas Petitioners' assertion, the panel exercised its independent judgment in addressing the scope of the Environmental Protection Agency's (EPA's) authority to review state implementation plans (SIPs). In doing so, the panel resolved the issue on narrow grounds and held that, at minimum, the Clean Air Act requires EPA to independently assess whether a SIP meets the State's own reasonable interpretation of what the Act requires. *Texas v. EPA*, 132 F.4th 808, 839 (5th Cir. 2025). The panel then evaluated EPA's disapproval of Texas's SIP (Texas Disapproval) under the Administrative Procedure Act's (APA's) deferential standard of review. The panel held that EPA's technical basis for disapproving Texas's plan was reasonable and reasonably explained. *Id.* at 860. The panel concluded that EPA adequately explained why it disapproved Texas's SIP—

1

specifically, that the data Texas relied on did not support approval under Texas's own interpretation of what the Act's Good Neighbor Provision requires. *Id.* at 849-60; 42 U.S.C. § 7410(a)(2)(D)(i)(I).

Texas Petitioners fail to identify any errors in the panel's ruling that would warrant rehearing en banc. On EPA's SIP review authority, Petitioners attempt to manufacture a conflict between the panel's holding and precedent. *See* State Pet. 11-15; Indus. Pet. 8-13. However, no such conflict exists. The panel's holding is consistent with *Loper* because the panel applied traditional tools of statutory interpretation and determined that the Clean Air Act requires EPA to independently assess whether a SIP meets the Act's requirements. *Texas*, 132 F.4th at 830-39. The panel's holding is also consistent with this Court's precedent, which holds that EPA must "review[] SIPs for consistency with the Act's requirements." *Texas v. EPA*, 829 F.3d 405, 411 (5th Cir. 2016) (quoting *Luminant v. EPA*, 975 F.3d 917, 921 (5th Cir. 2012)).

On the panel's review of the administrative record, Texas Petitioners raise issues on findings that the panel did not make. They erroneously contend that the panel upheld the Texas Disapproval based on EPA's framework, modeling, methodologies, and interpretation of the Good Neighbor Provision. State Pet. 8-14; Indus. Pet. 8-10. But as the panel concluded, "the agency record makes clear that the agency concluded that the SIP was deficient on its own terms," under "*the state's*

own data and interpretation of the Good Neighbor Provision." *Texas*, 132 F.4th at

860 (emphasis added).

In short, this is a straightforward record-review case that does not warrant en

banc review. The petitions should be denied.[1]

## BACKGROUND

### I.     Legal Background

EPA sets National Ambient Air Quality Standards (NAAQS or standards) for

specific pollutants at levels requisite to protect public health or welfare. 42 U.S.C.

§ 7409(b). Once EPA sets NAAQS for such pollutants, States must submit SIPs that

are adequate to implement, maintain, and enforce the NAAQS. *Id.* § 7410(a). Upon

submission, EPA is required to evaluate whether the SIP meets "all of the applicable

requirements" of the Act. *Id.* § 7410(k)(3). If it does, then EPA must approve the

submission. *Id.* If, however, EPA determines that a SIP does not meet all of the

Clean Air Act's applicable requirements, EPA must issue a partial or full

disapproval. *See id.*

---

[1] Additionally, as EPA noted in its February 12, 2025 motion to hold the case in abeyance, new EPA leadership is reviewing its disapprovals of States' 2015 ozone Good Neighbor SIP submissions. ECF No. 563. EPA is also reconsidering its policies and determinations concerning Good Neighbor obligations for the 2015 ozone standards, which may inform EPA's review of the Texas Disapproval. *See* Tardif Decl. ¶¶ 18-20, *Utah v. EPA*, No. 23-1157 (D.C. Cir. Mar. 10, 2025), ECF No. 2104881. While these processes do not change the conclusion that rehearing is unwarranted, as a practical matter, EPA's future actions could resolve some or all of the issues in dispute in this case.

