

**U.S. Department of Justice**
Environment and Natural Resources Division

*Environmental Defense Section*  *Telephone (202) 598-7264*
*P.O. Box 7611*
*Washington, DC 20044*

December 4, 2025

VIA ELECTRONIC FILING

Lyle W. Cayce, Clerk of the Court
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place, Suite 115
New Orleans, LA 70130

  Re: *State of Texas v. EPA*, No. 23-60069 & consolidated cases; Response to Petitioners' Rule 28(j) letter of November 18, 2025

Dear Mr. Cayce:

  The majority panel's reasoned, record-based opinion in *Texas v. EPA*, 156 F.4th 523 (5th Cir. 2025) ("*Texas II*"), does not support granting rehearing in this case. Petitioners mischaracterize this panel's and the *Texas II* panel's holdings.

  The panel here properly examined the record before it and held that EPA reasonably explained why Texas's SIP failed to satisfy the Good Neighbor Provision "under Texas's *own* interpretation" and "*own* data." *Texas v. EPA*, 132 F.4th 808, 855, 860 (5th Cir. 2025) (emphasis added). So the panel did not need to "accept[] EPA's interpretation of 'contribute significantly'" or uphold "EPA's use of post-SIP-deadline data to disapprove Texas's SIP." Tex. Letter at 2, Dkt. 617. Nor did the panel depart from precedent in holding that the Clean Air Act's cooperative-federalism framework requires EPA to "undertake an independent analysis of whether the submission complies" with the Act. *Texas*, 132 F.4th at 832; *see also id.* at 837 (explaining that *Texas v. EPA*, 829 F.3d 405 (5th Cir. 2016), "is entirely consistent with our holding today"); *contra* Letter at 2. Petitioners' rehearing request is based on a misreading of the

panel's holdings and should be denied.

Nor do Petitioners accurately characterize *Texas II*.  The panel majority there evaluated EPA's reasons for disapproving a different Texas SIP and upheld EPA's disapproval for numerous, distinct, record-based reasons.  156 F.4th at 545-54.  Among them, the panel held that EPA reasonably disapproved Texas's SIP because Texas "fail[ed] to give independent significance to maintenance."  *Id.* at 547; *see id.* at 546 (noting that Texas failed to "perform[] *any* analysis to support its conclusion" that it was not interfering with downwind maintenance (emphasis added)).  The panel did not rely on post-submission data to uphold EPA's disapproval.  *Id.* at 554.  However, the panel addressed the short, conclusory dissenting opinion and found no legal basis to limit what information EPA may consider under the circumstances of that SIP action.  *Id.* at 540, 551-553.

Notably, Petitioners in *Texas II* declined to file a motion for rehearing.

This panel and the *Texas II* panel majority correctly decided the issues before them.  The Court should deny rehearing here.

Sincerely,

*/s/ Jin Hyung Lee*
Jin Hyung Lee

cc: Counsel of Record, via CM/ECF

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing Letter complies with Fed. R. App. P. 28(j), as it complies with typeface requirements and contains 350 words, excluding exempted portions.

Date: December 4, 2025          */s/ Jin Hyung Lee*
                                Jin Hyung Lee