Relevant here is the Good Neighbor Provision, which requires that SIPs "contain adequate provisions . . . prohibiting . . . emissions activity within the State from emitting any air pollutant in amounts which will . . . contribute significantly to nonattainment in, or interfere with maintenance by, any other State with respect to any such [NAAQS]." *Id.* § 7410(a)(2)(D)(i)(I). The Clean Air Act does not define these terms (e.g., "adequate provisions," "contribute significantly," "interfere with maintenance"). *See id.* §§ 7401-7438; *Texas*, 132 F.4th at 820. But the Act expressly charges EPA with determining whether a SIP submission "meets all of the applicable requirements" of the Act. 42 U.S.C. § 7410(k)(3); *see also Texas v. EPA*, 690 F.3d 670, 675 (5th Cir. 2012) (noting that Section 7410(k) requires EPA to "assur[e] that [the SIP] complies with federal law").

## II.    Factual and Procedural Background

EPA revised the ozone standards to 70 parts per billion (ppb) in 2015, which triggered an obligation for States to submit SIPs to implement the new standards and meet the Act's requirements associated with those standards, including the Good Neighbor Provision. *See* 42 U.S.C. § 7410(a). EPA reviewed each State's individual approach and the merits of the State's submission. *See* EPA Br. 21, ECF No. 397. EPA did not require States to follow precisely the same approach that it had taken to implementing the Good Neighbor Provision in federal implementation plans. *Id.* Upon review of the submissions, EPA disapproved 21 SIPs, including

4

Texas's, after determining that they failed to meet the Good Neighbor Provision's requirements for the 2015 ozone standards.  88 Fed. Reg. 9336 (Feb. 13, 2023) (Disapproval).

Several Petitioners challenged the Disapproval.  This Court consolidated the Disapproval challenges pending in this Circuit.  Both Texas Petitioners and Louisiana Petitioners moved to stay the Disapproval as to their respective SIPs and requested the motions panel to issue an order expeditiously.  ECF Nos. 31, 32, 112, 197, 203, 250.  Shortly thereafter, a motions panel of this Court issued a 2-1 opinion staying the Disapproval of those SIPs.  ECF No. 269.  Likewise, Mississippi Petitioners moved for and obtained a stay.  *See* ECF No. 359.

The parties then proceeded to merits briefing where Petitioners collectively filed five full-length briefs, and EPA filed a consolidated response to address all briefs and their many overlapping arguments.  ECF Nos. 328, 329, 332, 333, 335, 397, 433, 434, 435, 436, 437.  The briefs raised two main issues: (1) whether the Clean Air Act's SIP review provision requires EPA to defer to a State's statutory interpretation of the Good Neighbor Provision, including the phrase "contribute significantly," and (2) whether, consistent with EPA's SIP review authority, EPA had reasonably explained its disapproval of each State's SIP submission.  *See* EPA Br. 53-54.

5

In December 2023, the merits panel held oral argument, which lasted over two hours. Each group of petitioners (organized by State) argued that EPA's SIP review authority requires EPA to defer to a State's reasonable interpretation of the Act's requirements and that EPA failed to do so. In response, EPA explained that even under the States' own interpretations of the Good Neighbor Provision, EPA reasonably disapproved their SIP submissions. As part of the panel's deliberation, the panel considered Texas Petitioners' 28(j) letter and EPA's response regarding the impact of *Loper* on the scope of EPA's SIP review authority. ECF Nos. 537 (Texas Petitioners' letter), 543 (EPA's response). Over a year later, the panel issued its opinion. The panel upheld the Texas Disapproval (and the Disapproval as to Louisiana's SIP) under the APA on narrow grounds. *Texas*, 132 F.4th at 863. The panel vacated the Disapproval as to Mississippi's SIP. *Id.*

The panel held that it need not decide whether EPA must defer to the States' statutory interpretation of the Good Neighbor Provision, including the phrase "contribute significantly," as the States had argued. *Id.* at 831. That is because, according to the panel, the Clean Air Act at minimum requires EPA to independently evaluate whether a State's SIP satisfies the State's own preferred interpretation. *Id.* at 839. And the panel concluded that EPA reasonably explained the Texas Disapproval even under the State's preferred test for "contribute significantly." *Id.* at 839-40.

Regarding the Texas Disapproval, the panel first summarized Texas's own 3-step framework for assessing its Good Neighbor obligations. *See id.* at 849-50 (referencing Tex. Submission at 3-1, C.I. EPA-R06-OAR-2021-0801-0006).[2] At Step 1, Texas used its own modeling and methodology—not EPA's—to identify nonattainment and maintenance receptors. *Id.* at 849 (citing Tex. Submission at 3-1). At Step 2, Texas quantified its contributions to each of those receptors identified at Step 1. *Id.* (citing Tex. Submission at 3-1). If Texas's contributions to the receptors were below 1% of the 2015 ozone NAAQS (i.e., 0.7 ppb), then Texas deemed its contributions *de minimis* and screened them out. *Id.* (citing Tex. Submission at 3-1). If Texas contributed at or above that 1% contribution threshold to a receptor, Texas was deemed "linked" to that receptor, and that receptor was subject to further evaluation. *Id.* (citing Tex. Submission at 3-1). At Step 3, Texas considered a contribution to be "significant" under the Good Neighbor Provision if there was a "persistent and consistent pattern of contribution on several days with elevated ozone." *Id*. at 850 (quoting Tex. Submission at 3-50–3-51). For this inquiry, Texas used a "weight-of-evidence" approach, which included seven air-quality analyses to determine whether a "persistent and consistent" pattern existed. *Id*. (citing Tex. Submission at 3-50). Based on these analyses, Texas concluded that

[2] C.I. refers to the certified index of the administrative record, which is available at ECF No. 208.

its emissions did not contribute significantly to nonattainment or interfere with maintenance of the 2015 ozone NAAQS to any downwind State because there was no "persistent and consistent" pattern of contribution, and thus the State did not have to reduce any of its emissions. *Id.* (citing Tex. Submission at 3-75).

The panel then evaluated EPA's analysis of Texas's SIP and noted that EPA evaluated the submission based on Texas's own modeling, methodologies, and chosen contribution threshold. *Id.* at 840, 850-55. The panel determined that EPA reasonably found and explained that there were technical shortcomings with Texas's Step 3 analyses that could not scientifically support Texas's conclusion that none of its contributions to any linked receptors were "significant," under Texas's interpretation of the term. *Id.* at 850-55. Accordingly, the panel held that EPA reasonably disapproved Texas's SIP submission under "the state's own data and interpretation of the Good Neighbor Provision." *Id.* at 860. Because the panel could uphold the Texas Disapproval on that basis, the panel did not reach Texas Petitioners' arguments regarding EPA's use of its modeling and framework for evaluating Good Neighbor obligations. *Id.* at 840, 860.

Of the parties in this case, only Texas Petitioners have sought rehearing en banc.

## STANDARD OF REVIEW

This Court grants rehearing en banc for only extraordinary circumstances. The panel opinion must have committed "an error of exceptional public importance" or be in direct conflict with prior Supreme Court or this Court's precedent. 5th Cir. R. 40 I.O.P. Factual errors or errors in applying the correct precedent to the facts of the case generally do not meet the conditions for rehearing en banc. *Id.*; *see also United States v. Nixon*, 827 F.2d 1019, 1023 (5th Cir. 1987) (declining to grant rehearing en banc where petitioner claimed, in essence, that the panel had misapplied the correct precedent to the facts of the case).

## ARGUMENT

With the benefit of over 500 pages of briefing and over two hours of oral argument, the merits panel thoroughly evaluated the issues before it, addressed the relevant legal and factual issues, and decided the case on narrow grounds in a lengthy, reasoned opinion.[3] Prior to the panel's decision, Texas Petitioners raised two main issues. First, they asked whether the Act's cooperative-federalism

---

[3] Texas Petitioners heavily rely on the motions panel's opinion, which was based on limited briefing and a compressed schedule. State Pet. 9-11; Indus. Pet. 12-13; *see* State Stay Reply at 2, ECF No. 197 (Apr. 10, 2023) (requesting an order by May 1, 2023). Although a merits panel may "greatly benefit[] [from] the earlier panel's analysis of the issues," under this Court's precedent, "opinions and orders of a panel with initial responsibility for resolving motions . . . are not binding on the later panel that is assigned the appeal for resolution." *Tex. Democratic Party v. Abbott*, 978 F.3d 168, 176 (5th Cir. 2020). There is no "internal[] inconsisten[cy]" for this Court to address on rehearing. *Contra* State Pet. 8.

framework requires EPA to defer to a State's interpretation of the Act's requirements. *See, e.g.*, State Br. 1, ECF No. 328; Indus. Br. 1; ECF No. 329. Second, they raised numerous arguments related to EPA's technical justifications for disapproving Texas's SIP. *See, e.g.*, State Br. 1; Indus. Br. 1. The panel fairly addressed the relevant issues before it and issued what it characterized as a "narrow" holding. *Texas*, 132 F.4th at 839. First, the panel addressed the division of authority between EPA and States under the Act. The panel avoided the difficult issue of whether, in light of *Loper*, EPA must defer to States' statutory interpretation of the Clean Air Act when reviewing SIPs. The panel ruled narrowly that, under the SIP review provision, 42 U.S.C. § 7410(k)(3), which requires EPA to ensure that SIPs "meet all the applicable requirements," EPA must "assess independently whether a SIP satisfies a state's chosen reasonable interpretation of the Good Neighbor Provision." *Texas*, 132 F.4th at 831. The panel then resolved the case on the facts in the administrative record and EPA's provided rationale, which was that Texas's SIP "did not satisfy the Good Neighbor Provision even under Texas's own interpretation." *Id.* at 855.

Texas Petitioners fail to present a question of exceptional importance or identify any conflict with controlling precedent to meet the demanding standard for en banc review. Instead, Texas Petitioners mischaracterize the panel opinion, ignore

the panel's reasoning, and raise a new question of law that is not relevant for resolving this case.

## I.    The panel's narrow holding on the scope of EPA's obligation to review state implementation plans is consistent with *Loper* and this Court's precedent.

Contrary to Texas Petitioners' characterization, *see* State Pet. 12; Indus. Pet. 1, 8-10, the central legal question before the panel was the scope of EPA's authority under the Act to review SIP submissions for compliance with the Good Neighbor Provision, *Texas*, 132 F.4th at 830-40.  Specifically, Petitioners raised the issue of whether, in evaluating a State's SIP, EPA was required to defer to the State's interpretation of the Act when determining if a SIP met "all the applicable requirements" of the Good Neighbor Provision.  42 U.S.C. § 7410(k)(3); *see* Indus. Br. 1, 31-34; State Br. 21-28.  The panel's answer to that question does not create any issue worthy of en banc review.

The panel avoided the more difficult issue of whether, after *Loper*, EPA must defer to States' statutory interpretation when reviewing SIPs.  *Texas*, 132 F.4th at 831.  The panel instead held that, "even assuming EPA must accept a state's reasonable interpretation of the Good Neighbor Provision," the SIP review provision requires EPA to "undertake an independent analysis of whether the submission complies" as a factual matter with the Good Neighbor Provision under the State's own preferred interpretation.  *Id.* at 832.  This interpretation of EPA's SIP review

authority, according to the panel, was consistent with the text and structure of the statute, with Fifth Circuit precedent, and with precedent from other Circuits. *Id.* at 833-39.

Accordingly, there is no conflict with *Loper* or other precedent, nor does the panel's holding raise a question of extraordinary importance. Indeed, Texas State Petitioners agree that "EPA can review the substance of a state's submission" for compliance with the Act's provisions. State Pet. 15. Yet Texas Petitioners contend that rehearing is warranted because the panel's holding "seemingly endorsed" EPA's ability to evaluate a SIP submission using "new methodologies and data," EPA's "framework," and other "non-statutory factors." *Id.*; Indus. Pet. 12. These arguments, however, raise a factual dispute about the panel's review of the record. *See infra* Arg. II. They do not identify an actual conflict between the panel's narrow holding and existing precedent. En banc review is therefore unnecessary to further address the scope of EPA's SIP review authority. *See* State Pet. 14-15 (requesting en banc to consider "the proper roles of States and EPA at the SIP stage"); Indus. Pet. 11 (same).

**II.    En banc review is not warranted to review the panel's record-based holding that EPA reasonably disapproved Texas's state implementation plan under Texas's own interpretation of the Good Neighbor Provision.**

Having established the minimum scope of EPA's SIP review authority, the panel proceeded to examine the record and determined that EPA acted within that

scope. *Texas*, 132 F.4th at 832, 860.  As the panel acknowledged, EPA explained its determination that Texas's SIP submission was flawed under Texas's own interpretation of the Good Neighbor Provision.  *Id.* at 831.  So, under the applicable APA standard of review, the panel evaluated whether it could uphold the Texas Disapproval based on the explanation that EPA provided.  *Id.* at 839.  The panel concluded that it could.  *Id.* at 849-60.  The Court's review of EPA's technical evaluation does not merit en banc rehearing.

Texas Petitioners mischaracterize the panel opinion in arguing that the panel erred in (1) allowing EPA to impose non-statutory factors—EPA's framework and a 1% contribution threshold—to evaluate Good Neighbor plans, State Pet. 9-10; Indus. Pet. 12; (2) allowing EPA to evaluate Texas's plan using modeling and a guidance memorandum unavailable at the time Texas submitted its plan, State Pet. 10-11, 13-14; and (3) deferring to EPA's interpretation of "significant," State Pet. 11-13; Indus. Pet. 8-9.

The panel concluded that EPA evaluated Texas's SIP submission using Texas's 3-step framework for evaluating its Good Neighbor obligations.  *Texas*, 132 F.4th at 849-50.  The panel summarized Texas's framework as follows: At Step 1, Texas used its own modeling and identified over a dozen monitors projected to be in nonattainment or have maintenance issues in the future.  *Id.* at 849.  At Step 2, Texas again used its own modeling and identified those nonattainment and

maintenance receptors to which Texas was projected to contribute at or above Texas's chosen 1% contribution threshold. *Id.* at 849-50. At Step 3, those contributions were further evaluated to determine whether any were "significant." *Id.* at 850. Texas defined "significant" contribution as emissions that "persistent[ly] and consistent[ly]" contribute to out-of-state receptors on several days with elevated ozone. *Id.* (quoting Tex. Submission 3-50–3-51). Texas used a weight-of-evidence approach that considered seven factors to evaluate whether its contributing emissions were "significant." *Id.* at 850-51.

The panel properly reviewed the record under the APA standard of review, which post-*Loper* continues to "mandate that judicial review of agency . . . factfinding be deferential." *Texas v. EPA*, 137 F.4th 535, 367-68 (5th Cir. 2025) (quoting *Loper*, 603 U.S. at 392); *see also FDA v. Wages & White Lion Invs., L.L.C.*, 145 S. Ct. 898, 917 (2025) (reiterating that APA review of agencies' factual decision-making is deferential). Under this standard of review, the panel held that EPA reasonably explained why Texas failed to demonstrate that its contributions, as shown by Texas's own modeling and methodologies, were not "significant" under Texas's own definition. *Texas*, 132 F.4th at 850-55. In the panel's view, EPA reasonably explained that Texas's Step 2 analysis already examined, as a technical matter, whether there was a persistent and consistent pattern of contribution on several days with elevated ozone (i.e., Texas's interpretation of "significant"). *Id.*

at 851.  And the panel held that EPA reasonably explained why each of the seven weight-of-evidence factors failed to support Texas's conclusion that Texas did not persistently and consistently contribute to the identified Step 2 receptors on several days with elevated ozone.  *Id.* at 851-55.

Texas Petitioners wrongly contend that the panel applied *Chevron* deference and accepted what they describe as EPA's interpretation of "significant," as one where a State is shown to contribute more than 1% of the NAAQS to a receptor in another State.  State Pet. 12-13; Indus. Pet. 9-10.[4]  As an initial matter, the panel observed that a 1% contribution threshold was *not* EPA's interpretation of "significant," *Texas*, 132 F.4th at 850-51, and accordingly held that applying such a threshold "[wa]s not what EPA said or did in its assessment of Texas's SIP on its own merits," *id.* at 856.[5]  Texas Petitioners' argument for rehearing on this basis is predicated on an erroneous understanding of the record.

---

[4]  Texas Industry Petitioners suggest that EPA's references to *Chevron* during the rulemaking and in its response brief nullify the panel's ruling.  Indus. Pet. 8.  But what is relevant is whether the panel erred in relying upon *Chevron*.  As explained below, it did not; *Loper* was decided before the opinion issued, the panel considered 28(j) letters on *Loper*, and the panel complied with *Loper*'s directive in its opinion. *Texas*, 132 F.4th at 831; ECF Nos. 537, 543.

[5] Rather, the panel noted that EPA's application of a 1% contribution threshold (when applying EPA's own framework) served the same purpose as Texas's—that is, to identify those receptors for further analysis to determine what, if any, of a State's contributions to such receptors should be considered "significant."  *Id.* at 821-22, 849-50.  The Supreme Court recently confirmed this understanding.  In holding that venue for challenges to the Disapproval was proper in the regional circuit courts, the Supreme Court characterized EPA's use of a 1% threshold as an

Texas Petitioners misunderstand the panel's decision upholding EPA's explanation as to why Texas's Step 3 approach for determining those emissions that "contribute significantly" was deficient. The panel held that EPA reasonably found that "a persistent and consistent pattern of contribution on several days with elevated ozone . . . w[as] already established by a modeled linkage at Step 2." *Id.* at 851 (quoting Disapproval at 9833). As EPA explained, Texas's modeling for identifying linkages at Step 2 (i.e., determining whether Texas contributed more than 1% of the ozone NAAQS to a downwind receptor) was based on a methodology that looked at high-ozone days. If on five or more high-ozone days, Texas contributed more than 1% of the ozone NAAQS to a downwind receptor, then Texas's modeling and methodology identified those receptors as linked to Texas at Step 2. *See* EPA Br. 108, 149-51; *Texas*, 132 F.4th at 842.[6] Thus, "Texas's data showed that the state had a 'persistent and consistent pattern of contribution on several days with elevated ozone.'" *Texas*, 132 F.4th at 858. The panel did not need to reach, much less accept, the approach to "significance" EPA took in its own rules implementing the Good Neighbor Provision because it was not necessary to resolve this case. Rather, it held

---

"analytical guidepost" that was used for "'screening' purposes" and was not the "primary driver of EPA's ultimate conclusion" in the Disapproval. *See Oklahoma v. EPA*, 145 S. Ct. 1720, 1734 (2025).

[6] As the panel recognized, violations of the 2015 ozone NAAQS "can be driven by as few as 4 days per year." *Texas*, 132 F.4th at 844 (quotation omitted); *see also id.* at 821 (citing 40 C.F.R. pt. 50 app. U §§ 1(c), 4).

that EPA reasonably explained that Texas's plan failed under Texas's own terms. Texas Petitioners do not refute this holding.

Moreover, Texas Petitioners overlook the fact that the panel provided another independent reason why EPA reasonably determined that Texas's significance analysis was flawed. The panel additionally held that, even if Texas's Step 2 analysis did not already establish that Texas persistently and consistently contributed to downwind ozone pollution problems, EPA reasonably explained that Texas's weight-of-evidence analyses were technically insufficient to justify approval. *Id.* at 851-55 (evaluating EPA's explanations for each factor Texas considered). For example, the panel reviewed EPA's evaluation of Texas's back-trajectory analyses and held that EPA reasonably explained the technical flaws with the analyses and why they do not support Texas's conclusion that Texas did not contribute significantly to downwind ozone pollution problems. *Id.* at 852-53.

The panel's second independent basis for upholding the Texas Disapproval further exemplifies the record-bound nature of the panel's holdings. The panel did not apply *Chevron* deference, nor did resolving this case require the panel to determine the best meaning of "contribute significantly" under *Loper*. The panel simply upheld EPA's identification of the technical problems embedded in Texas's analysis. And the panel did not identify any error with EPA's decision-making with

respect to Texas's submission. *See generally id.* at 849-60; *contra* State Pet. 14 (erroneously asserting that the panel applied the APA's harmless-error doctrine).

Contrary to Texas Petitioners' arguments, the panel did not determine that the Texas Disapproval was based on (1) alleged non-statutory factors, such as a 1% contribution threshold (which Texas itself applied), *contra* State Pet. 9-10; (2) EPA's method for identifying maintenance receptors, *contra id.* at 10; (3) EPA's modeling, *contra id.* at 9-11, 13-14; or (4) EPA's interpretation of "significant," *contra id.* 12-13; Indus. Pet. 9-10. Rather, the panel appropriately determined that it need not address Texas Petitioners' arguments related to these matters because it could uphold the Texas Disapproval based on EPA's review of Texas's own data and methodologies. *Texas*, 132 F.4th at 840, 860; *see also A.B. v. Salesforce, Inc.*, 123 F.4th 788, 792 (5th Cir. 2024) (addressing only one of three questions raised on appeal because that was all that was necessary to resolve the case). Those technical issues do not provide a basis for en banc review.

In short, the panel decision upholding the Texas Disapproval was based on the facts presented in a voluminous administrative record and was consistent with the APA's standard of review regarding complex technical matters within an agency's statutorily assigned field of expertise. *See Texas*, 137 F.4th at 367-68. Texas Petitioners fail to raise any question of exceptional importance warranting en banc review.

## III.   Texas Petitioners' remaining arguments present no question of exceptional importance.

### A.   The best meaning of "contribute significantly" is not a relevant legal question here.

Texas Industry Petitioners contend that en banc review is required to determine the best meaning of the term "contribute significantly" under the Good Neighbor Provision.  Indus. Pet. 1, 8-10.  As explained above (Argument I), that argument was never presented to the merits panel.  Texas Petitioners' 28(j) letter regarding *Loper* argued only that the panel should not defer to EPA's interpretation of the Good Neighbor Provision's requirements, State 28(j) letter re: *Loper* at 2.  And Texas Petitioners' argument in its merits briefs was that EPA must defer to the States' statutory interpretation.  Indus. Br. 33; State Br. 25.  Texas Industry Petitioners' entirely new statutory-interpretation question is forfeited.  *Lucio v. Lumpkin*, 987 F.3d 451, 478 (5th Cir. 2021) (en banc) (holding an argument forfeited because petitioner "failed to raise [her] argument before the original panel").

Even if reviewable, it is unnecessary for the Court to discern the best meaning of the phrase "contribute significantly" because, as explained above, the panel held that EPA reasonably explained that Texas's SIP submission was flawed under Texas's own interpretation of the Good Neighbor Provision.  *Texas*, 132 F.4th at 831, 855-60.  In doing so, the panel in no way (expressly or implicitly) deferred to EPA's interpretation of "contribute significantly."  *Contra* State Pet. 11-13; Indus.

19

Pet. 9-10, 12-13. Rather, the panel appropriately declined to interpret the phrase "contribute significantly" because it was unnecessary to resolve the dispute. *See A.B.*, 123 F.4th at 792; *Chance v. Rice Univ.*, 989 F.2d 179, 179 (5th Cir. 1993) (denying rehearing petition to address the appropriate standard because petitioner fails under her preferred standard and the Court "need not decide which standard applies"). Thus, consistent with *Loper*, the panel independently decided only the "*relevant* question[] of law." *Loper*, 603 U.S. at 398 (emphasis added); *contra* State Pet. 12; Indus. Pet. 8-9.

Indeed, Texas Petitioners implicitly acknowledge that *Loper* does not require courts to address nonrelevant legal questions, as they do not argue that the panel erred in failing to interpret any other term in the Good Neighbor Provision. The provision requires SIPs to "contain adequate provisions . . . prohibiting . . . any source or other type of emissions activity within the State from emitting any air pollutant in amounts which will . . . contribute significantly to nonattainment in, or interfere with maintenance by, any other State with respect to any such [NAAQS]." 42 U.S.C. § 7410(a)(2)(D)(i)(I). But Texas Petitioners seek rehearing only on the basis that the panel did not define one part of the provision—"contribute significantly." Indus. Pet. 9. If the panel's decision to not interpret any other phrase of the Good Neighbor Provision does not warrant en banc review, neither does the panel's decision to not interpret the phrase "contribute significantly."

**B.      The panel opinion does not conflict with the Sixth Circuit.**

The Sixth Circuit opinion regarding the Disapproval of Kentucky's Good Neighbor SIP submission, *Kentucky v. EPA*, 123 F.4th 447 (6th Cir. 2024), does not support en banc review for two reasons.   First, under this Court's procedure, a conflict with another circuit is an insufficient basis for en banc review.   5th Cir. R. 40 I.O.P.   Indeed, as this Court holds, "[d]ecisions issued by other circuits . . . are not binding on this court." *Avelar-Olivia v. Barr*, 954 F.3d 757, 765 (5th Cir. 2020). Thus, a Sixth Circuit opinion provides no legitimate basis for granting rehearing.

Second, as a substantive matter, the Sixth Circuit resolved *Kentucky* on different State-specific grounds than those in the panel opinion here.   Kentucky submitted a SIP that relied on EPA's framework, EPA's modeling, and EPA's memorandum that indicated States may apply a 1 ppb contribution threshold. *Kentucky*, 123 F.4th at 456.   Unlike here, EPA provided comments to Kentucky during the SIP development phase that implicitly approved of Kentucky's use of EPA's older modeling and a 1 ppb contribution threshold.   *Id.*   The Sixth Circuit held that EPA unreasonably disapproved Kentucky's plan by failing to consider the State's reliance interest in EPA's modeling and contribution-threshold memorandum and disapproving the plan on those two grounds.   *Id.* at 467-72.

EPA's evaluation of Kentucky's plan and the Sixth Circuit's holding contrast with the record for the Texas Disapproval.   As the panel summarized, Texas's plan

applied its own framework, modeling, contribution threshold, and definition of "significant," and EPA evaluated Texas's plan by assessing Texas's data under Texas's own approach.  Following a searching review of the administrative record, the panel held that EPA reasonably explained that the data on which Texas relied did not support approval under Texas's own interpretation of what the Good Neighbor Provision requires.  *See supra* Args. I, II.

And where the facts do align, they demonstrate that the panel acted consistently with the Sixth Circuit.  In vacating the Disapproval as to Mississippi, the panel explained that Mississippi relied on EPA's framework, EPA's older modeling, and applied a 1 ppb contribution threshold.  *Texas*, 132 F.4th at 860.  Like the Sixth Circuit, the panel held that EPA unreasonably failed to explain in the Disapproval why EPA could use its updated modeling in an outcome determinative manner.  *Id.* at 862.

Accordingly, even if another circuit's holding could be a basis for rehearing in this Court, the panel opinion is consistent with *Kentucky*.

## CONCLUSION

For these reasons, the rehearing petitions should be denied.  If rehearing is granted, it should be limited to the Texas Disapproval because no party sought rehearing of the Disapproval as to Louisiana's or Mississippi's plans.  *See* ECF No. 573 (issuing judgments on the Disapproval of Louisiana's and Mississippi's plans);

*Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 (1981) (holding that

where less than all plaintiffs appeal from an adverse judgment, the non-appealing

plaintiff cannot benefit from the successfully appealing parties).

Dated:  July 1, 2025

Respectfully submitted,

ADAM R.F. GUSTAFSON
*Acting Assistant Attorney General*

ROBERT N. STANDER
*Deputy Assistant Attorney General*

 */s/ Jin Hyung Lee*
JIN HYUNG LEE
SARAH IZFAR

OF COUNSEL:

ROSEMARY H. KABAN
DANIEL P. SCHRAMM
U.S. Environmental Protection Agency
Office of General Counsel
Washington, D.C.

U.S. Department of Justice
Environment and Natural Resources
Division
Environmental Defense Section
150 M St., NE
Washington, D.C. 20002

**CERTIFICATE OF COMPLIANCE**

1.      This document complies with the volume limit of the Court's order of May 28, 2025, ECF No. 599, because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 5,345 words.

2.      This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font.

*/s/ Jin Hyung Lee*
Jin Hyung Lee

Counsel for Respondents

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing EPA's response brief on all

registered counsel through the Court's electronic filing system (CM/ECF).


Dated: July 1, 2025

*/s/ Jin Hyung Lee*
Jin Hyung Lee
